IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC. et al.,<br><br>    Defendants. | Case No. 4:23-cv-03560-KMH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S
UNOPPOSED MOTION TO SEAL**

Pursuant to Federal Rules of Civil Procedure 5.2(d) and 7(b), Defendant U.S. Anesthesia Partners, Inc. ("USAP") respectfully moves the Court to place under seal the entirety of Len Wright's Declaration supporting the parties' Joint Motion to Seal Information in Complaint, ECF No. 72 ("Wright Declaration"); *see* ECF No. 68 (the parties' Joint Motion). In support of this Motion to Seal, USAP states as follows:

Rule 5.2(d) provides that this Court "may order that a filing be made under seal without redaction." While the common law imposes a "working presumption" that the public will have access to all judicial records, *see, e.g.*, *Binh Hoa Le v. Exeter Financial Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), that "common law right is not absolute," *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Specifically, the Court may place records under seal if it finds that there are "interests favoring nondisclosure" that, on balance, outweigh "the public's common law right of access." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Van Waeyenberghe*, 990 F.2d at 848).

Historically, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. In line with that historical practice, courts in this Circuit and across the country routinely find that a party's interest in protecting its confidential, proprietary, or commercially sensitive information outweighs the public's right to access it in a judicial record when disclosure would harm the party's competitive standing in the market. *See*, *e.g.*, *Udowea v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 883-84 (S.D. Tex. 2010) (sealing an exhibit that "contain[ed] significant amounts of sensitive financial and personnel information," and another that "contain[ed] extensive financial information of a sort that is often kept confidential"), *aff'd*, 457 F. App'x 391 (5th Cir. 2012); *In re Qualcomm Litig.*, No. 3:17-cv-00108, 2019 WL 845659, at *2 (S.D. Cal. Feb. 21, 2019) (allowing the parties to redact motions and exhibits thereto because they "detail[ed] sensitive financial terms, royalty agreements, proprietary business strategies, and confidential licensing negotiations" that "would harm their competitive standing" if disclosed "to market competitors").

Here, the competitive harms that will flow to USAP if Mr. Wright's Declaration were publicly disclosed significantly outweigh any public interest in its disclosure. The Wright Declaration explains in extensive detail, on a paragraph-by-paragraph basis, the competitively sensitive information that USAP seeks to maintain under seal. It additionally explains precisely how that confidential information would cause competitive harm in the event it were made public. The disclosure of his explanation of competitive harm would cause just as much injury, if not more, than the disclosure of the actual allegations themselves. USAP's interest in maintaining the confidentiality of this highly sensitive information vastly outweighs any public interest in the Wright Declaration's public disclosure. Litigants routinely file such supporting

declarations under seal, and courts routinely grant such sealing requests. *See, e.g., Barry v. Medtronic, Inc.*, No. 1:14-cv-104, 2016 WL 11743536, at *1-5 (E.D. Tex. Aug. 4, 2016) (sealing declarations and various exhibits filed in support of various motions and pleadings because they contained "confidential business information for which the parties' interest in non-disclosure outweighs the public's common-law right of access"); *SEC v. Stack*, No. 1:21-cv-00051, 2023 WL 1325495, at *4 (W.D. Tex. Jan. 31, 2023) (granting motion for leave to file a supporting declaration under seal), *R. & R. adopted*, 2023 WL 3069764 (W.D. Tex. Mar. 8, 2023); *Uniloc USA, Inc. v. Blackboard, Inc.*, No. 1:17-cv-753, 2018 WL 4609957, at *4 (W.D. Tex. Sept. 24, 2018) (granting an opposed motion to seal a supporting declaration). Indeed, litigants would be hard pressed to meet their burden to demonstrate the need for sealing if they could not maintain the confidentiality of the supporting materials themselves.

Accordingly, USAP respectfully requests that the Court file under seal Mr. Wright's Declaration in Support of the Parties' Joint Motion to Seal Information in Complaint. On October 25, 2023, counsel for USAP conferred with the FTC regarding the relief sought in this Motion to Seal. *See* L.R. 7.1(D). Counsel for the FTC indicated that the FTC does not oppose this Motion. A Proposed Order consistent with the relief sought herein is attached.

Dated: October 26, 2023                           Respectfully submitted,

                                                                */s/ Mark C. Hansen*

David J. Beck (TX Bar No. 00000070)              Mark C. Hansen (D.C. Bar No. 425930)
  (Federal I.D. No. 16605)                            (*Pro Hac Vice*)
Garrett S. Brawley (TX Bar No. 24095812)         Attorney-in-Charge
  (Federal I.D. No. 3311277)                       Geoffrey M. Klineberg (D.C. Bar No. 444503)
BECK REDDEN LLP                                     (*Pro Hac Vice*)
1221 McKinney Street, Suite 4500                 David L. Schwarz (D.C. Bar No. 471910)
Houston, TX  77010                                  (*Pro Hac Vice*)
Tel: (713) 951-3700                              KELLOGG, HANSEN, TODD,
Fax: (713) 951-3720                                 FIGEL & FREDERICK, P.L.L.C.
dbeck@beckredden.com                             1615 M Street N.W., Suite 400
gbrawley@beckredden.com                          Washington, D.C. 20036
                                                 Tel: (202) 326-7900
                                                 Fax: (202) 326-7999
                                                 gklineberg@kellogghansen.com
                                                 dschwarz@kellogghansen.com

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

4

**CERTIFICATE OF CONFERENCE**

      I hereby certify that on October 25, 2023, counsel for USAP conferred via electronic mail with counsel for the FTC concerning the relief requested in this Motion to Seal. I am authorized to state that the FTC does not oppose this Motion.

      Respectfully submitted,

      */s/ Geoffrey M. Klineberg*
      Geoffrey M. Klineberg

**CERTIFICATE OF SERVICE**

 I hereby certify that on October 26, 2023, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system.  All counsel of record are registered ECF users.

            Respectfully submitted,

            */s/ Mark C. Hansen*
            Mark C. Hansen