# EXHIBIT A



United States of America
Federal Trade Commission

# *CIVIL INVESTIGATIVE DEMAND*

| 1. TO | 1a. MATTER NUMBER |
|---|---|
| Envision Healthcare<br>c/o Ilene Moore, General Counsel<br>1A Burton Hills Boulevard<br>Nashville, TN 37215 | FTC File No. 2010031 |

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

2. ACTION REQUIRED

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
|  |  |
|  | DATE AND TIME OF HEARING OR DEPOSITION |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

☐ You are required to produce the tangible things described on the attached schedule. Produce such things to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS, ANSWERS TO INTERROGATORIES, REPORTS, AND/OR TANGIBLE THINGS MUST BE AVAILABLE

March 1, 2023 by 5:00 pm ET

3. SUBJECT OF INVESTIGATION

Whether the Envision Healthcare through one or more Agreements with Anesthesia Provider Groups has violated Section 5 of the FTC Act, 15 U.S.C. § 45, and whether Commission action to obtain equitable relief would be in the public interest. See also attached resolution.

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| Kara Monahan, Records Custodian<br>Tim Kamal-Grayson, Deputy Records Custodian | Tim Kamal-Grayson, Lauren Peay, Michael Arin, Robert Canterman, Leah Hubinger, Patrick Kennedy, Gary Schorr, Eric Sprague |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| 1/30/2023 | *[signature: Rebecca Kelly Slaughter]* |

**INSTRUCTIONS AND NOTICES**

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

**PETITION TO LIMIT OR QUASH**

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

**YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS**

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

**TRAVEL EXPENSES**

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCSRulesofPractice. Paper copies are available upon request.

FTC Form **144** (rev 11/17)

# Form of Certificate of Compliance*

I/We do certify that all of the documents, information and tangible things required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document or tangible thing responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to its submission and the reasons for the objections have been stated.

Signature _____

Title _____

Sworn to before me this day

_____    _____

_____
Notary Public

_____

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible. In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

FTC Form **144-Back** (rev. 11/17)

**CIVIL INVESTIGATIVE DEMAND
ISSUED TO Envision Healthcare
FTC FILE NO. 2010031**

Unless modified by agreement with the staff of the Federal Trade Commission (the "Commission" or the "FTC"), each Specification of this Civil Investigative Demand ("CID") requires a complete search of the Company. Pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(k), Company representatives must confer with the Commission representative identified in the final instruction of this CID within fourteen days after receipt of this CID. If the Company believes that the required search or any other part of this CID can be narrowed in any way that is consistent with the Commission's need for information, you are encouraged to discuss such questions and possible modifications with the Commission representative. All modifications to this CID must be agreed to in writing pursuant to the Commission's Rules of Practice, 16 C.F.R. § 2.7(l).

## SUBJECT OF THE INVESTIGATION

Whether the Company, as defined in the Definitions appearing after the following Specifications, through one or more Agreements with Anesthesia Provider Groups has violated Section 5 of the FTC Act, 15 U.S.C. § 45, and whether Commission action to obtain equitable relief would be in the public interest. *See also* attached resolution.

## **SPECIFICATIONS**

1. Submit a complete copy, including all amendments, exhibits, and schedules, of the Strategic Alliance Agreement entered January 6, 2014 among MSO Newco, LLC, Pinnacle Anesthesia Consultants, P.A., U.S. Anesthesia Partners, Inc., and Envision Healthcare Holdings, Inc.

2. Identify all individuals, including but not limited to employees, former employees, board members, agents, consultants, or advisors of Envision Healthcare responsible for negotiating the Strategic Alliance Agreement entered January 6, 2014 among MSO Newco, LLC, Pinnacle Anesthesia Consultants, P.A., U.S. Anesthesia Partners, Inc., and Envision Healthcare Holdings, Inc.

3. Identify the National Provider Identifier (NPI) number or numbers used on behalf of Envision Healthcare for any billing or charging for the provision of Anesthesia Services within the state of Texas, including the date on which Envision Healthcare began using each NPI and, if applicable, the date on which Envision Healthcare stopped using any NPI.

4. Identify the TAXID number or numbers used on behalf of Envision Healthcare for any billing or charging for the provision of Anesthesia Services within the state of Texas, including the date on which Envision Healthcare began using each TAXID and, if applicable, the date on which Envision Healthcare stopped using any TAXID.

5. Submit a complete copy of any Agreement signed on or after January 1, 2018 between Envision Healthcare and an Anesthesia Provider Group that includes a Non-Compete Clause, including all amendments, exhibits, and schedules.

6. Submit a complete copy of all Active Term Sheets exchanged between Envision and Anesthesia Provider Groups that include a Non-Compete Clause.

## **DEFINITIONS**

1. "Company," "Envision Healthcare," "You," and "Your" mean Envision Healthcare Holdings, Inc. together with any of its successors, predecessors, divisions, wholly- or partially-owned subsidiaries, domestic or foreign parents, affiliates, partnerships, and joint ventures that provide Anesthesia Services; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing.

2. "Active Term Sheet" means a Term Sheet exchanged between Envision and any Anesthesia Provider Group on or after June 1, 2022 relating to a potential but not finalized Agreement.

3. "Agreement" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more Persons, together with all modifications or amendments thereto.

4. "Anesthesia Provider Group" means more than one Individual Provider operating as an organization to provide Anesthesia Services.

5. "Anesthesia Services" means all perioperative anesthesia services for patients and other medical procedures related to pain management.

6. "Document" and "documents" mean any information, on paper or in electronic format, including written, recorded, and graphic materials of every kind, in the possession, custody, or control of the Company. The term "documents" includes, without limitation: computer files; email messages; voicemails and other audio files; text messages; instant messages and chat logs; calendar entries; schedulers; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed electronically; copies of documents that are not identical duplicates of the originals in that Person's files; notes of meetings or telephone calls; and copies of documents the originals of which are not in the possession, custody, or control of the Company.

    (a) Unless otherwise specified, the term "documents" excludes:

    (i) bills of lading, invoices, purchase orders, customs declarations, and other similar documents of a purely transactional nature;

    (ii) architectural plans and engineering blueprints;

    (iii) documents solely relating to environmental, tax, human resources, OSHA, or ERISA issues; and

      (iv) relational and enterprise databases, except as required to comply with an individual Specification.

(b) The term "computer files" includes information stored in, or accessible through, computer or other information retrieval systems. Thus, the Company should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, mobile devices, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off Company premises. If the Company believes that the required search of backup disks and tapes and archive disks and tapes can be narrowed in any way that is consistent with the Commission's need for documents and information, you are encouraged to discuss a possible modification to this Definition with the Commission representatives identified on the last page of this Request. The Commission representative will consider modifying this Definition to:

    (i) exclude the search and production of files from backup disks and tapes and archive disks and tapes unless it appears that files are missing from files that exist in personal computers, portable computers, workstations, minicomputers, mainframes, and servers searched by the Company;

    (ii) limit the portion of backup disks and tapes and archive disks and tapes that needs to be searched and produced to certain key individuals, or certain time periods or certain Specifications identified by Commission representatives; or

    (iii) include other proposals consistent with Commission policy and the facts of the case.

7. "Each," "any," and "all" mean "each and every." The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of this CID anything that might otherwise be outside its scope. The singular form of a noun or pronoun includes its plural form, and vice versa; and the present tense of any word includes the past tense, and vice versa.

8. "Identify" or "specify," when used in reference to a natural person, means to state the person's (1) full name; (2) present or last known residence and telephone number and present or last known business address and telephone number; (3) present or last known employer and job title; and (4) the nature (including job title) and dates of any affiliation, by employment or otherwise, with the Company. For any person identified, if any of the above information was different during the time period relevant to the CID, supply both the current information and such different information as applies to the time period relevant to the CID. Once a natural person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

"Identify" or "specify," when used in reference to a corporation or other non-natural person, means (1) to state that entity's name; (2) to describe its nature (e.g., corporation, partnership, etc.); (3) to state the location of its principal place of business; and (4) to identify the natural person or persons employed by such entity whose actions on behalf of the entity are

responsive to the CID. Once such a person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

"Identify" or "specify," when used in reference to facts, acts, events, occurrences, meetings, or communications, means to describe, with particularity, the fact, act, event, occurrence, meeting, or communication in question, including but not limited to (1) identifying the participants and witnesses of the fact, act, event, occurrence, meeting, or communication; (2) stating the date or dates on which the fact, act, event, occurrence, meeting, or communication took place; (3) stating the location or locations at which the fact, act, event, occurrence, meeting, or communication took place; and (4) providing a description of the substance of the fact, act, event, occurrence, meeting, or communication.

9. "Include" and "including" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10. "Individual Provider" refers to any individual doctor, nurse, or other licensed health care professional.

11. "Non-Compete Clause" means language in any Agreement that explicitly or implicitly limits the ability of Envision or any Anesthesia Provider Group to provide Anesthesia Services. Non-Complete Clause does not include any language in an Agreement between Envision and an Individual Provider whereby the Individual Provider agrees not to compete with Envision upon termination of employment.

12. "Facility" means any physical location that offers Healthcare services, including but not limited to hospitals, surgery centers, offices, and clinics.

13. "Person" or "person" includes the Company and means any natural person, corporate entity, sole proprietorship, partnership, association, joint venture, governmental entity, or trust.

14. "Relate," "related to," and "relating to" mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

15. "Term Sheet" means a document describing the material terms and conditions of a potential Agreement.

# INSTRUCTIONS

For the purposes of this Civil Investigative Demand, the following Instructions apply:

I 1. Unless otherwise indicated, each Specification in this CID covers documents and information from January 1, 2018 through 30 days before the day when the Company provides the Commission with its final document submission, the executed certification form, and other compliance-related documents described in Instruction 16 (the "End Date"). The Company shall preserve documents responsive to the CID created or received after the End Date until a Commission representative notifies the Company that the investigation has ended.

I 2. Unless otherwise indicated, each Specification in this CID covers documents and information from the United States.

I 3. All references to year refer to calendar year.

I 4. Except for privileged material, the Company will produce each responsive document in its entirety by including all attachments and all pages, regardless of whether they directly relate to the specified subject matter. The Company should submit any appendix, table, or other attachment by either attaching it to the responsive document or clearly marking it to indicate the responsive document to which it corresponds. Attachments must be produced along with the document to which they are attached, regardless of whether they have been produced separately. Except for privileged material, the Company will not redact, mask, cut, expunge, edit, or delete any responsive document or portion thereof in any manner.

I 5. Compliance with this CID requires a search of all documents in the possession, custody, or control of the Company including, without limitation, those documents held by any of the Company's officers, directors, employees, agents, representatives, or legal counsel, whether or not such documents are on the premises of the Company. If any person is unwilling to have his or her files searched, or is unwilling to produce responsive documents, the Company must provide the Commission with the following information as to each such person: his or her name, address, telephone number, and relationship to the Company.

I 6. Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with a Commission representative. If any document responsive to a particular Specification contains unresponsive Sensitive PII or SHI, redact the unresponsive Sensitive PII or SHI prior to producing the document.

The term "Sensitive PII" means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following:

- date of birth

- driver's license number or other state identification number, or a foreign country equivalent

- passport number
- financial account number
- credit or debit card number

The term "SHI" includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I 7. Form of Production: The Company shall submit documents as instructed below absent written consent signed by a Bureau of Competition Assistant Director.

   (a) Documents stored in electronic or hard copy formats in the ordinary course of business shall be submitted in the following electronic format provided that such copies are true, correct, and complete copies of the original documents:

   (i) Submit Microsoft Excel, Access, and PowerPoint files in native format with extracted text and metadata.

   (ii) Submit emails in TIFF (Group IV) format with extracted text and the following metadata and information:

| Metadata/Document Information | Description |
| --- | --- |
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the email. |
| Bates End | Bates number of the last page of the email. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of the person from whom the email was obtained. |
| Email BCC | Names of person(s) blind copied on the email. |
| Email CC | Names of person(s) copied on the email. |

| Metadata/Document Information | Description |
|---|---|
| Email Date Received | Date the email was received. [MM/DD/YYYY] |
| Email Date Sent | Date the email was sent. [MM/DD/YYYY] |
| Email From | Names of the person who authored the email. |
| Email Message ID | Microsoft Outlook Message ID or similar value in other message systems. |
| Email Subject | Subject line of the email. |
| Email Time Received | Time email was received. [HH:MM:SS AM/PM] |
| Email To | Recipient(s) of the email. |
| Email Time Sent | Time email was sent. [HH:MM:SS AM/PM] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Folder | File path/folder location of email. |
| Filename with extension | Name of the original native file with file extension. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |

(iii) Submit email attachments and hyperlinked attachments/documents (i.e., materials referenced as a link in an email that were originally stored or accessed on a share drive or cloud drive hosted by the Company or any other

Person) other than those described in subpart (a)(i) in TIFF (Group IV) format. Hyperlinked attachments/documents should be treated as normal attachments and therefore produced with family identifying metadata accordingly. For all email attachments, provide extracted text and the following metadata and information as applicable:

| Metadata/Document Information | Description |
|---|---|
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of person from whom the file was obtained. |
| Date Created | Date the file was created. [MM/DD/YYYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY] |
| Page count | Number of pages in record |
| File size | Size of document in KB |
| File Extension | File extension type (e.g., docx, xlsx) |
| Filename with extension | Name of the original native file with file extension. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Native Link | Relative file path to submitted native or near native files.<br><br>Example: \NATIVES\001\FTC0003090.xls |

| Metadata/Document Information | Description |
|---|---|
| Parent ID | Document ID or beginning Bates number of the parent email. |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

(iv) Submit all other electronic documents, other than those described in subpart (a)(i), in TIFF (Group IV) format accompanied by extracted text and the following metadata and information:

| Metadata/Document Information | Description |
|---|---|
| Alternative Custodian | List of custodians where the document has been removed as a duplicate. |
| Bates Begin | Beginning Bates number of the document |
| Bates End | Last Bates number of the document. |
| Beg Attach | First Bates number of attachment range. |
| End Attach | Ending Bates number of attachment range. |
| Custodian | Name of the original custodian of the file. |
| Date Created | Date the file was created. [MM/DD/YYYY] |
| Date Modified | Date the file was last changed and saved. [MM/DD/YYYY HH:MM:SS AM/PM] |
| Page count | Number of pages in record |
| File size | Size of document in KB |

| Metadata/Document Information | Description |
|---|---|
| File Extension | File extension type (e.g., docx, xlsx) |
| Filename with extension | Name of the original native file with file extension. |
| Hash | Identifying value used for deduplication – typically SHA1 or MD5. |
| Originating Path | File path of the file as it resided in its original environment. |
| Native Link | Relative path to submitted native or near native files. Example: \NATIVES\001\FTC0003090.xls |
| Text Link | Relative path to submitted text file. Example: \TEXT\001\FTC-0003090.txt |
| Time Created | Time file was created. [HH:MM:SS AM/PM] |
| Time Modified | Time file was saved. [HH:MM:SS AM/PM] |

(v) Submit documents stored in hard copy in TIFF (Group IV) format accomplished by OCR with the following information:

| Metadata/Document Information | Description |
|---|---|
| Bates Begin | Beginning Bates number of the document. |
| Bates End | Bates number of the last page of the document. |
| Custodian | Name of person from whom the file was obtained. |

(vi) Submit redacted documents in TIFF (Group IV) format accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) above. For example, if the redacted file was originally an attachment to an email, provide the metadata and information specified in subpart (a)(iii) above. Additionally, please provide a basis for each privilege claim as detailed in Instruction 11.

(b) Submit data compilations in electronic format, specifically Microsoft Excel spreadsheets or delimited text formats, with all underlying data un-redacted and all underlying formulas and algorithms intact. Submit data separately from document productions.

(c) Produce electronic file and TIFF submissions as follows:

(i) For productions over 10 gigabytes, use hard disk drives, formatted in Microsoft Windows-compatible, uncompressed data in USB 2.0 or 3.0 external enclosure.

(ii) For productions under 10 gigabytes, CD-ROM (CD-R, CD-RW) optical disks and DVD-ROM (DVD+R, DVD+RW) optical disks for Windows-compatible personal computers, and USB 2.0 Flash Drives are acceptable storage formats. Alternatively, the FTC's secure file transfer protocol service may be used; contact the Commission representative for further instructions to submit productions using this method.

(iii) All documents produced in electronic format shall be scanned for and free of viruses prior to submission. The Commission will return any infected media for replacement, which may affect the timing of the Company's compliance with this CID.

(iv) Encryption of productions using NIST FIPS-Compliant cryptographic hardware or software modules, with passwords sent under separate cover, is strongly encouraged.

(d) Each production shall be submitted with a transmittal letter that includes the FTC matter number; production volume name; encryption method/software used; list of custodians and document identification number range for each; total number of documents; and a list of load file fields in the order in which they are organized in the load file.

(e) If the Company intends to utilize any deduplication or email threading software or services when collecting or reviewing information that is stored in the Company's computer systems or electronic storage media, or if the Company's computer systems contain or utilize such software, the Company must contact a Commission representative to determine, with the assistance of the appropriate government technical officials, whether and in what manner the Company may use such software or services when producing materials in response to this CID.

I 8.  Before using software or technology (including search terms, email threading, predictive coding, deduplication, or similar technologies) to identify or eliminate documents, data, or information potentially responsive to this CID, the Company must submit a written description of the method(s) used to conduct any part of its search. In addition, for any process that relies on search terms to identify or eliminate documents, the Company must submit: (a) a list of proposed terms; (b) a tally of all the terms that appear in the collection and the frequency of each term; (c) a list of stop words and operators for the platform being used; and (d) a glossary of industry and company terminology. For any process that relies on predictive coding to identify or eliminate documents, you must include (a) confirmation that subject-matter experts will be reviewing the seed set and training rounds; (b) recall, precision, and confidence-level statistics (or an equivalent); and (c) a validation process that allows Commission representatives to review statistically-significant samples of documents categorized as non-responsive documents by the algorithm.

I 9.  All documents responsive to this CID:

   (a) shall be produced in complete form, un-redacted unless privileged, and in the order in which they appear in the Company's files;

   (b) shall be marked on each page with corporate identification and consecutive document control numbers when produced in TIFF format (e.g., ABC-00000001);

   (c) if written in a language other than English, shall be translated into English, with the English translation attached to the foreign language document;

   (d) shall be produced in color where necessary to interpret the document (if the coloring of any document communicates any substantive information, or if black-and-white photocopying or conversion to TIFF format of any document (e.g., a chart or graph), makes any substantive information contained in the document unintelligible, the Company must submit the original document, a like-colored photocopy, or a JPEG format TIFF);

   (e) shall be accompanied by an index that identifies: (i) the name of each person from whom responsive documents are submitted; and (ii) the corresponding consecutive document control number(s) used to identify that person's documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that, Commission representatives determine prior to submission that the machine-readable form would be in a format that allows the agency to use the computer files). The Commission representative will provide a sample index upon request; and

   (f) shall be accompanied by an affidavit of an officer of the Company stating that the copies are true, correct, and complete copies of the original documents.

I 10.  If the Company withholds any responsive document or masks or redacts any portion of any responsive document based on a claim of privilege or work-product immunity, the Company must provide the Commission with a log describing the privilege claim and all facts

supporting the claim sufficient to comply with Federal Trade Commission Rule of Practice § 2.11. 16 C.F.R. § 2.11. For each document withheld, masked, or redacted, the log shall list the following: (a) specific grounds for claim of privilege or immunity, (b) type of document, (c) title, (d) author(s), (e) date, (f) addressees and recipients of the original document or any copy thereof (including persons "cc'd" or "blind cc'd"), (g) a description of the subject matter, with sufficient detail to assess the claim of privilege, (h) a description identifying each attachment to the document, (i) the page length of the document, (j) the relevant specification(s), and (k) for redacted documents, the document control number (as described in Instructions 8 and 10). Additionally, for each document withheld under a claim of attorney work-product immunity, the log will list: (l) whether the document was prepared in anticipation of litigation or for trial, (m) the other parties or expected other parties to the litigation and whether that party is adverse, (n) case number, (o) complaint filing date, and (p) court name. For each person listed, the log will include the person's full name, address, job title, and employer or firm; for each non-Company recipient, include such additional description sufficient to show that individual's need to know the information contained in the document. Please denote all attorneys with an asterisk ("*").

The privilege log shall be submitted as a Microsoft Excel file.

An attachment to a document must be entitled to privilege in its own right. If an attachment is responsive and not entitled to privilege in its own right, it must be provided. The Company must provide all non-privileged portions of any responsive document for which a claim of privilege is asserted, noting where redactions in the document have been made. With respect to documents withheld on grounds of privilege that discuss or describe any U.S. or foreign patent, each individual patent identified in the withheld document must be specified by its patent number.

I 11. If the Company is unable to answer any question fully, supply such information and data as are available. Explain why the answer is incomplete, the efforts made by the Company to obtain the information and data, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there is no reasonable way for the Company to make an estimate, provide an explanation.

I 12. If documents responsive to a particular Specification no longer exist for reasons other than the ordinary course of business or the implementation of the Company's document retention policy, but the Company has reason to believe have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the Specification(s) to which they are responsive, and identify the persons having knowledge of the content of such documents.

I 13. Do not destroy or dispose of documents responsive to this CID, or any other documents relating to the subject matter of this CID. The destruction or disposal of such documents during the pendency of this investigation might constitute a felony in violation of 18 U.S.C. § 1505 and 18 U.S.C. § 1512.

I 14. In order for the Company's response to this CID to be complete, the attached certification form must be executed by the Company official supervising compliance with this CID and submitted along with the responsive materials.

I 15. The Company will provide the Commission with the following: (a) a statement identifying the procedures used to search for electronically stored documents; and (b) a statement identifying the procedures used to search for documents stored in paper format, including for each document custodian, identification of individuals who provided information on the location of responsive documents.

I 16. Compliance with this CID requires the Company to submit to the Commission, on or before 30 days from the date on which this CID is signed, all responsive documents, data, information and the following:

   a) Executed certification form, which is included herewith;
   b) Privilege Log according to Instruction 11, if any responsive documents are withheld or redacted;
   c) List of any persons (by name, address, telephone number, and relationship to the Company) whose files have not been searched according to Instruction 6;
   d) For each document submitted, information sufficient to identify the name of the person from whose files the document was obtained (document custodian), according to Instructions 8 and 10; and
   e) Statement of the procedures used to comply with this CID, according to Instruction 16.

I 17. Any questions you have relating to the scope or meaning of anything in this CID or suggestions for possible modifications thereto should be directed to Tim Kamal-Grayson at (202) 326-3369 or Leah Hubinger at (202) 642-8976. Please provide responses to the above specifications in electronic format via e-mail or secure FTP wherever possible. If providing responses via email, please send your responses to Tim Kamal-Grayson at (tkamalgrayson@ftc.gov) or Leah Hubinger (lhubinger@ftc.gov). For electronic transmission of materials by secure FTP, please coordinate with Mr. Kamal-Grayson or Ms. Hubinger for further instructions. All submissions by secure FTP must be accompanied by an email notification of said submission to Mr. Kamal-Grayson or Ms. Hubinger. If you wish to submit your response via United States mail or another courier service, please coordinate with Mr. Kamal-Grayson or Ms. Hubinger for mailing instructions.

# CERTIFICATION OF COMPLIANCE
## Pursuant to 28 U.S.C. § 1746

I, _____, certify the following with respect to the Federal Trade Commission's ("FTC") Civil Investigative Demand directed to Envision Healthcare Holdings, Inc. (the "Company") (FTC File No. 20100031) (the "CID"):

1. The Company has identified all documents, information, and/or tangible things ("responsive information") in the Company's possession, custody, or control responsive to the CID and either:

    (a) provided such responsive information to the FTC; or

    (b) for any responsive information not provided, given the FTC written objections setting forth the basis for withholding the responsive information.

2. I verify that the responses to the CID are complete and true and correct to my knowledge.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Printed Name

_____
Title

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:  Lina M. Khan, Chair
Noah Joshua Phillips
Rohit Chopra
Rebecca Kelly Slaughter
Christine S. Wilson

## RESOLUTION DIRECTING USE OF COMPULSORY PROCESS REGARDING ACTS OR PRACTICES AFFECTING HEALTHCARE MARKETS

**File No. P210100**

Nature and Scope of Investigation:

To investigate whether any persons, partnerships, corporations, or others have engaged or are engaging in unfair, deceptive, anticompetitive, collusive, coercive, predatory, exploitative, or exclusionary acts or practices in, or affecting commerce related to healthcare markets, including those regarding pharmaceuticals, pharmacies, pharmacy benefit managers, medical devices, hospitals, or other healthcare facilities or services, in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, as amended or any statutes or rules enforced by the Commission; and to determine the appropriate action or remedy, including whether monetary relief would be in the public interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory processes available to it, including subpoenas and orders to file special reports, be used in connection with any inquiry within the nature and scope of this resolution for a period not to exceed ten years. The expiration of this ten-year period shall not limit or terminate the investigation or the legal effect of any compulsory process issued during the ten-year period. The Federal Trade Commission specifically authorizes the filing or continuation of actions to enforce any such compulsory process after the expiration of the ten-year period..

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50, and 57b-1, as amended; and FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq.*, and supplements thereto.

By direction of the Commission.

April J. Tabor
Secretary

**Issued: July 1, 2021**
**Expires: July 1, 2031**