# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC., *et al.*, <br><br> Defendants. | **Case No.: 4:23-CV-03560-KH** |

**Plaintiff Federal Trade Commission's Opposition to
Non-party Envision Healthcare Corporation's Opposed Motion to Seal**

On September 21, 2023, the Federal Trade Commission ("FTC" or "Commission") filed

suit against the anesthesia company U.S. Anesthesia Partners, Inc. ("USAP") and its private

equity sponsor Welsh, Carson, Anderson & Stowe ("Welsh Carson"). *See* Complaint for

Injunctive and Other Equitable Relief ¶¶ 20-40 (ECF No. 62). Relevant here, the FTC's

Complaint charges that USAP and Welsh Carson entered an agreement with Envision Healthcare

Corporation ("Envision") that sought to allocate to USAP the entire Dallas-Ft. Worth market for

anesthesia services. The purpose and effect of the USAP/Envision market allocation was to keep

Envision, a significant potential competitor, out of USAP's territory, resulting in diminished

competition that harmed consumers. *See id.* ¶¶ 208-15, 327, 331-32.

The FTC now opposes Envision's Motion to Seal portions of the Complaint ("Mot.,"

ECF No. 74) relating to the market allocation. Courts have long recognized a presumptive right

of public access to judicial records. The public's right of access is particularly strong here, where

Envision—and Envision alone—seeks to seal important allegations in the FTC's public-interest

Complaint. Envision does not offer any declaration or evidentiary support for sealing these

allegations, which alone warrants denying its motion, and its reasoning is conclusory and flawed. In short, Envision has offered no basis (and there is none) for the Court to withhold from the public access to the Complaint's description of an agreement executed nearly ten years ago. The Court should deny Envision's Motion.

## NATURE AND STAGE OF PROCEEDINGS

On September 21, 2023 the FTC filed a Motion for Leave of Court to File an Unredacted Complaint (ECF No. 2). On October 6, the Court granted that Motion, providing twenty days from the date of the order for motions to seal information contained in the unredacted Complaint and thirty days from the date of the order for the FTC to respond (ECF No. 59). On October 26, Envision filed its Motion to Seal. The FTC now opposes.

## ISSUES TO BE DECIDED BY THE COURT

Whether any cognizable harm would result from disclosing the material Envision moves to seal and, if so, whether such harm outweighs the public's presumptive right of access.

## BACKGROUND

The FTC's Complaint follows a non-public investigation, during which the Commission issued administrative subpoenas called civil investigative demands ("CIDs"), *see* 15 U.S.C. § 57b-1, to USAP, Welsh Carson, and Envision (among others). In response, Envision produced a copy of the "Strategic Alliance Agreement" that memorializes its market allocation with USAP. *See* Mot. Ex. B. Although such submissions are entitled to certain confidentiality protections, Congress has authorized disclosure "in judicial proceedings to which the Commission is a party." *See* 15 U.S.C. § 57b-2(d)(1)(C). Before the Commission can make such a disclosure, however, it must notify "the submitter" and "afford[] [them] an opportunity to seek an appropriate protective or *in camera* order" for the information they provided. 16 C.F.R. § 4.10(g).

The Commission did just that here, informing Envision on September 8, 2023 that it may file a complaint referencing the Strategic Alliance Agreement.[1] *See* Mot. Ex. C. The FTC and Envision then repeatedly met and conferred regarding Envision's position.[2] In its Motion, Envision's asserts that all references to it or its subsidiaries, and almost all of Section VI.B of the Complaint, must be shielded from public review.

## LEGAL STANDARD

When addressing a motion to seal, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quotation omitted). That balancing proceeds "line-by-line," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021), and "[o]nly a specific threat of competitive harm may justify sealing." *Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, No. 3:23-CV-00296-K, 2023 WL 6850006, at *11 (N.D. Tex. Oct. 17, 2023) (citing *Vantage Health Plan*, 913 F.3d at 451). Because the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record," *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022), district courts "should be ungenerous with their discretion to seal." *Le*, 990 F.3d at 418. *See also id.* at 421 ("All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated.").

## ARGUMENT

The balance of interests tips sharply in favor of disclosing the information Envision prefers to keep hidden. Because the FTC's Complaint is a dispositive pleading in a public-

---

[1] The FTC was not required to notify Envision about potential allegations derived from public sources and not permitted to disclose potential allegations derived from materials submitted by a different party. 16 C.F.R. § 4.10(g).

[2] The FTC and Envision met and conferred via telephone or video conference on September 12, 15, and 18 and October 24 and 26.

interest lawsuit, the public has an especially strong right to know its allegations. Envision does not and cannot show any plausible harm from disclosing the FTC's description—not the precise terms—of the Strategic Alliance Agreement. Moreover, the fact that USAP itself has not moved to keep the Agreement under seal underscores that disclosing the FTC's descriptions of a decade-old agreement will not harm Envision. The Court should deny Envision's Motion.

I. **The public has a strong interest in the Complaint's allegations about the USAP/Envision market allocation**

The Fifth Circuit has long recognized a "presumption in favor of the public's common law right of access to court records." *Vantage Health Plan*, 913 F.3d at 450 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). For complaints and other dispositive pleadings, the public's presumptive right of access is near-insuperable. *See, e.g.*, *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Ords.*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 434207, at *2 (E.D. Tex. Feb. 1, 2017). Similarly, "[t]he rationale for public access is even greater where . . . the case involves matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520 (quotations omitted).

In this case, the public has a strong interest in knowing the contents of the FTC's allegations regarding the USAP/Envision market allocation. Those allegations are an important component of the FTC's Complaint charging USAP and Welsh Carson with multiple violations of the law. And the FTC is no mere private litigant protecting its own interests. The Commission is "an expert agency acting on the public's behalf," *FTC v. Whole Foods Mkt., Inc.*, 548 F.3d 1028, 1042 (D.C. Cir. 2008) (Tatel, J., concurring), and because the FTC "serves a public purpose, the public right to access court documents filed in furtherance of that purpose is particularly significant," *see EEOC v. A'Gaci, LLC*, No. SA:14-MC-445-DAE, 2015 WL

510254, at *3 (W.D. Tex. Feb. 5, 2015). Parties contemplating similar arrangements to those

challenged in the Complaint likewise have an interest in knowing what conduct may subject

them to Commission investigations or lawsuits.

Envision's contention that the public has no interest in the allegations it seeks to seal

because they are "not material" to the FTC's case (Mot. at 6) is without merit. Four counts in the

Complaint rely on the USAP/Envision market allocation as part of the charged law violation. *See*

Compl. Counts IV, VI, VIII, X. And the Complaint alleges facts and circumstances surrounding

the market allocation and its effects on competition. The idea that the public has the right to

know only that the FTC claims USAP and Welsh Carson entered a market allocation

agreement—but not on which terms, in what part of Texas, or even with whom—cannot be

squared with the Fifth Circuit's admonition that "[t]he public's right of access to judicial

proceedings is fundamental." *Le*, 990 F.3d at 418. Moreover, if adopted, Envision's position

would seal details about the market allocation while allowing the public access to information

about USAP and Welsh Carson's other conduct—including the identities of other contractual

counterparties not named as defendants. Envision offers no reason for such an inconsistent result.

Envision's attempt to downplay the public interest in the contracts and business dealings

of a "cooperati[ve]" nonparty (*see* Mot. at 7) is unavailing. To be sure, the Complaint does not

include Envision as a defendant. But Envision is the counterparty to a market allocation

agreement challenged in the Complaint, which defendant USAP entered and the Welsh Carson

defendants negotiated. The public has a right to know the conduct the FTC alleges was unlawful,

including the counterparties to any unlawful agreements.

Finally, Envision's repeated assertion that the public's right to know is not "compelling"

(Mot. at 6, 7) misstates the law. Sealing is not a presumption that the public needs to overcome.

Rather, "[t]he secrecy of judicial records . . . must be justified and weighed against the *presumption of openness* that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Le*, 990 F.3d at 421 (emphasis added). The Court should decline Envision's invitation to adopt a more lenient standard.

**II.      There is no specific, compelling harm that would result from disclosure**

"[T]he bald assertion of competitive harm is insufficient" to seal judicial records. *Vantage Health Plan*, 913 F.3d at 451. Instead, courts require that parties demonstrate, with particularity, "why the information [they seek to seal] is sensitive [and] what 'competitive harm' would result from unsealing." *I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 412 (5th Cir. 2023). Absent such a showing, including evidence, sealing is unwarranted. In *I F G*, for instance, the Fifth Circuit reversed a sealing order supported only by a "conclusory" and "vague" affidavit calling the material at issue "'competitively sensitive.'" *Id.* at 411. Similarly, in *Vantage Health Plan*, the Fifth Circuit rejected generalized claims that "making . . . documents publicly accessible would provide the company's competitors with confidential information" because the movant had failed to "articulate a specific harm." 913 F.3d at 451. And the court in *Ironshore* refused to seal "seemingly stale information" that was "fully a decade old" because the party provided "no declaration or other evidence" showing such information remained relevant to its business. 2023 WL 6850006, at *12.

Here, no specific threat of competitive harm justifies sealing. Envision's mere claim that the Complaint's allegations, if made public, would reveal "competitively sensitive information [and] would be detrimental to Envision" (Mot. at 6) is insufficient. Envision has failed to submit any evidence supporting its bald assertion, offer even one specific fact in support, or cite a single

case granting a similar sealing request.[3] Contrary to Envision's unsubstantiated contention, the facts clearly support disclosure—not sealing. The Strategic Alliance Agreement is nearly a decade old (*see* Mot. Ex. B, at 2), and Envision has not attempted to explain how it remains relevant to its business today. Moreover, the Complaint does not quote from the Strategic Alliance Agreement or attach it as an exhibit. Instead, the Complaint characterizes and describes the terms at a high level of generality. Courts routinely permit the public to access similar information in FTC enforcement actions. *See, e.g.*, Plaintiff Federal Trade Commission's First Am. Complaint for Injunctive Relief at ¶¶ 61-78, *FTC v. Cephalon, Inc.*, No. 08-cv-2141-MSG (E.D. Pa. Aug. 12, 2009), ECF No. 40 (alleging series of unlawful agreements with five specifically-identified nonparties).[4] Finally, the fact that defendant USAP—Envision's counterparty—has not moved to seal the Complaint's discussion of the Strategic Alliance Agreement underscores the absence of a competitive harm from disclosure.

Envision's arguments for sealing all fail. First, Envision's suggestion that unsealing would disclose "statutorily protected" submissions (Mot. at 4, 5) misapprehends the FTC Act. Envision cites the portion of the Act addressing confidentiality outside litigation. *See* Mot. at 4, 5

---

[3] In fact, Envision does not cite any case in which a court granted a motion to seal because disclosure would be harmful. *See Van Waeyenberghe*, 990 F.2d at 850 (reversing sealing of hearing transcript and injunction); *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014) (denying motion to seal already-public information); *Lima v. Wagner*, No. 3:16-CV-00074, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) (declining to seal entire deposition); *Prater v. Com. Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9-10 (S.D. Tex. Dec. 8, 2008) (denying motion to seal settlement information); *cf. A'Gaci, LLC*, 2015 WL 510254, at *3-4 (permitting sealing of certain materials due to a statutory prohibition on disclosure but requiring the filing of redacted public versions).

[4] *See also* Redacted Am. Complaint for Injunctive and Other Equitable Relief at ¶¶ 144-75, *FTC v. Vyera Pharms., LLC*, No. 20-cv-706-DLC (S.D.N.Y. Apr. 16, 2020), ECF No. 91 (detailing agreements defendant entered with two specifically-identified nonparties); Complaint for Injunctive and Other Equitable Relief at ¶ 5, *FTC v. Surescripts, LLC*, No. 19-cv-1080-JDB (D.D.C. May 3, 2019), ECF No. 26 (describing defendant's "agreement that prohibited [nonparty] RelayHealth from competing . . . for six years").

n.2 (citing 15 U.S.C. § 46(f)[5] and 15 U.S.C. § 57b-2(b)). Envision does not mention, however, that the Act and its implementing regulations provide that information submitted in response to an investigative CID may be disclosed in court proceedings. *See* 15 U.S.C. § 57b-2(d)(1); 16 C.F.R. § 4.10(g). Indeed, the applicable regulation expressly states that materials submitted to the Commission "may be disclosed in . . . court proceedings" so long as the "submitter" has "an opportunity to seek an appropriate protective" order. 16 C.F.R. § 4.10(g)(3). Under this process, however, Envision must still make the required showing of concrete harm that would stem from disclosure.

Second, Envision's casting of the Strategic Alliance Agreement as a "confidential" contract that "ha[s] never been made public" (Mot. at 5-6) ignores the law on precisely this point. "Agreement of the parties to keep private the terms of their agreement does not, without more, justify denying public access to [a contract] or any other document at issue in this litigation." *Select Interior Concepts, Inc. v. Pental*, No. 3:20-CV-295-L, 2020 WL 2132575, at *4 (N.D. Tex. May 5, 2020); *see also Sacchi v. IHC Health Servs.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (holding party's "reasons for sealing the contract (the confidentiality clause and the involvement of a non-party) do not overcome this burden"). Accordingly, courts routinely make public large swaths of non-public contracts, redacting only as is necessary to address specific, substantiated concerns of competitive harm. *See, e.g.*, *DP-SP NOLA Owner LLC v. GoPark Valet, LLC*, No. CV 22-2507, 2023 WL 3860700, at *1-2 (E.D. La. Jan. 24, 2023) (sealing only payment terms after "both parties concede[d] that the entirety of the [] agreement should not be sealed"). While Envision implies that the "payment amounts" in the Strategic Alliance Agreement, specifically, may cause harm if disclosed (*see* Mot. at 6-7), it does not support even this more modest claim.

---

[5] Envision cites 15 U.S.C. § 45(f), but that appears to be error. That provision does not address confidentiality, and Envision quotes the text of 15 U.S.C. § 46(f). *See* Mot. at 5 n.2.

Third, Envision's argument that disclosing its participation in the market allocation risks "embarrass[ment]" that could "compromise Envision's reorganization plan" and prolong its bankruptcy (Mot. at 6) is not grounds for sealing. The Fifth Circuit has taken a narrow view of when "public embarrassment" justifies sealing. *See BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (declining to close a public hearing because of supposed "public scandal" that would stem from revealing NFL team as claimant for oil-spill losses). Envision's only cited case addresses already-public information, the release of which (by definition) cannot cause public embarrassment. *See* Mot. at 6-7 (citing *Bear Ranch*, 2014 WL 12599343, at \*1). And in any event, Envision provides no factual basis for the Court to conclude that unsealing the allegations in the FTC's complaint would impact its emergence from bankruptcy. Nor does Envision cite authority applying a lower sealing standard to recently-bankrupt companies. To the contrary, the Bankruptcy Code creates a presumptive right of access to judicial records during bankruptcy proceedings. *See* 11 U.S.C. § 107.

Fourth, Envision's apparent disagreement with the merits of the FTC's allegations (*see* Mot. at 7-8) does not justify sealing them. "Exposing potentially confidential information is an important issue wholly separate from the merits of the underlying litigation." *Vantage Health Plan*, 913 F.3d at 448. Envision's real concern seems to be that, once its conduct comes to light, it may have to face "litigation consequences" in follow-on private lawsuits. (*See* Mot. at 6.) But the possibility "that disclosure might harm [interested parties] by exposing them to additional liability and litigation is of no consequence; 'a litigant is not entitled to the court's protection from this type of harm' where it arises solely because of the common law right of access." *See Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 230 (5th Cir. 2020) (citation omitted).

**CONCLUSION**

For the foregoing reasons, the Court should deny Envision's Motion to Seal and order the

Clerk of Court to (1) file publicly the version of the FTC's Complaint submitted under seal on

October 26th (ECF No. 69) without further redactions and (2) unseal Envision's Motion, the

exhibits thereto, this opposition, and any reply.


Date: November 6, 2023

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Kara Monahan*

Kara Monahan
  Attorney-in-Charge
  NJ Bar No. 011392010 (*Pro Hac Vice*)
Timothy Grayson
  DC Bar No. 1028502 (*Pro Hac Vice*)
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2018
kmonahan@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

</div>

<div align="center">**CERTIFICATE OF SERVICE**</div>

I hereby certify that on this day, I caused the foregoing Plaintiff Federal Trade

Commission's Opposition to Non-Party Envision Healthcare Corporation's Opposed Motion to

Seal, Appendix of Authorities, and Proposed Order to be served on all counsel of record using

the ECF system of the United States District Court for the Southern District of Texas.


Dated: November 6, 2023

*/s/ Kara Monahan*
Kara Monahan
Attorney-in-Charge
NJ Bar No. 011392010 (*Pro Hac Vice*)
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-2018
kmonahan@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*