# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Civil Action No. 4:23-CV-03560 |
| *Plaintiff*, | |
| v. | **UNOPPOSED** |
| **U.S. ANESTHESIA PARTNERS, INC.,** *et al.*, | |
| *Defendants*. | |

## MOTION OF THE AMERICAN INVESTMENT COUNCIL FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF WELSH CARSON'S MOTION TO DISMISS

The American Investment Council ("AIC") respectfully moves for leave to file a brief as *amicus curiae* in support of the motion to dismiss filed by Defendants Welsh, Carson, Anderson & Stowe XI, L.P.; WCAS Associates XI, LLC; Welsh, Carson, Anderson & Stowe XII, L.P.; WCAS Associates XII, LLC; WCAS Management Corporation; WCAS Management, L.P.; and WCAS Management, LLC (collectively, "Welsh Carson"). The proposed *amicus* brief is attached as Exhibit A. All parties have consented to the filing of this brief.

"The extent to which the court permits amicus briefing lies solely with the court's discretion." *Cazorla v. Koch Foods of Miss., LLC*, No. 3:10-cv-135, 2014 WL 2163151, at *3 (S.D. Miss. May 23, 2014) (citation omitted). "There are no strict prerequisites that must be established prior to qualifying for amicus status." *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case," *id.*, looking to whether "the proffered information is 'timely and useful' or otherwise necessary to the administration of justice," *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007) (citation omitted). AIC's proffered *amicus* brief meets this standard.

*First*, AIC's proffered *amicus* brief is timely. "While no rule specifically governs amicus status in district court proceedings, courts typically apply Rule 29 of the Federal Rules of Appellate Procedure." *Mississippi v. Becerra*, No. 1:22-cv-113, 2023 WL 5668024, at *7 (S.D. Miss. July 12, 2023). Rule 29 requires *amicus curiae* to file its brief "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). In accordance with this, AIC is filing this motion and proffered brief

within seven days of Welsh Carson filing its motion to dismiss, leaving the FTC with ample time to review and respond to the brief.

*Second*, AIC's proffered brief is useful. AIC is an advocacy and research organization dedicated to the promotion of responsible long-term investment by the private equity and credit investors who comprise its membership. AIC works to improve access to capital, create jobs, expand retirement security, generate innovation, and support economic growth in communities throughout the United States, including Texas. AIC has been an important advocate for the private equity industry, including by acting as *amicus curiae* in a recent case in the Supreme Court of Texas, *In re First Reserve Management, L.P.*, 671 S.W.3d 653 (Tex. 2023), which reinforced the importance of the corporate form and held that ordinary private equity oversight practices do not support veil-piercing claims.

As detailed more fully in AIC's proffered brief, AIC seeks to provide the Court with important background and insight to assist the Court in assessing the FTC's claims against Welsh Carson, a private equity firm. AIC takes no position with respect to the allegations against U.S. Anesthesia Partners, Inc. ("USAP"). Instead, AIC's brief first provides important background on the impact of the private equity industry on the U.S. economy and the economy of Texas. The brief then explains the FTC's recent enforcement efforts concerning the private equity industry, and situates this case in the development of those efforts. Finally, it details the harmful consequences of allowing the claims against Welsh Carson to move forward, as these claims conflict with well-established corporate law principles and threaten pro-competitive conduct.

2

For these reasons, AIC respectfully requests that the Court grant AIC's unopposed motion for leave to participate as *amicus curiae* and accept the proposed *amicus* brief, which is attached as Exhibit A to this motion.

November 27, 2023                                           Respectfully submitted,

/s/ Benjamin Gruenstein
**CRAVATH, SWAINE & MOORE LLP**
Benjamin Gruenstein (*pro hac vice* pending)
Noah Joshua Phillips (*pro hac vice* pending)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
nphillips@cravath.com
bgruenstein@cravath.com

**GIBSON, DUNN & CRUTCHER LLP**
Gregg J. Costa
811 Main Street, Suite 3000
Houston, TX 77002
(346) 718-6600
gcosta@gibsondunn.com

Counsel for *Amicus Curiae*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D)(1), the undersigned hereby declares that he has conferred with counsel for both Plaintiff and Defendants. This motion is unopposed, and all parties have consented to the filing of AIC's *amicus* brief.

November 27, 2023    Respectfully submitted,

*/s/ Benjamin Gruenstein*
**CRAVATH, SWAINE & MOORE LLP**
Benjamin Gruenstein (*pro hac vice* pending)
Noah Joshua Phillips (*pro hac vice* pending)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
nphillips@cravath.com
bgruenstein@cravath.com

**GIBSON, DUNN & CRUTCHER LLP**
Gregg J. Costa
811 Main Street, Suite 3000
Houston, TX 77002
(346) 718-6600
gcosta@gibsondunn.com

Counsel for *Amicus Curiae*