# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Case No.: 4:23-CV-03560-KH |
| U.S. ANESTHESIA PARTNERS, INC., et al. | |
| Defendants. | |

**[Proposed] Protective Order**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the parties and/or nonparties in the Litigation including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony, regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or nonparty during discovery in this Litigation, or any information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.     **Persons/Entities Covered**. This Order is binding upon all current and future parties to this Litigation, including their respective corporate parents, subsidiaries, affiliates,

successors, or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. This Order shall also apply to any materials produced in discovery in this Litigation by nonparties, and shall apply to parties and non-parties alike, and further provided that this Order does not limit any party or nonparty's rights with respect to its own materials that it produces in discovery in this Litigation. When conducting discovery from nonparties, the parties to this Litigation shall provide notice of the terms of this Order to such nonparties by providing a copy of this Order with the discovery requests.

2.      **Designation of Materials**. Any party or nonparty responding to discovery requests or providing materials in connection with this Litigation ("Producing Entity") may designate a document, or all or any part of a discovery response, deposition, or other material as Confidential Material or Highly Confidential Material (defined below) based on a good-faith belief that such materials qualify for that designation under the terms of this Order:

(a)      "Confidential Material" shall mean (i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret; confidential research, analysis, development or commercial information, which is maintained as confidential and has not been released into the public domain (unless through unauthorized disclosure), in accordance with Federal Rule of Civil Procedure 26(c); (ii) personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure; and (iii) any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

(b)      "Highly Confidential Material" shall mean any Confidential Material that, if disclosed, is likely to cause significant competitive or commercial harm. By way of example only, Highly Confidential Material may include: trade secrets; highly sensitive and non-public

research or analysis; competitively sensitive customer information; non-public financial,

marketing, or strategic business planning information not more than three (3) years old; current

or future non-public pricing information relating to research, development, testing of, or plans

for existing or proposed future products, or services; information relating to the processes,

apparatus, or analytical techniques used by a party or nonparty in its present or proposed

commercial production of such products or services; confidential contractual terms, proposed

contractual terms, or negotiating positions (including internal deliberations about negotiating

positions) taken with respect to U.S. Anesthesia Partners or competitors to U.S. Anesthesia

Partners; personnel files; and communications that disclose any Highly Confidential Material.

Material that is more than three (3) years old is presumptively not entitled to protection as Highly

Confidential Material; provided, that such material may be considered Highly Confidential

Material if it discloses current business practices. Nothing in the foregoing description of

"Highly Confidential Material" (and, in particular, the fact that financial information less than

three (3) years old is generally considered to be "Highly Confidential Material") is intended to

foreclose any party from arguing that specific pricing information that may be less than three (3)

years old is neither Confidential Material nor Highly Confidential Material.

        (c)    The parties to this Litigation and third parties desire to ensure the privacy

of patient records and other information that the parties have determined might contain

Confidential Health Information ("CHI") and agree that a Producing Entity may designate CHI

as Confidential Material at a minimum and, as such, subject to the terms of this Order. The

parties to this Litigation and third parties also seek to ensure that any person who receives and

stores CHI in connection with this proceeding will develop, implement, maintain, and use

appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity,

and confidentiality of any CHI and to prevent unpermitted use or disclosure of any confidential health information they may receive from any person in connection with this proceeding. CHI will be securely returned or destroyed pursuant to the provisions of this Order. As used in this Order, "Confidential Health Information" or "CHI" shall mean any patient health information protected by any state or federal law, including but not limited to "Protected Health Information" or "PHI" as set forth in 45 C.F.R. § 160.103.

(d)    Confidential and Highly Confidential Material, respectively, shall include: (i) all copies, extracts, and complete or partial summaries prepared from such Confidential or Highly Confidential Material; (ii) portions of deposition transcripts and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iii) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iv) written discovery responses and answers that contain or summarize the content of any such Confidential or Highly Confidential material; and (v) deposition testimony designated in accordance with paragraph 2(g) below.

(e)    Information designated as Confidential or Highly Confidential Material shall be considered "trade secrets and commercial or financial information" that is "privileged or confidential" under 5 U.S.C. § 552(b)(4) for the purpose of the Freedom of Information Act.

(f)    Any document produced by a Producing Entity in this Litigation may be designated as Confidential Material by marking it "CONFIDENTIAL" on the face of the document at the time of production. Any document produced by a Producing Entity in this Litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL" on the face of the document at the time of production. A Producing Entity

may also designate electronic documents and other non-paper media as Confidential or Highly Confidential Material, as appropriate, by (i) noting such designation in an accompanying cover letter; (ii) affixing the confidentiality designation to the material or its container, including the appropriate confidentiality designation in the load file provided with the electronic production; (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production; or (iv) using any other means that reasonably notifies the party in receipt of the material (the "Receiving Party") of the designation.

        (g)    Testimony provided in this Litigation may be designated as Confidential Material or as Highly Confidential Material if the testimony concerns or relates to the designating party's or nonparty's Confidential or Highly Confidential Material. The party or nonparty desiring to designate any portion of testimony as Confidential or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given. Following any such oral designation, the confidential portions of the deposition shall be taken only in the presence of persons entitled to access such information under this Order. A Producing Entity may designate any or all portions of the transcript or video of any deposition (or of any other testimony) as containing Confidential or Highly Confidential Material in accordance with this Order by notifying all other parties in writing within thirty (30) calendar days of the Producing Entity's receipt of the final transcript that the transcript contains Confidential or Highly Confidential Material and designating the specific pages and/or lines as containing Confidential or Highly Confidential Material. All transcripts and videos of testimony in this Litigation shall be treated as Highly Confidential Material and subject to this Order until thirty (30) calendar days after a final transcript of the deposition (or other testimony) is received by the Producing Entity. Any portion of any deposition testimony that is not designated as

Confidential or Highly Confidential Material in accordance with this paragraph, within thirty (30) calendar days after a final transcript and/or video of the deposition (or other testimony) is received by the Producing Entity shall not be entitled to the protections afforded to Confidential or Highly Confidential Material under this Order.

(h)     Any document produced (or material containing or summarizing information from a document produced), as well as all transcripts of any investigational hearings, during the investigation by the Federal Trade Commission ("FTC" or "Commission") (the "Investigatory Material") shall be treated as Highly Confidential Material under this Order, notwithstanding any designation or lack thereof on the documents as originally produced, unless either the original source of the document agrees or the Court orders otherwise. Nothing in this Order shall constitute any waiver of any applicable privileges or protections from discovery that may apply to Investigatory Materials pursuant to the FTC's Rules of Practice or other legal obligation imposed upon the FTC. The confidentiality of Investigatory Material may be challenged under the provisions of paragraph 7.

(i)     Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain, or is already known to a party through proper means and on a nonconfidential basis or is or becomes available to a party from a source rightfully in possession of such information on a nonconfidential basis.

3.     **Individuals to Whom Confidential Material May Be Disclosed**. Unless otherwise ordered by the Court or permitted in writing by a Producing Entity, Confidential Material may be used only in connection with this Litigation, and disclosure of Confidential Material may be made only to:

(a)     The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category is referred to as the "Court").

(b)     Outside attorneys for a party who are working on this Litigation and their employed or retained secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) (this category is referred to as "Outside Attorneys").

(c)     For U.S. Anesthesia Partners, one attorney employed in-house (i) who has executed the agreement annexed hereto as Appendix A, and (ii) who, at the time of signing the agreement annexed as Appendix A and for a period of two (2) years after receipt of Confidential Material, does not participate in or advise on Competitive Decision-Making or litigation or other legal actions involving the Producing Entity of the Confidential Material (this category is referred to as "U.S. Anesthesia Partners In-House Counsel"). "Competitive Decision-Making" means decision-making relating to a competitor, or potential competitor, of U.S. Anesthesia Partners, a payor, or a healthcare provider (such as a hospital or ambulatory surgery center), including decisions regarding contracts, marketing, pricing, rates, product or service development or design, service offerings, research and development, mergers or acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.

(d)     [intentionally omitted]~~For the collective Welsh Carson entities, one in-house attorney (i) who has executed the agreement annexed hereto as Appendix A, and (ii) who, at the time of signing the agreement annexed as Appendix A and for a period of two (2) years after receipt of Confidential Material, does not participate in or advise on Competitive Decision-Making or litigation or other legal actions involving the Producing Entity of the Confidential~~

~~Material (this category is referred to as "Welsh Carson In-House Counsel" and, together with~~

~~U.S. Anesthesia Partners In-House Counsel, collectively "In-House Counsel").~~

(e)     FTC personnel, including FTC Commissioners, as well as FTC attorneys, employees, and law clerks who are working on, supervising, or being briefed about this Litigation (this category is referred to as "FTC Personnel").

(f)     Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation (this category is referred to as "Court Reporters").

(g)     Any expert or consultant, including all nonparty personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed, who is retained by or for the benefit of any of the parties in this Litigation to assist counsel in this Litigation, and provided that the expert or consultant has executed the agreement annexed hereto as Appendix A (this category is referred to as "Experts").

(h)     Any mediators engaged by the parties or appointed by the Court, and their support staff (this category is referred to as "Mediators").

(i)     Any person who authored or previously received the material. For e-mails, this provision is limited to individuals in the to, from, cc, or bcc fields, and includes any attachments to an e-mail that the person received.

(j)     The Producing Entity's current directors, officers, employees, or outside counsel.

(k)     The Producing Entity's former employees, provided that the party showing the former employee the materials has a good faith reason to believe that the former

employee accessed the materials in the ordinary course of business during their employment or worked on issues sufficiently related that such access would have been likely.

(l)     To the extent such Confidential Material was produced by a Producing Entity, any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity.

(m)     A custodian of records that has or had possession of the material or access in the ordinary course of business to the material.

(n)     During the conduct of hearings, witnesses in the Litigation, to whom disclosure is reasonably necessary and who have signed the agreement annexed hereto as Appendix A (this category is referred to as "Witnesses").

(o)     Any other person to whom the Producing Entity consents in writing or by order of the Court.

4.     **Individuals to Whom Highly Confidential Material May Be Disclosed**. Unless otherwise ordered by the Court or permitted in writing by the Producing Entity, Highly Confidential Material may be used only in connection with this Litigation, and disclosure of Highly Confidential Material may be made only to the following, as defined in paragraph 3 above:

(a)     The Court.

(b)     Outside Attorneys.

(c)     U.S. Anesthesia Partners, Inc. In-House Counsel.

(c)(d)   FTC Personnel.

(d)(e)   Court Reporters.

(e)(f)   Experts.

(f)(g)   Mediators.

~~(g)~~(h)   Any person who authored or previously received the material. For e-mails, this provision is limited to individuals in the to, from, cc, or bcc fields, and includes any attachments to an e-mail that the person received.

~~(h)~~(i)   The Producing Entity's current directors, officers, employees, or outside counsel.

~~(i)~~(j)   The Producing Entity's former employees, provided that the party showing the former employee the materials has a good faith reason to believe that the former employee accessed the materials in the ordinary course of business during their employment or worked on issues sufficiently related that such access would have been likely.

~~(j)~~(k)   To the extent such Confidential Material was produced by a Producing Entity, any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity.

~~(k)~~(l)   A custodian of records that has or had possession of the material or access in the ordinary course of business to the material.

~~(l)~~(m)   Witnesses

~~(m)~~(n)  Any other person to whom the Producing Entity consents in writing or by order of the Court.

5.      **<u>Handling of Confidential Material and Highly Confidential Material</u>**. All material designated Confidential or Highly Confidential shall remain in the possession of the attorneys who receive such material through discovery in this Litigation, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of those assisting the attorneys to whom disclosure may be made under paragraphs 3 and 4 above, including Experts, and copies of such materials may be submitted to the Court under seal as necessary. Persons who have been shown Confidential or Highly

Confidential Material pursuant to this Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of that material.

6.      **Inadvertent Failure to Designate as to Confidentiality**. Except to the extent provided in paragraph 2(f), in the event that a Producing Entity fails to designate confidential material as Confidential or Highly Confidential, the Receiving Party shall, upon a written request from the Producing Entity, treat and preserve such information, document, paper, or other thing in accordance with the confidentiality designation that the Producing Entity states should have been affixed to it. The Producing Entity shall re-produce the information, document, paper, or other thing with the appropriate confidentiality designation unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). Each Receiving Party shall replace the incorrectly designated materials with the newly designated materials, destroy the incorrectly designated materials, and treat the materials in accord with their new designation. Except as provided in paragraph 2(f), the inadvertent failure of a party or nonparty to designate material as Confidential or Highly Confidential at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the material or as to any other information relating thereto or on the same or related subject matter. No party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. If material inadvertently not designated as confidential was filed with a court on the public record or otherwise disclosed before the time of the material's later designation, then the Producing Entity shall be responsible for seeking appropriate relief, including return of the material.

7.      **Challenging a Confidentiality Designation.**

(a)     A Receiving Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time the designation is made. A Receiving Party may challenge a confidentiality designation at any time or at such time defined and identified in any pre-trial Order or process entered by this Court, and a Receiving Party's failure to have made such a challenge at any previous time, including after acceptance or receipt of material with a confidentiality designation, shall not be deemed a waiver of the Receiving Party's right to challenge any confidentiality designation.

(b)     A Receiving Party seeking to challenge a Confidential or Highly Confidential designation shall give notice in writing of such challenge to counsel for the Producing Entity specifying the document or portion of document or otherwise identifying the materials at issue and setting forth the basis for the Receiving Party's challenge.

(c)     Within seven (7) calendar days of receipt of written notice that the Receiving Party objects to the confidentiality designation, counsel for the Producing Entity shall meet and confer with counsel for the Receiving Party to attempt to resolve the challenge.

(d)     If the Receiving Party and Producing Entity are unable to resolve the challenge within fourteen (14) calendar days of the notice provided under paragraph 7(b), then the Receiving Party may move the Court for an order removing the challenged material from the restrictions of this Order. Any papers filed in support of or in opposition to this motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material at issue. The Producing Entity bears the burden of proof on the issue of the propriety of the challenged confidentiality designation.

(e)     Until the parties or the Court resolves a challenge to the designation of Confidential or Highly Confidential Material, the asserted designation shall remain in effect.

8.    **<u>Challenging In-House Counsel Access</u>**.

(a)    Within seven (7) days after entry of this Order, Defendants must submit to the FTC a written statement that (i) sets forth the full name of the designated In-House Counsel; (ii) describes the In-House Counsel's past, and current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel participates in or advises on, or may participate in or advise on, any competitive decision-making; and (iii) lists the current litigations or other legal actions in which the In-House Counsel participates or advises on behalf of defendant. Within eight (8) days after entry of this Order, the FTC must provide a copy of this Order and the written statement to all nonparties that produced materials in response to compulsory process during the FTC's investigation. For nonparties that did not produce materials during the FTC's investigation, the party serving a subpoena on that nonparty shall attach a copy of this Order and the written statement to the request.

(b)    Each Defendant may disclose Confidential Material to its designated In-House Counsel unless the defendant receives a written objection from another party or the Producing Entity within (a) eighteen (18) days of entry of this Order (for nonparties that provided documents or information in response to compulsory process from the FTC during its investigation) or (b) fourteen (14) days of receipt of the first request in the form of a subpoena for documents or information. Any such objection must set forth in detail the grounds on which it is based. For the avoidance of doubt, Defendants may not disclose Confidential material to its designated In-House Counsel during the objection period.

(c)    If a Defendant receives a timely written objection, it must meet and confer with the objecting party or nonparty to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the objecting party or

nonparty must file a motion seeking a ruling from the Court on its objections within seven (7) calendar days of the conference or other date agreed-to by the parties to the dispute. The response to any such motion will be due within seven (7) calendar days.

        (d)      Until the parties to the dispute or the Court resolves a challenge to the sharing of Confidential Material with a defendant's In-House Counsel, the defendant shall not share such Confidential Material with its In-House Counsel, nor can the objecting party or nonparty withhold production or provision of documents or information from Defendants Outside Attorneys or Experts.

        9.      **Filing Confidential Material and Highly Confidential Material**. No Confidential or Highly Confidential Materials, including, but not limited to, any documents, pleadings, motions, transcripts, or other filings that disclose the contents or substance thereof, shall be filed in the public record of the Litigation unless otherwise ordered by the Court. In filing papers with the Court that contain or make reference to material designated as Confidential or Highly Confidential, the filing party or nonparty will seek leave from the Court to file the Confidential or Highly Confidential Material under temporary seal. Upon or after filing any paper containing Confidential or Highly Confidential Material, the filing party or nonparty shall file on the public record a duplicate copy of the paper that does not reveal the Confidential or Highly Confidential Material. The Producing Entity will have fourteen (14) days to provide a basis for maintaining the record under seal consistent with the public's common-law and First Amendment right of access. Any responses in opposition are due fourteen (14) days after the Producing Entity files its motion. No replies are permitted without leave of court. Nothing in this Order shall restrict the parties or nonparties from challenging the filing or maintenance of any Confidential or Highly Confidential Material under seal.

10.    **Use of Confidential Material and Highly Confidential Material**.

(a)      All documents produced in discovery, and all materials designated Confidential and Highly Confidential, shall be used solely in furtherance of the prosecution, defense, or attempted settlement of this Litigation, shall not be used at any time for any other purpose whatsoever, except as provided in paragraph 10(b) below, including, without limitation, any commercial or business purpose, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or Highly Confidential must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

(b)      Nothing in this Order prevents the parties to *Electrical Medical Trust, et al. v. U.S. Anesthesia Partners, Inc., et al.*, No. 4:23-cv-04398 (S.D. Tex.; Bennett, J.) from utilizing Confidential or Highly Confidential Material in connection with that action, provided that a protective or confidentiality order is entered in that case that provides protections for Confidential and Highly Confidential Material comparable to the protections for such information contained in this Order. Prior to such use, Defendants must provide to all Producing Entities (that provided documents or materials during the FTC's investigation) proof of the entry of such order.

(c)      This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a party with respect to these actions, and in the course thereof, from generally relying upon his or her examination of Confidential or Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific

content of any Confidential or Highly Confidential Material of another party or nonparty where such disclosure would not otherwise be permitted under the terms of this Order.

(d)      If any Confidential or Highly Confidential Material is filed in the public record by the Producing Entity, such public filing shall constitute the Producing Entity's waiver of the designation of the publicly filed material for its use by any party in this Litigation; provided, however, that inadvertent disclosure of Confidential or Highly Confidential Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within three (3) business days by withdrawing the public filing containing Confidential or Highly Confidential Material, and the filing is replaced with a filing under seal pursuant to paragraphs 6 and 9. However, such public filing will not constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

(e)      Nothing in this Order shall be construed to prejudice any party's right to use Confidential or Highly Confidential Material in any hearing or other pre-trial proceeding before the Court, or any party's right to challenge any such use.

(f)      The parties agree to cooperate in good faith to develop a process for disclosure of Confidential or Highly Confidential information at trial.

(g)      Subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material, Highly Confidential Material, or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

16

11.   **Other Proceedings**. Any person or party subject to this Order who receives a subpoena or other request for production of information covered by this Order shall promptly notify the Producing Entity so that the party or nonparty may have an opportunity to appear and be heard on whether that information should be disclosed. Confidential and Highly Confidential Material shall not be produced in any other proceeding, or for any use other than in this Litigation, without an order compelling production from a court of competent jurisdiction or the agreement of the Producing Entity.

12.   **Unauthorized Disclosure of Confidential or Highly Confidential Material**.

(a)   If any person subject to this Order becomes aware that they or any other person has, either intentionally or inadvertently, disclosed Confidential or Highly Confidential Material to someone not authorized to receive such material under this Order, counsel for the party involved shall (i) as soon as is practicable notify in writing the Producing Entity of the unauthorized disclosure; (ii) use best efforts to obtain the return or destruction of all copies of the protected materials; and (iii) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of the terms of this Order.

(b)   The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

13.   **Inadvertent Production or Disclosure of Privileged Documents**. If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, the parties shall comply with Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(b)(5)(B), and any other relevant order of the Court.

14.   **Nonparties**.

(a)      If information sought in a discovery request implicates a Producing Entity's obligation to a nonparty not to disclose such information, the following procedures shall be followed:

(i)      The Producing Entity shall timely serve a written objection to the production of such information on the basis of its obligation to a nonparty not to disclose the information.

(ii)      The Producing Entity shall, no later than the date on which written objections are served under paragraph 14(a)(i), provide the nonparty written notice of the pending request and a copy of this Order.

(iii)      If the nonparty does not object to the disclosure within fourteen (14) calendar days from which the written notice of the pending request was sent by the party or such additional time as may be required by the Producing Entity's obligation to the nonparty, the Producing Entity shall produce the materials subject to any appropriate designations under the terms of this Order.

(iv)      If the nonparty objects to the disclosure, the nonparty shall timely seek a protective order by filing within fourteen (14) calendar days from the objection a motion for a protective order or other appropriate relief from the Court. Should the nonparty timely seek relief, no disclosure shall be made or required unless disclosure is ordered by the Court.

(v)      Nothing in this Order shall be deemed to require any Producing Entity to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court in connection with obligations imposed by a discovery request.

(b)      If any discovery requests are served on a nonparty, the party serving the discovery request shall provide the nonparty with notice of the terms of this Order. Documents

produced by nonparties in this Litigation that consist of or contain portions of documents originally created or generated by a party shall be treated as Highly Confidential. If any party believes the designation should be Confidential or no designation, it can notify the party who originally created/generated the document, the parties can confer, and go through the dispute resolution process as necessary.

15.     **Further Application**. Nothing in this Order shall preclude any party, or any nonparty from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material based on a showing of good cause. The Court shall retain jurisdiction over the parties, nonparty Producing Entities and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to enforce the terms of this Order.

16.     **Reservation of Rights**.

(a)     By designating any material Confidential or Highly Confidential, the parties do not acknowledge that any such material is relevant or admissible in this Litigation. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Litigation.

(b)     Nothing in this Order shall prohibit a party from using or disclosing publicly available or independently discovered information, unless the party is aware that the information has become public improperly or inadvertently.

(c)     Nothing in this Order prevents any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

17.     **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Furthermore, nothing in this Order

shall prejudice the right of the parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order. Nothing in this Order shall preclude any party from seeking an order of the Court amending, modifying, or supplementing this Order.

18. **Conclusion of this Litigation**.

(a)    The provisions of this Order will not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the parties or by an order of this Court.

(b)    Absent a written request by a Producing Entity to return materials (at its own expense) within sixty (60) calendar days after such time as this Litigation is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, all persons having received information designated as Confidential or Highly Confidential Material must destroy such materials. Alternatively, the Producing Entity may require all counsel to certify in writing to the Producing Entity that all such information has been destroyed. As to those materials that contain or reflect attorney work product, counsel of record for the parties shall be entitled to retain such work product in their files, so long as such materials, in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order and are maintained as such.

(c)    Notwithstanding any other provision of this Order, attorneys shall be entitled to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits) even if such materials contain Confidential or Highly Confidential Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's

reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

(d)     Nothing in this Order shall preclude the FTC from complying with the provisions of Rule 4.12 of the FTC's Rules of Practice, 16 C.F.R. § 4.12.

19.     **Termination of Access**.

(a)     In the event any person or party permanently ceases to be engaged in the conduct of these actions, such person's or party's access to Confidential and Highly Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of paragraph 18 above, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this Litigation.

(b)     The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential and Highly Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Entity.

**IT IS SO ORDERED**.

Dated: _____          _____
                                         Kenneth M. Hoyt
                                         United States District Judge

21

## APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, am employed as _____ by

_____. I acknowledge and certify as follows:

1.      I have read the Protective Order in Federal Trade Commission v. U.S. Anesthesia Partners, Inc, et. al., Civil Action No. **4:23-CV-03560**, United States District Court for the Southern District of Texas and agree to be bound by its terms.

2.      I will not make copies or notes of Confidential or Highly Confidential Material that I receive in this litigation except as necessary to enable me to render assistance in connection with this Litigation.

3.      I will not disclose Confidential or Highly Confidential Material that I receive in this Litigation to any person not expressly entitled to receive it under the terms of the Protective Order and will retain any such material in a safe place.

4.      I will not use Confidential or Highly Confidential Material that I receive in this Litigation for any purpose other than that authorized by the Protective Order.

5.      I will retain all Confidential or Highly Confidential Material that I receive in this Litigation in my custody until I have completed my assigned duties, whereupon the materials will be returned to the person that provided them to me or destroyed, as provided by the Protective Order. Such delivery or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6.      I agree to be subject to the continuing jurisdiction of the United States Court for the Southern District of Texas for the sole purpose of having the terms of the Protective Order enforced.

7.      I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

Date: _____        Signature: _____

                                     Address: _____

                                                 _____