United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CIVIL ACTION NO. 4:23-CV-03560 |
| U.S. ANESTHESIA PARTNERS, INC., *et al.*, | | |
| Defendants. | | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Before the Court are competing proposed protective orders. The significant difference between the two, centers on whether Ki Jhana Friday, U.S. Anestheisa Parnters, Inc.'s ("USAP") Deputy General Counsel and Othon Prounis, Welsh Carson's Acting General Counsel, should have access to non-public material that reveal trade secrets and/or highly confidential, commercial information that will likely include competitors' pricing information and insurers' negotiating positions.

The Federal Trade Commission takes the position that disclosure would result in harm, and sets out its reasons for denying access to USAP's Welsh Carson's, Deputy General Counsel and Acting General Counsel, respecitvely. FTC asserts:

(a)   disclose risks harm to non-parties from whom the FTC may also seek information in the future;

(b)   it is impossible to insure against inadvertent disclosures;

(c)   both Friday and Prounis occupy roles where competitive decision making occurs;

>    (d)   Friday publicly presents as having a role in strategic planning and having oversight in USAP's corporate litigation; and,
>
>    (e)   Prounis is the sole in-house counsel at Welsh Carson and advertises as focusing primarily on "leveraged buyouts and mergers acquisitions";

Neither USAP nor Welsh Carson disputes the accuracy of the public disclosure information concerning the roles that the two attorneys play with the respective employers. Instead, USAP argues that:

>    (a)   FRCP, Rule 26(c)(G) places the burden on the FTC to establish that "good cause" supports the denial of access;
>    (b)   Access by Friday to highly confidential materials present little or no risk of inadvertent disclosure; and
>    (c)   Friday's role at USAP specifically involves or relates to disputes between former and current employees, not negotiations concerning business terms or regularly engaging in giving legal advice concerning competitive – sensitive information, trade secrets, or highly sensitive non-public, strategic business planning. *See In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998).

It appears that Welsh Carson accedes to the FTC's argument concerning access to confidential or highly confidential materials as it relates to Prounis. Nevertheless, the Court is of the view that if it the Court is mistaken, in this regard, its determination of the issue would mirror those involving USAP's attorney, Friday.

A review of the arguments and the information concerning how Friday is presented in the public domain reveals that she is involved, at some level, in competitive decision making of the same or similar nature as that which is the subject of this suit. There is always a risk of disclosure as conceded by USAP. USAP does not argue in absolute terms on this point but uses the phrase "little or no risk of inadvertent disclosure" in addressing the risk. Finally, USAP does not argue that any hardship or prejudice that USAP might claim, cannot be overcome by outside counsel who will have access to the materials can confer with Friday. In fact, the FTC concedes that Friday "can still assist USAP's outside counsel using confidential materials, non-designated materials,

and most importantly USAP's own materials.  See *Wi-Lan, Inc. v. Acer, Inc.,* 2009WL1766143, at 2 [E.D. Tex. June 23, 2009).

After a review of the pleadings, memoranda, and arguments of Counsel, the Court determines that the FTC's motion to exclude access to "highly confidential" materials by Friday and Prounis should be granted.

It is so Ordered and a Protective Order is Entered.

SIGNED on May 28, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge