IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.<br><br>Defendants. | Case No.: 4:23-CV-03560-KH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S
MOTION FOR STAY PENDING INTERLOCUTORY APPEAL**

U.S. Anesthesia Partners, Inc., has appealed this Court's Order denying its motion to dismiss.  Dkt. No. 146 (the "Order").  Under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the filing of the notice of appeal triggers an automatic stay of proceedings that are subject to interlocutory appeal.  Out of an abundance of caution, USAP respectfully moves for this Court to confirm that the stay is in effect and to vacate all pending deadlines and hearings.  USAP has met and conferred with the Federal Trade Commission, which opposes this motion.

As USAP explains in its notice of appeal, the Order is immediately appealable under the collateral order doctrine:  The Order conclusively decided that the FTC has statutory and constitutional authority to bring this action; those issues are separate from the merits of the FTC's claims; and USAP's right not to undergo these proceedings will be lost without immediate appeal.

The notice of appeal automatically stays proceedings in this Court.  The Supreme Court recently confirmed that "district courts . . . must automatically stay their proceedings while the interlocutory appeal is ongoing."  *Coinbase*, 599 U.S. at 742.  That is because "[t]he filing of a

notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This rule promotes judicial efficiency by "preventing the trial court and the appellate court from stepping on each other's toes." *In re Sealed Case*, 77 F.4th 815, 828 n.4 (D.C. Cir. 2023), *reh'g denied en* banc, *In re Search of Information Stored at Premises Controlled by Twitter, Inc.*, 2024 WL 158766 (D.C. Cir. Jan 16, 2024) (cleaned up), *petition for cert. filed*, No. 23-1264 (May 30, 2024). And the Fifth Circuit applies the rule "rigorously," holding that district courts "act[ ] without jurisdiction" when they proceed despite the automatic stay. *Dayton Indep. Sch. Dist. v. U.S. Min. Prods. Co.*, 906 F.2d 1059, 1064 (5th Cir. 1990). Under the circumstances here, the automatic stay is just that – automatic. The ordinary discretionary stay factors under, for example, *Landis v. North American Company*, 299 U.S. 248 (1936), do not apply. *See Brown v. Taylor*, 2024 WL 1600314, at *3 (C.D. Cal. Apr. 3, 2024) (relying on *Coinbase* and *Griggs* rather than on *Landis* and its progeny, because the latter "line of cases does not consider the impact of the filing of an interlocutory appeal").

The automatic stay covers all proceedings in this Court. When the question on appeal is "whether the litigation may go forward in the district court," "the entire case is essentially 'involved in the appeal.'" *Coinbase*, 599 U.S. at 741 (cleaned up) (first quoting *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); and then quoting *Griggs*, 459 U.S. at 58). That is the case here, as USAP claims a right not to have to go through "an illegitimate proceeding, led by an illegitimate decisionmaker." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023). The automatic stay—like the appeal—thus covers all "pre-trial and trial proceedings" in this Court, including "discovery and trial." *Coinbase*, 599 U.S. at 738,

743; *see Harrington v. Cracker Barrel Old Country Store Inc.*, 2024 WL 342440, at *13 (D. Ariz. Jan. 30, 2024) (concluding "a stay is required" pending interlocutory appeal of FLSA collective certification order because "whether this litigation may move forward in this Court is precisely what the Ninth Circuit must decide"), *appeal filed*, No. 24-00742 (9th Cir. Feb. 12, 2024).

Because the automatic stay covers all proceedings in this Court, the Court should vacate all pending deadlines and hearings pending resolution of USAP's appeal. *See Wilhoite v. Hou*, 2024 WL 2869986, at *5 (S.D. Cal. June 6, 2024) (vacating "[a]ll pending deadlines and hearings" pending "resolution of TuSimple's consolidated Ninth Circuit Appeals"); *United States v. Trump*, 2023 WL 8615775, at *1 (D.D.C. Dec. 13, 2023) (staying "the deadlines and proceedings scheduled by its Pretrial Order" pending interlocutory appeal on presidential immunity).

USAP therefore respectfully requests that this Court confirm that this action is stayed while USAP's interlocutory appeal in the Fifth Circuit proceeds and vacate all pending deadlines and hearings.

Dated: June 13, 2024

David J. Beck (TX Bar No. 00000070)
  (Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No. 24095812)
  (Federal I.D. No. 3311277)
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Tel: (713) 951-3700
Fax: (713) 951-3720
dbeck@beckredden.com
gbrawley@beckredden.com

Respectfully submitted,

/s/ *Mark C. Hansen*

Mark C. Hansen (D.C. Bar No. 425930)
  (*Pro Hac Vice*)
Attorney-in-Charge
Geoffrey M. Klineberg (D.C. Bar No. 444503)
  (*Pro Hac Vice*)
David L. Schwarz (D.C. Bar No. 471910)
  (*Pro Hac Vice*)
Kevin J. Miller (D.C. Bar No. 478154)
  (*Pro Hac Vice*)
Dennis D. Howe (D.C. Bar No. 90011114)
  (*Pro Hac Vice*)
Derek C. Reinbold (D.C. Bar No. 1656156)
  (*Pro Hac Vice*)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
dschwarz@kellogghansen.com
kmiller@kellogghansen.com
dhowe@kellogghansen.com
dreinbold@kellogghansen.com

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 13, 2024, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsel of record are registered ECF users.

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen