**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.,<br><br>    Defendants. | **Case No.: 4:23-CV-03560-KH** |

**Plaintiff Federal Trade Commission's Opposition to
USAP's Motion for Stay Pending Interlocutory Appeal**

USAP seeks to stall this case while it tries to appeal two arguments this Court rejected: (1) that the FTC Act requires the Commission to file a parallel complaint in its administrative process when it sues in federal district court, and (2) that the Commissioners' protections from removal render some portion of the FTC Act unconstitutional. Neither was a close question. The Court explained that "every court to consider" USAP's parallel proceeding claim "has disagreed . . . including three circuit courts" as well as recent dicta from the Supreme Court. ECF No. 146 (the "Order") 16. And it noted that USAP's constitutional claim—which USAP did not even brief but instead "incorporated [from] Welsh Carson[] . . . with no elaboration"—has been foreclosed by precedent for "[a]lmost 90 years." *Id.* 21 & n.5.

Rather than seek this Court's permission for an interlocutory appeal under 28 U.S.C. § 1292(b), USAP unilaterally deemed the Order an "immediately appealable collateral order" and noticed an appeal. ECF No. 153. And rather than ask this Court to stay the case, USAP filed the instant motion to "confirm" that an "automatic stay" is in effect due to its attempt to appeal. ECF No. 155 ("Mot.") 1. USAP's reference to an "automatic stay" is a misnomer: there is no statute or rule that gives rise to a stay here. USAP's true claim is that this Court has been divested of jurisdiction by USAP's notice of appeal and now lacks authority to continue proceedings. *See id.*

The problems with USAP's so-called "automatic stay" are twofold. First, a notice of appeal from an unappealable order does not divest the district court's jurisdiction. And contrary to USAP's claim, the Order is not appealable under the collateral order doctrine. As a result, there is no "automatic stay." Second, even if USAP had a right to a collateral appeal, it would only divest the Court of jurisdiction over those parts of the case *on appeal*. This Court would retain jurisdiction to proceed with discovery while the Court of Appeals resolved USAP's

1

discrete challenges to aspects of the FTC's authority (both of which are curable).[1] In all events, the Court should confirm that USAP's improper and longshot appeal does not stay discovery.

## I.     The notice of appeal does not stay this case because the Order is not appealable

USAP contends that its notice of appeal "automatically stays proceedings in this Court" because it divests this Court of jurisdiction over the case. Mot. 1-2. Unlike every "automatic stay" case USAP cites, however,[2] USAP is attempting to appeal an order that is not actually appealable. The Fifth Circuit has long held that "an appeal from an unappealable order does not divest a district court of subject matter jurisdiction." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 n.17 (5th Cir. 1999) (citing *United States v. Hitchmon*, 602 F.2d 689, 690-91 (5th Cir. 1979) (en banc)). A "contrary rule would leave [the] district court powerless to prevent intentional dilatory tactics." *Battie v. Davis*, No. 3:17-CV-1191-D, 2018 WL 4773258, at *1 n.1 (N.D. Tex. Oct. 3, 2018) (citing *Hitchmon*, 602 F.2d at 694).

USAP erroneously claims that the Order is "immediately appealable under the collateral order doctrine." Mot. 1. The collateral order doctrine "entitles a party to appeal . . . from a narrow class of decisions that do not terminate the litigation." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994). To be immediately appealable under the collateral order doctrine, a district court's order must meet all the following requirements: it must (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from final judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988) (citation omitted). "As an additional requirement . . . a collateral appeal of an interlocutory order

---

[1] The Court should not consider a discretionary stay as USAP did not argue one is appropriate here. Mot. 2. In any event, USAP cannot meet the factors in *Landis v. North Am. Co.*, 299 U.S. 248 (1936).

[2] For instance, USAP relies extensively on *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). That case involved the denial of a motion to compel arbitration, for which the Federal Arbitration Act provides an immediate appeal. *See* 9 U.S.C. § 16(a). USAP relies on no such statutory right here.

2

must present a 'serious and unsettled question.'" *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 547 (1949)); *see also In re Deepwater Horizon*, 793 F.3d 479, 490 (5th Cir. 2015). Here, USAP fails to meet two of these requirements: the issues it seeks to appeal are neither unsettled nor effectively unreviewable.

### A.  USAP's appeal does not raise a serious and unsettled question of law

"[O]nly serious and unsettled questions of law come within the collateral order doctrine." *Deepwater Horizon*, 793 F.3d at 490 (citing *Nixon*, 475 U.S. at 742).[3] The issues USAP seeks to appeal, however, are well settled—as this Court already observed—and thus cannot qualify for collateral order review.

First, every court to consider the issue has rejected USAP's argument that Section 13(b) of the FTC Act requires the Commission to institute a parallel administrative proceeding when it seeks a permanent injunction in federal court. *See* Order 16-17. The Supreme Court recently endorsed this conclusion in *AMG Capital Management, LLC v. FTC*, 593 U.S. 67 (2021). *See* Order 17-18 ("*AMG* is only three years old, and the Court repeated the point twice.").

Second, the Supreme Court and the Fifth Circuit have expressly rejected USAP's argument that the Commissioners' protections from removal render some portion of the FTC Act unconstitutional. Indeed, the Fifth Circuit has rejected this argument twice in the last seven months. *See Illumina, Inc. v. FTC*, 88 F.4th 1036, 1047 (5th Cir. 2023); *Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 91 F.4th 342, 352 n.51 (5th Cir. 2024) (confirming *Illumina*'s holding), *rehr'g en banc denied*, 98 F.4th 646; *see also* Order 21 ("The Court need not spend

---

[3] Although some courts and commentators have cast doubt on whether "serious and unsettled" is a separate requirement, the Fifth Circuit continues to treat it as one. *See, e.g.*, *Foret v. Waste Connections Bayou, Inc.*, 844 F. App'x 776, 777 (5th Cir. 2021).

3

many words on the constitutional argument."). Appealing the same issue to the same court for the third time would not answer any outstanding legal question.[4]

### B. The Order is not effectively unreviewable on appeal from a final judgment

USAP's notice of appeal separately fails to satisfy the collateral order doctrine because the Order is not "effectively unreviewable on appeal from a final judgment." *Leonard v. Martin*, 38 F.4th 481, 486 (5th Cir. 2022). As the Supreme Court has explained, the "general rule" is that "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digit. Equip. Corp.*, 511 U.S. at 868. Courts "routinely require litigants to wait until after final judgment to vindicate valuable rights." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009). And the mere fact "[t]hat a ruling may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment" does not justify a collateral appeal. *Id.* at 107 (cleaned up). An order is only "effectively unreviewable on appeal from the final judgment" if waiting to appeal "would imperil a substantial public interest or some particular value of a high order." *Id.*; *see also Leonard*, 38 F.4th at 486. This inquiry is not focused on the specifics of this appeal: the court must consider "the entire category to which a claim belongs" and ask whether that "class of claims, taken as a whole, can be adequately vindicated by other means." *Mohawk*, 558 U.S. at 107.

USAP wrongly categorizes its claim as a "right not to undergo" further district court proceedings—i.e., a "right not to be tried." Mot. 1. The Supreme Court, however, has cautioned courts "to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye." *Digit. Equip. Corp.*, 511 U.S. at 873. "[V]irtually every right that could be enforced appropriately by

---

[4] Further, because USAP (through Welsh Carson) forfeited multiple critical issues in its briefing before this Court, it could not prevail on appeal even if its underlying legal theory had not been repeatedly rejected. *See* Part II.

4

pretrial dismissal could loosely be described as conferring a 'right not to stand trial.'" *Id.* But applying the collateral order doctrine to "any order denying a claim of right to prevail without trial"—as USAP attempts here—would "leave the final order requirement of § 1291 in tatters." *Will v. Hallock*, 546 U.S. 345, 351 (2006).

Courts have thus permitted collateral appeals based on a "right not to be tried" only in certain narrow categories where there is a "statutory or constitutional guarantee that trial will not occur."[5] *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1982). These limited categories include constitutional or statutory immunities[6] (such as double jeopardy),[7] motions to compel arbitration,[8] and certain First Amendment rights.[9] The Supreme Court has consistently rejected attempts to expand those categories and characterize other rights to prevail before trial as rights "not to be tried." *See, e.g.*, *Digit. Equip. Corp.*, 511 U.S. at 880 (order rescinding a settlement agreement not appealable as a collateral order even though the appellant might be forced to undergo a trial it otherwise would have avoided).

Neither of the issues USAP seeks to appeal here establish a "right not to be tried" under the collateral order doctrine:

First, USAP's argument that the FTC must use its administrative process in addition to (or in lieu of) suing in federal court is, at best, in a category with forum selection appeals—which the Supreme Court has held do not qualify as collateral orders. In *Lauro Lines SRL v. Chasser*, the Supreme Court rejected collateral appeal of a defendant's argument that, due to a

---

[5] Courts also permit appeals under the collateral order doctrine in other contexts, such as "sealing and unsealing orders," *see, e.g., June Med. Servs., LLC v. Phillips*, 22 F. 4th 512, 519 (5th Cir. 2022), but USAP invokes none of those contexts here, *see* Mot. 1-2.

[6] *Nixon*, 457 U.S. at 742 (absolute immunity); *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985) (qualified immunity); *P. R. Aqueduct & Sewer Auth. v. Metcalf and Eddy, Inc.*, 506 U.S. 139, 147 (1993) (Eleventh Amendment immunity).

[7] *Abney v. United States*, 431 U.S. 651, 661-62 (1977) (double jeopardy).

[8] *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (motion to compel arbitration).

[9] *In re Sealed Case*, 77 F.4th 815, 825-26 (D.C. Cir. 2023) (First Amendment challenges to nondisclosure order).

5

contractual forum selection clause, it could be tried only before an Italian tribunal and not in U.S. courts. 490 U.S. 495, 495-96, 500-01 (1989). As the Court explained, "an entitlement to be sued only in a particular forum" is "different in kind" than "a right not to be sued at all." *Id.* at 501. Consistent with this reasoning, several courts of appeal, including the Fifth Circuit, have held that the denial of a motion to remand to state court "cannot be appealed unless certified by the district court" under 28 U.S.C. § 1292(b). *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1064-65 (5th Cir. 1981); *see also New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld*, 604 F.3d 816, 822 (3d Cir. 2010) (rejecting collateral appeal of remand order and explaining that, after final judgment "an appellate court can vacate the order denying remand with instructions to remand the case to the New Jersey court").

Indeed, if anything, USAP's argument for collateral appeal is weaker than in the forum-selection context. In those cases, the would-be collateral appellants claim an entitlement to be sued in a different forum. *See Lauro Lines*, 490 U.S. at 501. Here, USAP concedes that the FTC can bring further proceedings *in this forum* as long as it also files a parallel administrative proceeding. *See* USAP Mot. Dismiss 13, ECF No. 97 (recognizing that "Section 13(b) lets the FTC seek injunctive relief in federal court to aid its administrative proceedings").

Second, USAP's constitutional argument does not fit into any of the limited categories of "rights not to be tried." The Supreme Court has cautioned that not "every violation of [Constitutional] protections" amounts to "a defect so fundamental" that it warrants collateral order appeal. *Midland Asphalt*, 489 U.S. at 802. In *Midland Asphalt*, for example, the Court rejected a collateral appeal relating to violation of grand jury secrecy rules—which could have required dismissing the indictment—because there is "a crucial distinction between a right not be tried and a right whose remedy requires the dismissal of charges." 489 U.S. at 801 (internal

6

quotations omitted). *See also, e.g.*, *Flanagan v. United States*, 465 U.S. 259, 266-67 (1984) (rejecting collateral appeal even where Sixth Amendment rights were arguably imperiled).

USAP erroneously relies on *Axon Enterprises, Inc. v. FTC,* 598 U.S. 175, 191 (2023), to argue that its removal challenge fits into the limited category of immediately appealable collateral orders. But *Axon* was not a collateral order case, and it addressed a narrow issue not present here. The *Axon* Court held that a party sued in the FTC's own administrative court may immediately sue in federal district court to challenge the constitutionality of the administrative proceeding—without waiting for the end of that proceeding. 598 U.S. at 191. The injury recognized in *Axon* was "subjection to an unconstitutionally structured [agency] decisionmaking process" without review by a federal court. *Id.* at 192. Here, USAP's constitutional challenge has already been heard—and rejected—by *this* federal Court. USAP may not like the result, but that does not turn this case into "an illegitimate proceeding" or this Court into "an illegitimate decisionmaker." *See* Mot. 2 (quoting *Axon*, 598 U.S. at 191).

Moreover, the *Axon* Court expressly disavowed any broader applicability of its decision to the collateral order doctrine: "Nothing we say today portends newfound enthusiasm for interlocutory review." 598 U.S. at 191. Yet, USAP's view that *Axon* authorizes an immediate collateral appeal of any argument that a federal agency is unconstitutional or has acted unconstitutionally would expand interlocutory review beyond recognition. Any defendant subject to a civil or criminal government lawsuit could raise a constitutional challenge—no matter how weak—and claim an immediate right to appeal and stay the district court case. *Cf. Wilson v. Suffolk Cnty. Dist. Att'y*, No. 21-CV-04815(EK)(ST), 2024 WL 862236, at *1 (E.D.N.Y. Feb. 27, 2024) (plaintiff asserted "that the Department of Justice is unconstitutional, and that the only constitutional federal law enforcement agency is 'the Militia'"). This expansive interpretation

7

would "swallow the general rule that a party is entitled to a single appeal." *Mohawk*, 558 U.S. at 106.

## II. Even if USAP's appeal were proper, it would not prevent this case from continuing in the district court

Even if USAP could appeal under the collateral order doctrine, an interlocutory appeal "only divests the district court of jurisdiction over those aspects of the case on appeal." *See Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam). "This does not mean that all proceedings in the district court come to an abrupt stop." *Davis v. Matagorda Cnty.*, No. 3:18-cv-00188, 2019 WL 1924532, at *1 (S.D. Tex. Apr. 30, 2019). Instead, the district court "may still proceed with matters not involved in the appeal." *Dusek*, 492 F.3d at 564-65. This is a functional inquiry that turns on whether this Court retaining jurisdiction would "frustrate [the appellate court's] ability to provide meaningful relief." *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024).

In the context of collateral orders, district courts often proceed with discovery while the appeal is pending. *See, e.g.*, *Dusek*, 492 F.3d at 565 (ordering that discovery proceed on one set of claims while defendant collaterally appealed a qualified immunity decision on other claims); *Davis*, 2019 WL 1924532, at *2 (explaining that "examples abound" of courts proceeding with discovery even during collateral appeals seeking qualified immunity). This makes good sense. A collateral order is, by definition, separate from the merits, and there is thus "no reason . . . to treat the appeal as transferring the entire case to the court of appeals." 15A Wright & Miller, Fed. Prac. & Proc. § 3911 (3d ed.).

Here, USAP's attempt to appeal covers only narrow issues that do not conflict with further proceedings in this Court.

First, contrary to USAP's contention, "the entire case" is not "essentially involved in the appeal." Mot. 2 (quote omitted). As explained above, unlike the cases on which USAP relies,

8

USAP's claim does not involve a "right not to be tried" within the meaning of the collateral order doctrine. *Cf. In re Fort Worth*, 100 F.4th at 536. For example, *Coinbase, Inc. v. Bielski* concerned the denial of a motion to compel arbitration. 599 U.S. 736, 740 (2023). So, too, did *Harrington v. Cracker Barrel Old Country Store Inc.*, No. 2:21-cv-940, 2024 WL 342440, at *12-13 & n.16 (D. Ariz. Jan. 30, 2024). And *United States v. Trump* involved an appeal based on presidential immunity. No. 1:23-cr-257, 2023 WL 8615775, at *1 (D.D.C. Dec. 13, 2023). *Axon* underscores this distinction. Even though the Supreme Court allowed an immediate federal court challenge to the constitutionality of the FTC's administrative proceedings, such challenges do not trigger any type of automatic stay of the administrative action. To the contrary, the challenger must separately ask the district court to halt the administrative action. *See, e.g.*, *Space Expl. Techs. Corp. v. Bell*, No. 1:23-cv-00137, 2023 WL 8885128, at *6 (S.D. Tex. Nov. 8, 2023) (declining to enjoin agency proceeding based on constitutional removal challenge).

Second, continued proceedings in this Court would not frustrate the available relief for USAP's statutory argument. This argument merely asserts a right to be sued *twice*—in district court and in FTC administrative proceedings. *See* USAP Reply Supp. Mot. Dismiss 2, ECF No. 126 (claiming that FTC can sue in district court "contingent upon the pendency of administrative proceedings within the agency"). Accordingly, were USAP to succeed on appeal, the appropriate relief would be requiring the FTC to initiate an additional administrative proceeding.[10] Continuing discovery on the underlying merits in the meantime would not frustrate this relief.

Third, continued proceedings in this Court would not frustrate the available relief for USAP's removal restrictions challenge. USAP has not even attempted to show that the FTC

---

[10] If the Court of Appeals were to determine that the FTC must bring a parallel administrative proceeding within a certain time period after filing the federal court action, then this Court should grant it leave to re-file this case along with an administrative proceeding. Given the uniform law at the time the FTC filed suit—confirmed in dicta by the Supreme Court—that a parallel proceeding is not required (see Part I.A, above), it would be unfair to dismiss the FTC's suit with prejudice on the basis of a procedural deficiency that could be easily corrected.

9

Commissioners' removal restrictions affected this case.[11] Thus, as the FTC explained in opposing Welsh Carson's motion to dismiss, even if the removal restrictions were unconstitutional, the appropriate remedy would be to sever those provisions from the statute, not dismiss this case.[12] *See* FTC Opp. Welsh Carson Mot. Dismiss 32-33, ECF No. 120. Another court in this District recently reached a similar conclusion, holding that "there is no need to stay proceedings" that are allegedly tainted by unconstitutional removal restrictions because "the Court can sever" those provisions. *See Bell*, 2023 WL 8885128, at *5.

## CONCLUSION

For the foregoing reasons, this Court should deny USAP's motion for a stay.

---

[11] To get relief that affected this case, USAP would need to show that the removal restrictions "caused (or would cause) them harm." *See Collins v. Dep't of Treasury*, 83 F.4th 970, 982 (5th Cir. 2023) (internal quotations omitted). Specifically, USAP would need to show that the President wanted to remove a Commissioner but thought he could not do so because of the removal protections, *and* that his removal of that Commissioner would have led to a different outcome for USAP. *Id.* USAP (through Welsh Carson) never asserted any of this and has thus forfeited any claim to dismissal on appeal. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021); *see also* FTC Opp. Welsh Carson Mot. Dismiss 31-32, ECF No. 120 (explaining that Welsh Carson had failed to claim any harm from the removal restrictions); Welsh Carson Reply 19-20, ECF No. 124 (failing to discuss harm).

[12] USAP (through Welsh Carson) has also failed to discuss severability before this Court and has thus forfeited any argument on appeal that it is not the appropriate remedy. *See* Welsh Carson Reply 19-20, ECF No. 124.

Dated: July 5, 2024                                    Respectfully submitted,

*/s/ Timothy Kamal-Grayson*
Timothy Kamal-Grayson (*Pro Hac Vice*)
Bradley S. Albert (*Pro Hac Vice*)
Daniel W. Butrymowicz (*Pro Hac Vice*)
Dylan Herts (*Pro Hac Vice*)
Patrick Kennedy (*Pro Hac Vice*)

600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3369
Email: tkamalgrayson@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, I caused the Plaintiff Federal Trade Commission's Opposition to USAP's Motion for Stay Pending Interlocutory Appeal and accompanying appendices to be served on all counsel of record using the ECF system of the United States District Court for the Southern District of Texas.

Dated: July 5, 2024

                                              */s/ Timothy Kamal-Grayson*
                                              Timothy Kamal-Grayson (*Pro Hac Vice*)

                                              600 Pennsylvania Avenue, N.W.
                                              Washington, D.C. 20580
                                              Tel: (202) 326-3369
                                              Email: tkamalgrayson@ftc.gov

                                              *Counsel for Plaintiff Federal Trade Commission*