IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC., et al. <br><br> Defendants. | Case No.: 4:23-CV-03560-KH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S
<u>REPLY IN SUPPORT OF MOTION FOR STAY</u>**

Proceedings in this Court are stayed. When a litigant files a notice of appeal, any district court proceedings "'involved in the appeal' . . . *must* automatically [be] stay[ed]." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741-42 (2023) (emphasis added) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). That is because a timely notice of appeal "divests the district court of jurisdiction over aspects of the case on appeal." *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024). Under this one-court-at-a-time rule, any post-appeal orders from this Court would be "void for want of jurisdiction." *Id.* at 532 (granting mandamus petition to void post-appeal transfer). So a stay is not just mandatory, but "common sense." *Coinbase*, 599 U.S. at 742-43.

The exceptions to this rule are razor thin, and inapplicable here. The Fifth Circuit has recognized just one exception in civil cases: When a district court "certif[ies]" in writing "that the appeal is frivolous or dilatory," it "*may* keep jurisdiction, but is not required to do so." *BancPass, Inc. v. Highway Toll Admin., LLC*, 863 F.3d 391, 400 (5th Cir. 2017). USAP's appeal is neither frivolous nor dilatory, and the FTC does not ask this Court to certify it as such. On the

contrary, USAP's defenses raise serious, unsettled questions of law. And without immediate appeal, USAP will functionally lose its right to raise those defenses.

The FTC largely ignores both the automatic-stay rule and its narrow exception. Instead, the FTC focuses on the Fifth Circuit's jurisdiction over USAP's appeal. But those arguments are directed to the wrong tribunal. The appellate court is not only in the best position to decide its appellate jurisdiction—but that is the first issue it must address. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("On every . . . appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes."). And the FTC identifies no case in which a district court has assigned to itself the power to pre-judge the court of appeals' jurisdiction under the collateral order doctrine. In any event, the FTC's jurisdictional arguments lack merit. USAP has a right to an immediate appeal of this Court's Order denying USAP's motion to dismiss. Dkt. No. 146 (the "Order"). This Court should confirm that the appeal stays this action, and it should vacate all pending deadlines and hearings.

## I. This Entire Case Is Stayed

USAP's notice of appeal automatically stayed all proceedings in this Court. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

The automatic stay covers all proceedings here. As the Supreme Court recognized last year, when the question on appeal is "whether the litigation may go forward in the district court," the "entire case is essentially 'involved in the appeal.'" *Coinbase*, 599 U.S. at 741 (cleaned up) (first quoting *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997); and then quoting *Griggs*, 459 U.S. at 58). And that is the question that USAP has asked the Court of Appeals to resolve. Because the appeal asks whether this case can

proceed in federal court at all, the case should not proceed until that question is answered.

The FTC implausibly seeks to cabin *Coinbase* (at 2 n.2; 5 n.8; 9) to cases involving denied motions to compel arbitration. But *Coinbase* applied "a longstanding tenet of American procedure," 599 U.S. at 740, that applies beyond arbitration appeals to "other analogous contexts where an interlocutory appeal is authorized," *id.* at 746. In this case as in *Coinbase*, while the appeal is pending, this Court is "required to stay its proceedings." *Id.* at 747.

## II. The Order Is Appealable

The FTC devotes most of its opposition brief to arguing that the Fifth Circuit lacks jurisdiction over USAP's appeal. But that is a question for the Fifth Circuit to decide. District courts only decide issues of appellate jurisdiction in the context of a stay "[w]here the order in question is manifestly unappealable." *United States v. Ferris*, 751 F.2d 436, 440 (1st Cir. 1984); *see also United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996) ("plainly unauthorized"); *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) ("plainly nonappealable"). The lone district court case the FTC cites fits this mold: In *Battie v. Davis*, a pro se habeas petitioner sought to appeal the "findings, conclusions, and recommendation of the United States Magistrate Judge." 2018 WL 4773258, at *1 n.1 (N.D. Tex. Oct. 3, 2018). That was manifestly unappealable; the Order here is not.

As USAP explained in its motion, the Order is immediately appealable under the collateral order doctrine: It conclusively decided that the FTC has statutory and constitutional authority to bring this action; those issues are separate from the merits of the FTC's claims; and USAP's right not to undergo these proceedings will be lost without immediate appeal. The FTC argues that the issues that USAP will raise on appeal are neither unsettled nor unreviewable at the end of the case. The FTC is incorrect on both points.

3

### A. USAP's Appeal Raises Serious And Unsettled Legal Questions

USAP's statutory and constitutional defenses implicate serious, unsettled legal issues. *First*, whether Section 13(b) permits the FTC to file standalone lawsuits seeking a permanent injunction without going through its administrative process is unsettled. The Supreme Court has all but expressly said as much. In *AMG Capital Management, LLC v. FTC*, the Court first observed, on the one hand, that "the appearance of the words 'permanent injunction' (as a proviso) suggests that those words are directly related to a previously issued preliminary injunction." 593 U.S. 67, 76 (2021). The Court then acknowledged, on the other hand, that the provision "*might also be read*, for example, as granting authority for the Commission to go one step beyond the provisional and ('in proper cases') dispense with administrative proceedings." *Id.* (emphasis added). Two pages later, the Court repeated those options: "the Commission may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, *or* when it seeks only injunctive relief." *Id.* at 78 (emphasis added). These are the two competing interpretations that USAP and the FTC have advanced. The Supreme Court recognized these dueling options, declined to pick a side, and left the issue for further development. The fact the Supreme Court recognized two sides to the Section 13(b) issue should be dispositive proof that it is unsettled and thus a proper subject of appeal. Order at 17 ("[D]icta acquires a certain luster when it comes from the U.S. Supreme Court.").[1]

The Fifth Circuit—like most courts of appeals—has yet to consider this issue. While it is true, as the FTC notes (at 3), that three courts of appeals—the Ninth, Seventh, and Eleventh—

---

[1] As several courts have recognized, the Supreme Court did not decide this issue in the FTC's favor. *See, e.g.*, *FTC v. Neora LLC*, 552 F. Supp. 3d 628, 634 (N.D. Tex. 2021) ("The Supreme Court in *AMG Capital* made no definitive statement regarding the availability of permanent injunctions vis-à-vis administrative enforcement proceedings . . . ."); *FTC v. Cardiff*, 2021 WL 3616071, at *20 (C.D. Cal. June 29, 2021) ("The Supreme Court in *AMG* did not directly address this interpretation of the 'permanent injunction' proviso.").

held decades before *AMG Capital* that the FTC may seek a permanent injunction "without initiating a concomitant administrative proceeding," Order at 16, those decisions provide only cursory analysis of the statutory question, *see*, *e.g.*, *FTC v. H. N. Singer, Inc.*, 668 F.2d 1107, 1110 (9th Cir. 1982) (reading Section 13(b)'s second proviso out of context and then turning immediately to "legislative history"). Most significantly, the three decisions—from 1982, 1983, and 1984, respectively—pay almost no attention to the statutory text and structure and rely heavily on legislative history, reflecting a now-disfavored "mid–20th century . . . approach" to statutory interpretation. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). In the Fifth Circuit, "text is always the alpha." *Whitlock v. Lowe*, 945 F.3d 943, 947 (5th Cir. 2019). So the FTC cannot show that there is no chance the Fifth Circuit will resolve this issue in USAP's favor. *See Texas v. Nuclear Regul. Comm'n*, 78 F.4th 827, 840-42 (5th Cir. 2023) (rebuffing longstanding interpretations from other courts that had "assume[d]" an agency had authority "without analyzing the statute"), *reh'g denied*, 95 F.4th 935 (2024).

*Second*, USAP's constitutional arguments are also serious and unsettled. USAP has argued that if the FTC has statutory authority to bring these enforcement proceedings, the exercise of that "quintessentially executive power," *Seila Law LLC v. CFPB*, 591 U.S. 197, 219 (2020), is unconstitutional given that the FTC is an independent agency whose Commissioners cannot be removed at will by the President, *see* 15 U.S.C. § 41. The FTC's own citation (at 3) proves the unsettled nature of this issue: In *Consumers' Research v. CPSC*, Judge Willett, writing for the panel majority, characterized it as "one of the fiercest (and oldest) fights in administrative law." 91 F.4th 342, 345 (5th Cir. 2024). Judge Jones wrote separately to note the "uncertainty" in Supreme Court doctrine. *Id.* at 356. Then at the en banc stage, the full Fifth Circuit declined rehearing by a 9-8 vote. *Consumers' Rsch. v. CPSC*, 98 F.4th 646, 647 (5th Cir.

5

2024). And Judge Willett wrote to concur in the denial, but also to urge the Supreme Court to consider reversing him. *Id.* at 650 ("[T]his cert petition writes itself.").

Contrary to the FTC's suggestion (at 3), *Illumina, Inc. v. FTC* did not resolve USAP's constitutional argument. That case involved an administrative adjudication before the FTC in which the FTC determined that Illumina's acquisition of Grail, Inc., was unlawful. 88 F.4th 1036 (5th Cir. 2023). The Court of Appeals upheld the constitutionality of that administrative adjudication process, which is arguably much closer to the exercise of "quasi-legislative/quasi-judicial authority" that the Supreme Court blessed in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). But that process is not at all like the purely Executive Branch conduct associated with bringing a standalone enforcement action in federal court. Thus the argument here—about the FTC's executive power to seek injunctive relief in federal court under Section 13(b)—is an issue *Illumina* did not address. In any case, even if *Illumina* were controlling, it based its holding on *Humphrey's Executor*, and USAP has a right to petition the Supreme Court to distinguish, cabin, or overrule that outlier decision. *Cf. Illumina*, 88 F.4th at 1047 ("[W]hether the FTC's authority has changed so fundamentally as to render *Humphrey's Executor* no longer binding is for the Supreme Court, not us, to answer.").

If any more confirmation were needed about the unsettled nature of USAP's constitutional defense, another Section 13(b) action brought by the FTC would provide it: In *FTC v. Walmart Inc.*, Judge Shah recognized that "[w]hether Congress unconstitutionally granted executive power to the Federal Trade Commission when it allowed the FTC to bring certain lawsuits" under Section 13(b) is a "contestable controlling legal question[]." Order at 1, *FTC v. Walmart Inc.*, No. 22-cv-3372 (N.D. Ill. July 20, 2023), Dkt. No. 68.

**B.      USAP Will Lose Its Right To Raise Its Defenses Without Immediate Appeal**

Anything other than an immediate appeal will foreclose all meaningful appellate review

6

of USAP's statutory and constitutional arguments. Prejudgment decisions are appealable when they reject a defense based on a "right not to be tried" or face other burdens of litigation. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982). Those decisions are effectively unreviewable if deferred until after trial because the litigant, having gone through trial, has lost its right not to be tried—"[a] proceeding that has already happened cannot be undone." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023).

USAP asserts a right not to be subject to litigation. *First*, USAP's Section 13(b) defense is that the FTC has no authority to bring this action. The argument "challeng[es] the Commissions' power to proceed at all." *Id.* at 192. Section 13(b) requires the FTC to invoke its administrative process before seeking a permanent injunction in federal court. The FTC did not invoke that process, so it cannot seek such an injunction. And the harm to USAP as the FTC nonetheless seeks a permanent injunction is straightforward: Having to defend these proceedings, which should have never been brought, is a "here-and-now" injury. *Id.*

*Second*, USAP's constitutional defense likewise asserts a "here-and-now" injury. The harm USAP suffers is from "being subjected" to these enforcement proceedings brought by "an unconstitutionally insulated" agency. *Id.* at 191. "The claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker."[2] *Axon*, 598 U.S. at 191. "That harm may sound a bit abstract," but "it is impossible to remedy once the proceeding is over," as appellate review "would come too late to be meaningful." *Id.*

The FTC's counterarguments lack merit. It first notes (at 5, 6-7) that collateral-order appeals have been limited to "certain narrow categories" of cases, such as those involving "constitutional or statutory immunities." But that is the functional equivalent of what USAP is

---

[2] The FTC is the "illegitimate decisionmaker," not, as the FTC suggests (at 7), this Court.

7

asserting. As the Supreme Court noted in *Axon*, an argument about "subjection to an unconstitutionally structured decisionmaking process" is analogous "to our established immunity doctrines." 598 U.S. at 192. Both such claims are effectively unreviewable if appeal must wait until the harm-causing proceedings are over.

Next, the agency draws a faulty comparison (at 5-6) to forum-selection appeals, which generally fall outside the collateral order doctrine. In a forum-selection appeal, the defendant is arguing that its case belongs in a different court. The usual remedy is "transferring the case rather than dismissing it." *Pugh v. Arrow Elecs., Inc.*, 304 F. Supp. 2d 890, 896 (N.D. Tex. 2003). Transfer (not dismissal) is appropriate in such cases because the defendant "is obviously not entitled . . . to avoid suit altogether." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 501 (1989). But that is precisely what USAP has argued here: this case does not belong in federal court at all, and therefore dismissal is the proper remedy. This Court, of course, would have no authority to "transfer" this case into the FTC's administrative process. And to state the obvious, administrative proceedings and federal court proceedings are not the same. There is a constitutional difference: An administrative agency cannot adjudicate private rights in its own forum. *See Oil States Energy Servs. v. Greene's Energy Grp., LLC*, 584 U.S. 325, 334 (2018). Thus "the power to assign disputes to agency adjudication is 'peculiarly within the authority of the legislative department.'" *Jarkesy v. SEC*, 34 F.4th 446, 461 (5th Cir. 2022) (quoting *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909)), *aff'd* 144 S. Ct. 2117 (2024). And there is a procedural difference: "Most notably, a party before the agency's internal tribunal retains an ultimate right of appeal to a court of appeals of that party's choosing in the event the FTC prevails." USAP Mot. to Dismiss Reply at 6, Dkt. No. 126. The choice between federal court and administrative agency is not like the choice between one court and another.

And every case the FTC cites is about that court-to-court difference, not the court-to-agency one.

Last, the FTC strains (at 7) to distinguish *Axon*. The FTC emphasizes that the defendant company there was seeking review by a federal district court rather than a court of appeals. But nothing in *Axon*'s discussion of the collateral order doctrine turned on that distinction. The decision's reasoning, rather than its procedural posture, is the important point: *Axon* drew on collateral order precedents to explain that litigants need not wait before appealing certain claims that they are being subjected to unlawful agency authority. 598 U.S. at 192. And while *Axon* proclaimed no "newfound enthusiasm for interlocutory review," *id.*, no new enthusiasm is necessary here, as USAP's appeal falls within the heartland of the collateral order doctrine.

## III. The FTC's Remaining Arguments Lack Merit

The FTC raises four additional arguments, none of which is persuasive. *First*, the FTC incorrectly warns (at 2) that the automatic-stay rule will leave district courts powerless to prevent dilatory appeals. *Coinbase* squarely rejected this claim because "the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals," and district courts also "may certify that an interlocutory appeal is frivolous." 599 U.S. at 745. The FTC has invoked none of these tools because none would be appropriate here.

*Second*, the FTC draws a deficient comparison (at 8) to qualified immunity appeals to argue that because discovery sometimes proceeds while those cases are appealed, it should proceed here too. Qualified immunity is "a right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996). So in the cases the FTC cites, the courts recognized that the appeal appropriately stayed proceedings on the claims to which qualified immunity arguably applied but not "on claims for which [the defendant] does not or cannot assert qualified immunity." *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (per curiam). USAP's appeal addresses whether *all claims*, not just some, can move forward.

9

*Third*, the FTC rehashes its collateral-order arguments (at 8-10) to claim that because USAP has not raised a right "not to be tried," the case need not be stayed. But USAP *has* asserted a right not to be tried. *See supra* pp. 7-8. And the FTC's attempts to reframe USAP's arguments fall flat. For example, the agency is mistaken to claim (at 9) that USAP has asserted "a right to be sued *twice*"—USAP's argument is that this standalone federal case should be dismissed because the FTC lacked statutory or constitutional authority to file it in the first place.

*Fourth*, the FTC attempts (at 9-10) to argue the merits of USAP's constitutional challenge. Here, too, the FTC addresses its argument to the wrong tribunal. The merits have nothing to do with whether the automatic stay is in place. And the FTC is incorrect in any event. For example, it claims (at 10 & n.11) that USAP's argument can only succeed if it could show that the President would have removed a Commissioner but for the removal protections, and that removal would have led to a different outcome. "While that is certainly one way to review a removal restriction, it is not the only way." *Seila Law*, 591 U.S. at 212. Instead, a private party like USAP "aggrieved by an official's exercise of executive power" like the filing of this action can "challenge the official's authority to wield that power while insulated from removal by the President." *Id.* Likewise, the FTC's argument (at 10 n.12) that USAP waived a severability argument is neither relevant to whether this case is stayed nor correct. USAP, through Welsh Carson, *did* argue that "the appropriate remedy is to sever the subsequently added, unconstitutional executive authority under Section 13(b)" rather than sever the FTC's for-cause-removal restrictions. Welsh Carson Reply at 20, Dkt. No. 124.

\*   \*   \*

The Court should confirm that a stay is in place while the appeal is pending in the Fifth Circuit and vacate all hearings and deadlines.


Dated: July 12, 2024

Respectfully submitted,

/s/ *Mark C. Hansen*

David J. Beck (TX Bar No. 00000070)
  (Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No. 24095812)
  (Federal I.D. No. 3311277)
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX  77010
Tel: (713) 951-3700
Fax: (713) 951-3720
dbeck@beckredden.com
gbrawley@beckredden.com

Mark C. Hansen (D.C. Bar No. 425930)
  (*Pro Hac Vice)*
Attorney-in-Charge
Geoffrey M. Klineberg (D.C. Bar No. 444503)
  (*Pro Hac Vice*)
David L. Schwarz (D.C. Bar No. 471910)
  (*Pro Hac Vice*)
Kevin J. Miller (D.C. Bar No. 478154)
  (*Pro Hac Vice*)
Dennis D. Howe (D.C. Bar No. 90011114)
  (*Pro Hac Vice*)
Derek C. Reinbold (D.C. Bar No. 1656156)
  (*Pro Hac Vice*)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
dschwarz@kellogghansen.com
kmiller@kellogghansen.com
dhowe@kellogghansen.com
dreinbold@kellogghansen.com

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsel of record are registered ECF users.

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen