IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC., *et al.*,<br><br>Defendants. | Case No.: 4:23-CV-03560-KH |

**[Proposed] Order and Stipulated Protocol Regarding Depositions**

Under Federal Rule of Civil Procedure 29, Plaintiff Federal Trade Commission, and Defendant U.S. Anesthesia Partners, Inc. (each a "Party," collectively the "Parties") through their respective counsel, stipulate to the following regarding depositions in this matter (the "Litigation").

The Parties enter into this stipulation with the request that the Court enter it as an order.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

**I.   Definitions.**

1.  "Attending Counsel" means legal counsel for a Party or for the Witness who is not Deposing Counsel or Defending Counsel, but who is attending a deposition.

2.  "Defending Counsel" means legal counsel of the Party, Parties, or Nonparty defending a deposition in this Litigation. In the event a Nonparty Witness does not have counsel, then "Defending Counsel" means the Witness.

3.  "Deposing Counsel" means the legal counsel of the Party or Parties noticing and taking a deposition in this Litigation. For clarity, Deposing Counsel does not include any legal

counsel who does not notice or cross-notice a deposition but is afforded reasonable time to ask follow-up questions of the Witness.

4. "Noticing Party" means a Party that noticed a deposition of a Witness pursuant to FRCP 27, 30, or 45.

5. "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Deposition Protocol.

6. "Remote Deposition" means any deposition by oral examination conducted using a Platform pursuant to FRCP 27, 30, or 45 where all the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, or videographers—are not all physically present in the same location at the time the deposition is taken.

7. "Nonparty" and "Nonparty Witness" means a natural or legal person that is neither the Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a deposition in this Litigation.

8. "Witness" means the person whose deposition has been noticed in this litigation or any person designated to appear to give testimony pursuant to FRCP 30(b)(6).

**II. General Guidelines and Scope.**

9. This Stipulation and Proposed Order Regarding Depositions ("Deposition Protocol") shall govern the taking of fact depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure ("FRCP") and the United States District Court for the Southern District of Texas Local Rules.

10. This Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the FRCP or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

11. Each side may take up to four hundred (400) hours of deposition record time of fact witnesses. The Parties agree that only time used on the record by each side at each deposition shall count toward the deposition limit. The parties agree that expert depositions shall not count towards the number of hours allotted for fact witness depositions. The parties further agree that testimony taken in investigational hearings during the investigation in FTC File No. 201-0031 does not count towards the number of hours above, and either side may further depose witnesses whose testimony was taken in investigational hearings during the investigation. Depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or Nonparty do not count toward the limit on depositions. These depositions must be designated as such at the time that the deposition is noticed and will be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

**III.    Notice of Depositions.**

12. Within ten (10) calendar days of receipt of a deposition notice or subpoena, the noticed Party or Nonparty must provide any objections it intends to assert in response to that deposition notice or subpoena, and, if relevant, an alternative date on which witnesses will be made available for testimony that falls within 7 days before or after the notice date. Parties and Nonparties will use their best efforts to make witnesses available for deposition at a mutually agreeable time and location and without undue delay. If a witness is a former employee of any Party or Nonparty, upon receipt of a deposition notice or subpoena for the former employee, that

Party or Nonparty shall, within ten (10) calendar days of receipt of the deposition notice or subpoena, provide the date of departure and last known address of the former employee, state whether counsel for the Party or Nonparty can accept service of the notice, and state whether the counsel for the Party or Nonparty will be representing the witness in connection with the deposition and, if not, provide the name and contact information for the witness's counsel or state that counsel for the Party or Nonparty is unaware that the witness is represented by counsel.

13. If a Party serves a request for production or subpoena for the production of documents or electronically stored information on a Party or Nonparty and a notice or subpoena commanding attendance at a deposition by a witness employed by such Party or Nonparty, the Party serving those notices or subpoenas must schedule the witness's deposition for a date at least fourteen (14) calendar days after the return date for the document subpoena or request for production. If the return date for the document subpoena or request for production is extended: absent consent of both Plaintiff and Defendant, the deposition must be postponed to a date at least fourteen (14) calendar days following the date of production of substantially all documents required by the subpoena or request for production (as modified by any negotiations regarding subpoena compliance) (a) with respect to which the witness is an author, addressee, recipient, or custodian; and (b) are contained in a shared filing location or other electronic or physical repository that the witness accessed in the ordinary course of business. For a current or former Party witness, the other Party noticing the deposition may elect to unilaterally waive the requirements of this paragraph.

14. For any deposition lasting longer than seven (7) hours, either Party or the witness may demand that the time remaining after the seventh hour be carried over to be completed on the next consecutive business day, or as soon as possible consistent with the convenience of the

witness and the Parties. The Parties noticing a deposition will share a good faith estimate of the duration of each Party's examination no later than 48 hours in advance of the start of a deposition in an effort to allow the Parties and nonparties to plan accordingly.

15. For all Nonparty deposition notices, the Noticing Party shall attach to that notice, as well as to any subpoenas for Nonparty depositions: (i) a copy of any protective order entered by the Court ("Protective Order") and (ii) a copy of this Deposition Protocol. Within seven (7) days after receiving the deposition notice, the Nonparty may move the court for a protective order seeking relief from this Deposition Protocol. Failure to move within the time period waives any objections to the Deposition Protocol's requirements.

**IV.    Allocation of Time During Depositions.**

16. Defendant's current employees: During the deposition of a current employee of Defendant, Plaintiff may examine the witness for up to seven (7) hours.

17. Defendant's former employees: (a) if the deposition of a former employee of Defendant is noticed only by one Party, the non-noticing Party may question the witness for up to one (1) hour at the conclusion of the noticing Party's examination, which shall last no more than six (6) hours; (b) if the deposition of a former employee of Defendant is noticed by both Parties, then the deposition will be ten (10) hours and will be divided equally between the Parties. Any time allotted to one Party not used by that Party in a deposition of a former employee of Defendant may be used by the other Party, provided that no Party may depose a former employee witness for more than 7 hours.

18. Nonparty witnesses who are not a former employee of Defendant: (a) if the deposition is noticed by only one Party, the non-noticing Party may question the witness for up to one (1) hour at the conclusion of the noticing Party's examination, which shall last no more

5

than six (6) hours; (b) if the deposition is noticed by both Parties, then the deposition will be seven (7) hours and will be divided equally between the Parties. Any time allotted to one Party not used by that Party in a Nonparty deposition may be used by the other Party.

19. Based on their experience under this Protocol and the needs of the Witness, (a) the Parties, or the Parties collectively and any Nonparty Witness, may agree or stipulate to modifications of this Deposition Protocol applicable to an individual deposition; or (b) the Parties may further stipulate and submit to the Court for its approval modifications to this Deposition Protocol.

## V. Depositions Taken Pursuant to FRCP 30(b)(6).

20. This Section shall apply to any deposition taken pursuant to FRCP 30(b)(6). If the deposition is of a Party, the Parties may, by consent of all Parties, modify or waive the requirements of this section. If the deposition is of a Nonparty, the Parties may, by consent of all Parties and the Nonparty, modify or waive the requirements of this section.

21. A Party that seeks to take a FRCP 30(b)(6) deposition shall comply with the notice provisions in FRCP 30(b)(6). Each Party, or Nonparty, whose deposition is sought pursuant to FRCP 30(b)(6), shall be required to identify the corporate representative(s) assigned to testify to each matter for examination, at least five (5) days in advance of the deposition.

22. The Noticing Party may depose for up to seven (7) hours of record time any person designated as a corporate representative pursuant to FRCP 30(b)(6). In the event that a Party or Nonparty believes it is likely to designate a fact Witness who is the subject of a deposition notice or subpoena as a FRCP 30(b)(6) representative, or in the event that counsel on either side become aware that a Witness who has been designated as a FRCP 30(b)(6) designee is likely to be deposed in their individual capacity, the Parties, and Nonparty if applicable, will use

their best efforts to coordinate to avoid unnecessary multiple depositions of the same witness. The Parties, and Nonparty if applicable, shall meet and confer in good faith regarding appropriate and reasonable modifications to time limits for depositions of any witnesses who will be deposed in both their individual and representative capacities. A Party or Nonparty may designate an individual as a corporate representative for a deposition under FRCP 30(b)(6) whether or not the individual previously has been deposed, or may be deposed, as a fact witness.

**VI.    Remote Depositions.**

23.    The parties shall confer in good faith on scheduling the depositions to efficiently minimize travel and other costs. Counsel shall make best efforts to agree on a suitable time, date, and location for the deposition. If an in-person deposition is held, the Party that sought to hold the deposition in person shall make reasonable accommodations, including the use of a Platform, to enable remote attendance.

24.    For Remote Depositions, the "place of examination" as used in Federal Rule of Civil Procedure 28(a)(1)(A) is the physical location of the Witness.

25.    A Remote Deposition will be deemed to have been conducted "before an officer" as required by FRCP 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other deposition participants, and so long as the Deposing Counsel, Defending Counsel, the Witness, the court reporter, and the officer can clearly hear and be heard by all other deposition participants.

26.    The requirements of FRCP 45(c)(1)(A) shall be waived for Remote Depositions of Nonparties conducted pursuant to FRCP 45.

27.    The Parties agree that video recordings and transcripts of Remote Depositions may be used and relied upon to the same extent that a video recording or transcripts may be used

or relied upon, and hereby expressly waive their right to object to any testimony given during a Remote Deposition based solely on the fact that the deposition was taken using remote means.

28. Nothing in this Deposition Protocol shall prohibit Defending Counsel from being physically present with a Witness during a Remote Deposition.

29. Both Plaintiff and USAP have the right to request a Remote Deposition set up for any deposition. The request of one Party does not control whether the other Party must appear remotely. Both Plaintiff and USAP have the right to request an in-person deposition. The request of one Party does not control whether the other Party must also appear in person. Any request by a Nonparty for a deposition to occur remotely or in person shall not supersede a request of any one Party without the consent of both Parties.

30. All persons attending a Remote Deposition shall identify themselves for the record at the beginning of the Remote Deposition or when they enter the Remote Deposition. Deposing Counsel, Defending Counsel, and (if necessary) the Nonparty shall enable both an audio and video connection at all times during a Remote Deposition. The video shall remain active, with the camera turned on, at all times during a Remote Deposition. Attending Counsel that do not intend to speak on the record need not enable video connection during the Remote Deposition and shall remain on mute.

31. Anyone who is physically present in the same room as the Witness, other than a non-attorney providing technical assistance to the Witness, must be logged onto the Platform with a separate video connection or otherwise be viewable by a camera at all times during the course of the Remote Deposition.

32. When on the record during a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including through

gestures, handwritten communications, email, chat, instant messaging, or text messaging. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded.

33. When on the record during a deposition, the Witness may not review, read, have before them, or otherwise access any document or other outside source of information, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the deposition, without the express consent of all counsel for all Parties. With the exception of hardware necessary to view exhibits introduced during the deposition, the Witness will not have before them any hardware, such as a mobile phone or tablet, this is not required to participate in the deposition and will close all other windows or programs on any device other than software required to participate in the deposition.

**VII. Logistics and Technology.**

34. Unless otherwise agreed, the Deposing Counsel is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the deposition and needed to comply with this Deposition Protocol. For any Nonparty deposition where both sides have noticed the deposition, the Parties will meet and confer if necessary, regarding which vendor(s) to use and will split the costs evenly for the deposition services that they both request, and the Party noticing the deposition first will be entitled to select the Platform.

35. Any Platform must allow for the court reporter to record accurately, and for all participating counsel and the court reporter to hear and see, the Witness, Deposing Counsel,

Defending Counsel, Attending Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

36. Each Noticing Party shall identify the Platform they have selected to conduct any Remote Depositions they notice at least twenty-one (21) days prior to the scheduled date of the first Remote Deposition they have noticed. If any Noticing Party elects to use a different Platform at a later date, the Noticing Party shall identify the new Platform as soon as possible and no later than seven (7) days before the Platform will first be used in a Remote Deposition.

37. The first Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys. Deposing Counsel, Defending Counsel, and all Attending Counsel shall provide their respective email addresses and all email addresses of attendees from their Party, including the email address of the Witness or the Witness's Counsel, and all other persons intending to attend the deposition no later than four (4) days before the deposition. In lieu of providing the Witness's email address, Defending Counsel may elect, upon notice to the Noticing Party, to forward the email invitation and other relevant information to the Witness directly.

38. Upon the request by any Party, the Witness, or Defending Counsel, a Noticing Party whose Platform is to be used to conduct a Remote Deposition shall arrange for the Witness and all participating attorneys to participate in a test run of the Platform. Counsel will work together to ensure that the Witness has access to technology that meets the minimum standards required by the Platform. The test shall take place before the Remote Deposition.

39. Deposition participants are responsible for ensuring they have the proper hardware, software, and other equipment to participate in any Remote Deposition. Deposing

Counsel and Defending counsel respectively shall be responsible for ensuring that they have means of communicating with co-counsel or the Witness, as appropriate, during breaks in the deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communicating among co-counsel during the deposition.

40. If technical difficulties result in the inability of Deposing Counsel, Defending Counsel, or the Witness to receive the audio or video feed of a Remote Deposition or to share or access exhibits electronically during the Remote Deposition, counsel shall note any such interruption on the record and the deposition shall be suspended. If the court reporter indicates that they are unable to transcribe the deposition due to technical difficulties, the Remote Deposition shall be suspended, and the court reporter shall mark the interruption on the record.

41. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the individual or total deposition time limits.

42. In the event of technical difficulties, counsel must immediately meet and confer to determine whether a deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a deposition impracticable, the deposition shall resume at the earliest, mutually convenient opportunity.

43. Upon the resolution of technical difficulties, any portion of the Remote Deposition that has been transcribed while Defending Counsel or Deposing Counsel experienced technical difficulties must be re-read, and the disconnected counsel must be given an opportunity to object to any questions or answers that occurred in their absence.

**VIII. Exhibits.**

      44.    Pursuant to FRCP 30(f)(2), Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a deposition can be shown to the Witness in a manner that enables the Witness, court reporter, the videographer, and Defending Counsel to review the exhibits in their entirety during the course of the deposition and the ability to download the exhibit when it is introduced remotely via the Platform. If Defending Counsel cannot access a complete copy of an exhibit during a deposition, Defending Counsel shall so state on the record, and any objections that could have been made had Defending Counsel had a complete copy of the exhibit are preserved and may be asserted by serving notice of such objections within twenty-four (24) hours of receiving the complete exhibit from Deposing Counsel.

      45.    If Deposing Counsel determines that paper exhibits may be necessary to facilitate taking deposition testimony for a Remote Deposition, Deposing Counsel will meet and confer with Defending Counsel to make arrangements to provide the Witness with paper exhibits. If Defending Counsel requests paper exhibits in order to facilitate taking deposition testimony for a Remote Deposition, Defending Counsel and Deposing Counsel will meet and confer regarding the request, and if such Counsel agree to the request, will further meet and confer regarding arrangements to provide the Witness with paper exhibits.

      46.    Within three (3) business days after the deposition, the Witness shall confirm to Defending Counsel and Defending Counsel will convey to Deposing Counsel that the Witness has destroyed any copies of exhibits that were retained after the deposition, including any electronic copies that were downloaded onto the Witness's device.

47. The Witness, Defending Counsel, and any persons affiliated with the Witness or Defending Counsel shall not review any exhibit until it is introduced as an exhibit by the Deposing Counsel.

48. Unless a Party chooses to use pre-marked exhibits, the court reporter shall be responsible for marking exhibits and ensuring that such marks are communicated to all participating attorneys and the Witness on the record during the deposition. If the Platform does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and Defending Counsel during or within twenty-four (24) hours after a Remote Deposition. The court reporter will maintain the final, marked set of exhibits for each deposition.

IX.     **Confidentiality.**

49. Certain deposition testimony and/or exhibits may involve information or documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the Protective Order. Only individuals permitted to have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL information, as discussed in the Protective Order, may be present or otherwise have access to testimony during any portion of examination that covers testimony or exhibits that are deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL.

X.      **Objections.**

50. When a privilege is asserted by counsel, to the extent that the answer to a question includes some privileged information and some non-privileged information, the Witness shall provide the non-privileged information and the Witness or counsel shall note on the record that other information is being withheld pursuant to a privilege. Counsel may instruct a Witness not

to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under FRCP 30(d)(3).

## XI. Miscellaneous.

51. Notwithstanding the limits on deposition time set forth in Section IV, each side shall be afforded a reasonable opportunity to depose any person who is identified as a Witness in a pretrial order (or other similar submission in preparation for trial) but who was not previously deposed in this Litigation. Upon receiving notice of the identification of such a witness, a Party shall have five (5) days to notify the other Party of its intent to take any such protective depositions. A Party may not call any witness to testify at trial if the opposing side has not been afforded a reasonable opportunity to depose the putative witness no later than two (2) weeks before trial.

52. In the event that the Parties do not reach agreement to modify this Deposition Protocol in a particular instance, each Party reserves its respective rights to move the Court for relief from or modification of any part of this Deposition Protocol.

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: _____  _____
Kenneth M. Hoyt
United States District Judge