IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC., *et al.*,<br><br>Defendants. | Case No.: 4:23-CV-03560-KH |

**[Proposed] Order and Stipulated Protocol for Expert Discovery**

Plaintiff Federal Trade Commission and Defendant U.S. Anesthesia Partners, Inc., through their respective counsel ("Counsel"), stipulate to the following regarding expert discovery in this matter (the "Litigation").

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Scope of Protocol**

    1.1. This Order and Stipulated Protocol for Expert Discovery ("Expert Protocol") shall apply to discovery related to all testifying experts ("Experts") in this Litigation and to all Expert depositions.

    1.2. Except as provided otherwise in this Expert Protocol, expert discovery shall be governed by the Federal Rules of Civil Procedure. Notwithstanding the foregoing, nothing in this Expert Protocol is intended, or should be construed, to permit discovery or depositions of consulting, or otherwise non-testifying, experts.

    1.3. To the extent this Expert Protocol imposes limitations on discovery that would not otherwise be imposed under the Federal Rules of Civil Procedure or this Court's orders,

the parties have agreed to these limitations to increase the efficiency of their dealings with Experts and to minimize discovery disputes regarding Experts. Neither the terms of this Expert Protocol nor the parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this Expert Protocol would otherwise be discoverable or admissible.

2. **Scope of Expert Discovery**

    2.1. <u>Exemptions from Discovery</u>. Except as provided in Sections 2.2 and 2.3, the following types of information shall *not* be the subject of any form of discovery:

    a. The content of oral, written, or other communication among and between:

        i. Counsel, including Counsel's staff, agents, or employees, and an Expert or their staff, assistants, or supporting firm(s);

        ii. an Expert and their staff, assistants, or supporting firm(s);

        iii. an Expert and the staff, assistants, or supporting firm(s) of any other Expert proffered by the same party; and/or

        iv. the respective staff, assistants, or supporting firm(s) of any Experts proffered by the same party;

    b. Notes; preliminary or intermediate calculations, computations, or other data runs; and other types of preliminary work created by, for, or at the direction of an Expert in connection with the Litigation (aside from the final written Expert report(s)), including copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the Expert, the Expert's staff, assistants, and/or supporting firm(s), or Counsel, unless they constitute the only record of a fact, data, or an assumption relied upon by the Expert

    in formulating an opinion in the Litigation that is disclosed pursuant to Federal Rules of Civil Procedure 26(a)(2) or 26(b)(4);

  c.  Drafts, including without limitation, draft Expert reports, analyses, studies, opinions, declarations, affidavits, written testimony, or other work product prepared by, for, or at the direction of an Expert; and

  d.  Data formulations, data runs, data analyses, or any database-related operations not relied upon by the Expert in the opinions contained in their final Expert report, except as provided in Section 2.4.

2.2. <u>Bases for Opinions</u>. The limitations contained in Section 2.1 shall not apply to any material, information, or assumption (any of which are provided to the Expert by Counsel) that an Expert relies on as a basis for any of their opinions or reports and that is required to be disclosed under the Federal Rules of Civil Procedure.

2.3. <u>Rates, Time Worked & Amount Billed</u>. The limitations contained in Section 2.1 shall not prevent the parties from examining an Expert regarding (a) the hourly rates of the Expert and their staff, (b) the amount of time that an Expert or their staff has spent on their report and associated work in this Litigation, and (c) the total amount billed for the Expert's report and associated work in this Litigation, except that time entry narratives describing the work performed are not discoverable.

2.4. <u>Alternative Methodologies.</u> The parties are free to examine any Expert regarding any alternative methodologies that such Expert tested, could have used, or considered, including data formulations, data runs, data analyses, or any database-related operations, and the reasons, if any, that such Expert declined to use or consider such

methodologies, whether or not the Expert considered them in forming the opinions expressed.

2.5. Except as limited in Sections 2.22 through 2.44, any party may take discovery of all other documents and information provided for by Fed. R. Civ. P. 26(a)(2)(B).

## 3. Backup Materials

3.1. <u>Required Backup Materials.</u> Within three (3) business days of any party serving any Expert report and/or Expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the party or parties proffering the Expert shall produce:

   a. the documents, data, or other information relied upon by the Expert in forming their opinions;

   b. any other materials (including, but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the Expert;

   c. any exhibits that summarize or support the Expert's opinions in the report or declaration;

   d. a list of all commercially-available computer programs used in the preparation of the Expert report;

   e. a copy of any customized statistical software or other customized computer programs used by the Expert in the course of preparing the Expert report;

   f. a description of how each program and original data set was used to create a final data set; and

   g. a description of the purpose and format of each data file and program file with instructions on how replication can be conducted.

    3.2. <u>Other Disclosures.</u> Materials considered by the Expert that are not relied upon by the Expert in formulating opinions in this Litigation need not be disclosed. All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) shall be served at the same time as the Expert's report.

    3.3. <u>Production of Backup Materials.</u> The information required by Section 3.1 shall be produced electronically (via email or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an Expert relies for any of their opinion(s) in this Litigation shall be provided in machine readable format, including any data that have been cleaned, reformatted, or modified in any way from the form in which they may have been provided to the Expert. If data has been cleaned, reformatted or modified, the Expert shall provide a description of the steps taken to clean, reformat, or modify the data and, upon request, provide the data in the original form produced to the Expert. Documents that are publicly available need not be produced if they are available online for free at an internet address identified in the Expert's report/declaration. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

4. **Expert Depositions**

    4.1. <u>Scheduling Procedure.</u> On the date on which the parties are required to disclose the identity of their Experts, as set forth in the Scheduling Order issued by the Court, Counsel proffering an Expert shall provide notice of three (3) dates on which that Expert is available for a deposition. All three such dates shall be within the period for Expert depositions set forth in the Scheduling Order. Within two (2) weeks of Counsel providing potential dates for an Expert's deposition, the party noticing the deposition

shall select from among the dates offered or, if the noticing party's Counsel is unavailable on those dates, offer three (3) alternative dates.

4.2. <u>No Subpoenas Necessary.</u> No subpoenas for depositions or documents need or may be served on any Expert from whom a report or declaration is provided. Instead, the party proffering such Expert shall (a) produce all materials and information as required by the Federal Rules of Civil Procedure or this Expert Protocol, and (b) make the Expert available for deposition at a time mutually agreed to by the parties and consistent with this Expert Protocol and the Court's Scheduling Orders.

5. **Costs**. Each party shall be responsible for all costs and expenses incurred by their own Experts. The party requesting discovery of an Expert, including but not limited to noticing a deposition of an Expert, shall not be required to pay any fees for the Expert's time.

6. **Materials Relied Upon or Otherwise Discoverable**. Nothing in this Expert Protocol shall permit a party or an Expert to withhold any proposition, fact, belief, or other data, information, or material (including any assumption) on which the Expert relies in support of their opinion(s) in this Litigation or that is otherwise discoverable by order of the Court.

7. **Schedule for Expert Discovery.** The parties will disclose Experts and provide expert reports consistent with the Court's orders.

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: _____        _____
                                    Kenneth M. Hoyt
                                    United States District Judge