IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** § | | |
| *Plaintiff*, § | | |
| § | **Cause No.: 4:23-CV-03560-KH** | |
| v. § | | |
| § | | |
| **U.S. ANESTHESIA PARTNERS, INC.,** § | | |
| **ET. AL.,** § | | |
| *Defendants*. § | | |

**HORIZON MEDICAL CENTER'S MOTION TO QUASH DEFENDANT, U.S. ANESTHESIA PARTNERS, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, AND MOTION FOR PROTECTIVE ORDER**

Non-Party Horizon Medical Center ("**Horizon**") by and through its undersigned counsel, respectfully files its Motion to Quash the Subpoena improperly served upon it in the above-referenced matter by counsel for Defendant U.S. Anesthesia Partners, Inc. ("**USAP**") on Friday October 4, 2024 (the "USAP Subpoena"), and would respectfully show as follows:

### I.    SUMMARY

1.    Plaintiff, Federal Trade Commission filed suit against Defendants, U.S. Anesthesia Partners, Inc. et. al. ("**USAP**").  USAP issued a Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (hereinafter referred to as "**USAP Subpoena**") which was not properly served on Horizon, and which includes an unreasonable amount of time to comply and a number of overbroad requests, several of which seek confidential credentialing files which are privileged under the medical-committee privileges, and no subject to subpoena.  Horizon timely files this motion to quash and motion for protective order before the date of requested compliance.

2. Horizon respectfully asks the court to quash the subpoena because of the following reasons:

a. The subpoena was not properly served on Horizon's registered agent for Horizon Medical Center of Denton.

b. The subpoena does not allow a reasonable time for compliance.

c. The subpoena requires disclosure of privileged or protected material, and no exception or waiver applies.

d. The subpoena subject a nonparty to an undue burden.

## II.   FACTS

3. On September 9, 2024, USAP issued thew USAP Subpoena to for "Horizon Medical Center c/o Kim Uskovich to produce a list of materials and documents." *See attached,* Exhibit A – USAP's Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (hereinafter referred to as "**USAP Subpoena**").  The USAP Subpoena requires that USAP produce responsive documents on or before October 9, 2024.  It further seeks 22 categories of documents, many of which date back to 2010, and some of which seek confidential credentialing files which are privileged under the medical-committee privileges, and no subject to subpoena.

4. The USAP Subpoena was not properly served.  Instead, it was hand delivered to the registered agent for another facility Horizon Medical Center of McKinney, which is not yet open.  Horizon was not made aware of this subpoena until October 4, 2024, when a registered agent for Horizon Medical Center of McKinney (an entity which has not yet opened) returned from vacation and found a letter left with her receptionist.  The Return of Service was left blank.

5. The FTC also issued a subpoena seeking those documents set forth in Appendix A of USAP's Subpoena to Horizon Medical Center to Produce Documents, Information, or Objects

or to Permit Inspection of Premises in a Civil Action. The deadline to comply with the FTC subpoena is November 4, 2024 at 5:00 p.m." *See attached,* FTC's Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action (hereinafter referred to as "**FTC Subpoena**"), attached hereto as Exhibit B. Horizon subsequently accepted service of the FTC Subpoena via email.

6. Undersigned counsel notified counsel for USAP of the improper service of subpoena and requested an extension of time to object and respond to the subpoena. Specifically, undersigned counsel requested an extension of time until November 4, 2024 at 5:00 p.m., the deadline to respond to the FTC Subpoena. However, USAP agreed only to a two-day extension to serve written objections and responses to the subpoena. Such a short-time frame is unreasonable on its face and requires the Subpoena to be quashed by this Court. FED. R. CIV. P. 45(d)(3)(A)(i).

### III.   EXHIBITS

7. In support of this Horizon's Motion to Quash, Horizon submits the follow evidence:

**Exhibit A**   USAP's Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action, dated September 9, 2024;

**Exhibit B**   FTC's Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action, dated October 3, 2024; and

**Exhibit C**   Email correspondence between Counsel for Horizon and Counsel for USAP.

### IV.   ARGUMENTS AND AUTHORITIES

8. Upon a motion by a party, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including an order that discovery sought not be had. FED. R. CIV. P. 26(c). Rule 45 of the Federal Rules of

Civil Procedure sets forth several mandatory grounds under which a Court must quash a subpoena served upon a nonparty to a litigation. Specifically, Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required *must* quash . . . a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or wavier applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A) (emphasis added). Furthermore, Rule 45(d)(3)(B) allows a Court to quash the subpoena if it requires disclosure of confidential information. FED. R. CIV. P. 45(c)(3)(B). Although only one of these grounds must be satisfied before a Court is required and/or permitted to quash a subpoena, the Subpoena at issue is objectionable on all of these bases, among others, and must therefore be quashed by the Court.

**A.  The USAP Subpoena Fails to Provide a Reasonable Time for Compliance**

9.  As explained above, the Subpoena was improperly served on Horizon on Friday, October 4, 2024, and required production of numerous categories of documents by October 9, 2024. *See* USAP Subpoena, attached hereto as Exhibit A at p. 3 (Blank Return of Service). Although Undersigned Counsel promptly contacted counsel for USAP to come to an agreement on a reasonable deadline to response, counsel for USAP agreed only to a two-day extension, giving Horizon a mere five (5) business days to clear conflicts, gather documents responsive to 22 subpoena document requests, and serve objections and responses to same. See Email Correspondence Between Counsel for Horizon and Counsel for USAP, attached hereto as Exhibit C. Such a short-time frame is not within a reasonable time to comply and should be quashed.

10.  As the District Court for the Southern District of Texas noted "the Advisory Committee Notes from the 1970 Amendment clarify that the procedure governing a subpoena duces tecum is 'analogous to that provided in Rule 34.'" *Parra v. State Farm Lloyds,* Civil Action

No. 7:14-CV-691, 2015 U.S. Dist. LEXIS 185386, at *3-4 (S.D. Tex. Jan. 13, 2015). Rule 34(b)(2)(A) explicitly states that the party responding to a request for production "must respond in writing within 30 days after being served." FED. R. CIV. P. 30(b)(2)(A). Thus, the District Court for the Southern District found that "thirty days is a 'reasonable time' to respond to a subpoena duces tecum, and [the responding party] should have been given at least thirty days." *Parra,* 2015 U.S. Dist. LEXIS 185386, at *4.

11. Here, the USAP Subpoena interposes an expedited time frame that is not only unrealistic but in contravention of the provisions of the Federal Rules. Further, the expedited time frame is clearly not necessary, as Horizon has agreed to comply with the deadline set forth in the FTC's subpoena, which was properly served. Further, even if there was a legitimate reason for the expedited time frame, Horizon, a non-party, should not be subject to an unreasonable time to comply due to USAP's lack of diligence in serving the USAP Subpoena . According, because the Subpoena fails to give the Non-Parties reasonable time to comply with the Subpoena, the Subpoena must be quashed. FED. R. CIV. P. 45(d)(3)(A)(i).

**B.     The USAP Subpoena Seeks Confidential and Privileged Materials**

12. Horizon further seeks to quash the subpoena because it requires disclosure of privileged or other protected matter. *See* FED. R. CIV. P. 45(d)(3)(A)(iii); *see, e.g., RE/MAX Int'l, Inc. v. Century 21 Real Estate Corp.,* 846 F. Supp 910, 911-912 (D. Colo. 1998). The subpoena requests all documents related to "evaluating, assessing, or comparing the quality of Anesthesia Services" Horizon provides. This request is overly broad and includes applications for privileges, evaluations of physicians, and records maintained by medical committees on credentialing, which are privileged under the medical-committee privileges. Tex. Health & Safety Code Ann. §

161.032. *Garza v. Scott & White Mem. Hosp.*, 234 F.R.D. 617, 2005 U.S. Dist. LEXIS 42382 (W.D. Tex. 2005).

### C.     The Subpoena Subjects the Non-Parties to an Undue Burden

13.     Finally, Horizon seeks to quash the subpoena because it subjects Horizon, a non-party, to an undue burden and Defendant did not take reasonable steps to avoid imposing that undue burden.  A Court has broad discretion in determining whether a subpoena is unduly burdensome. *See* FED. R. CIV. P. 45(d)(1), (d)(3)(A)(iv); *Linder v. Nat'; Sec. Agency,* 94 F.3d 693, 695 (D. C. Cir. 1996); *In re Subpoena Duces Tecum to AOL, L.L.C.,* 550 F. Supp 2d 606, 612-613 (E. D. Va. 2008). If a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is unnecessarily undue. *See AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990, 995 (D.C. Cir. 2014).  Courts have found that a subpoena for documents from a nonparty is facially overbroad where the subpoena's document requests seek all documents concerning the parties to the underlying action, regarding of whether those documents relate to that action and regardless of date; the requests are not particularized; and the period covered by the requests is unlimited. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC,* 313 F.R.D. 39, 44 (N.D. Tex. 2015); *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004); *In re Subpoena Duces Tecum to AOL, LLC,* 550 F. Supp 2d at 612.  Defendant's subpoena requests all documents that identify each anesthesia provider that has provided services at any of Horizon's facilities since January 1, 2010.  This is unduly burdensome and would create an undue hardship on a non-party to compile such documents that are not relevant to the underlying action.

## V.     MOTION FOR PROTECTIVE ORDER

14.     The Court should issue a protective order because the request for documents in subpoena is over broad. *See, e.g., Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 24-25 (D.D.C. 2005). A facially overbroad subpoena is unduly burdensome. Courts have found that a subpoena for documents from a nonparty is facially overbroad where the subpoena's document requests seek all documents concerning the parties to the underlying action, regarding of whether those documents relate to that action and regardless of date; the requests are not particularized; and the period covered by the requests is unlimited. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. at 44. 19. For these reasons, Horizon asks the Court to grant its Motion to Quash and issue an order protecting Horizon from complying with the deposition by written questions and subpoena duces tecum in its entirety.

## VI.    RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

**Request For Production NO. 2**:

Objection: Horizon objects for the reason that such request is overly broad seeks information not likely to produce information relevant to this lawsuit and seeks information from confidential. Furthermore, this request in unduly burden, broad in scope and time, and Defendant did not take reasonable steps to avoid imposing that undue burden.

**Request For Production NO. 11:**

Objection: The subpoena requests all documents related to "evaluating, assessing, or comparing the quality of Anesthesia Services" Horizon provides.  This request is overly broad and includes applications for privileges, evaluations of physicians, and records maintained by medical committees on credentialing, which are privileged under the medical-committee privileges. Tex. Health & Safety Code Ann. §  161.032. *Garza v. Scott*

& *White Mem. Hosp.*, 234 F.R.D. 617, 2005 U.S. Dist. LEXIS 42382 (W.D. Tex. 2005).

Such documents are privileged, and no exception exists.

## VII.  CONCLUSION

WHEREFORE, Non-Party Horizon Medical Center respectfully requests that the Court grant its Motion to Quash Subpoena Issued by Counsel for Defendant US Anesthesia Partners, enter an order quashing said Subpoena, grant Non-Party Horizon Medical Center protection from responding to the Subpoena, and grant them such other relief to which they may be justly entitled.

Respectfully Submitted:

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, L.L.P.**

By: */s/ Carol Y. Kennedy*
**Carol Y. Kennedy**
State Bar No. 24088585
909 Fannin, Suite 3300
Houston, Texas 77010
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Carol.Kennedy@wilsonelser.com

**ATTORNEYS FOR NONPARTY, HORIZON MEDICAL CENTER**

## CERTIFICATE OF CONFERENCE

On October 4, 2024, via email, I conferred with Defendant's counsel, Kenneth M. Fetterman, regarding the bases of our motion to quash and Mr. Fetterman would not agree to an extension on the deadline to respond to the subpoena. On October 8, 2024, via email, I again attempted to confer with Mr. Fetterman regarding the bases for our motion and again he would not agree to a to extend the deadline to respond to the subpoena. A reasonable effort has been made to resolve the discovery dispute without the necessity of court intervention and the effort failed.

*/s/ Carol Y. Kennedy*
**CAROL Y. KENNEDY**

## **CERTIFICATE OF SERVICE**

  This is to certify that on October 8, 2024, I electronically served the foregoing document to all counsel of record in accordance with the Federal Rules of Civil Procedure.

              */s/ Carol Y. Kennedy*
              **CAROL Y. KENNEDY**