UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | § | |
| | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 4:23-CV-03560-KH |
| | § | |
| U.S. ANESTHESIA PARTNERS, INC. | § | |
| | § | |
|    *Defendant* | § | |

**NONPARTY, TEXANS ANESTHESIA ASSOCIATES, PLLC'S
SUPPLEMENTAL MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Nonparty, Texans Anesthesia Associates, PLLC ("TAA") files this supplemental motion to quash and motion for protective order, and asks the Court to protect TAA from U.S. Anesthesia Partners, Inc. ("USAP") and the Federal Trade Commission's ("FTC") unduly burdensome, harassing, and unreasonable subpoenas for documents, and would respectfully show the Court as follows:

    1.    Counsel for TAA has had ongoing communication with counsel for USAP and the FTC attempting to reach agreements on their respective subpoenas for documents. Counsel for USAP and the FTC have indicated that they are most interested in Requests 2, 3, 4, 5, 6, 7, 13, 15, 18, and 22. See Ex. 1, email from counsel for USAP.

    2.    TAA suggested a compromise that if USAP and the FTC would reimburse TAA for the administrator's anticipated time to search for, organize, and produce the materials, and for attorneys' fees incurred responding to the subpoenas, and subject to entry of the additional protective order currently being negotiated, TAA would provide on or

before February 14, 2025 supplemental responses to the following requests included in USAP's subpoenas:

    a. Requests 2 and 18: Agree to produce subject to TAA's compliance with any requirements in the documents to notify the other parties to the agreements;

    b. Requests 3, 5, 6, 7, 22: Agree to produce;

    c. Request 4: Agree to provide a declaration listing the number of licensed clinicians employed by Texans Anesthesia as of January 1 of each year since 2012; and

    d. Request 15: Agree to provide declaration that Texans Anesthesia has been in network with Cigna, Aetna, United, Blue Cross Blue Shield since 2012.

See Ex. 2.

3.    After reviewing the requests in more detail, TAA indicates it would mostly likely take 50-60 hours (for a total of $5,000.00-6,000.00 at a rate of $100 per hour) to search for, compile, and organize documents responsive to requests 2, 3, 5, 6, 7, 18, 22, and in response to request 4 to find information and calculate the number of licensed clinicians employed by Texans Anesthesia as of January 1 of each year since 2012. See Ex. 3. Regarding request 15, TAA confirms it has been in network with Cigna, Aetna, United Healthcare, and Blue Cross Blue Shield continuously since at least 2012. Id.

4.    Rule 45 requires that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," provides that where a party serves an objection to responding to the subpoena, that the party seeking the discovery may move the court for an order compelling production but such "order must protect a person who is neither a party

nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. Proc. 45(d)(1), (2)(B). The court "must quash or modify a subpoena that…subjects a person to undue burden." Rule 45(d)(3)(A). Alternatively, the court can impose conditions regarding a party's response to a subpoena, including that it "ensures that the subpoenaed person will be reasonably compensated." Rule 45(d)(3)(C).

5. When considering three subpoenas served on Bank of America in 2014 that sought the production of documents in 36 broad categories reaching back to 2005, the court affirmed an order to pay subpoena expenses of $166,187.50. *In re Modern Plastics Corporation*, 890 F.3d 244, 251-251 (6th Cir. 2018). A subpoena requesting all of a nonparty's emails during a six-week period was considered overbroad. *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 612 (E.D. Va. 2008).

6. The Federal Rules provide nonparties, such as TAA, "special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F3d 774, 779 (9th Cir. 1994). In determining whether a subpoena imposes an undue burden, the court should assess the burden to the subpoenaed entity, TAA, against the value of the information to the issuing party, USAP and the FTC. *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014).

7. The subject subpoenas were originally issued by USAP which is a competing anesthesiology services provider that is more than twenty times larger than TAA. The FTC describes USAP's alleged actions of acquiring smaller anesthesia groups in the Houston, Texas market (Doc. 1, ¶¶ 101-119, 261-273), such that today USAP "handles about 60% of the hospital-only anesthesia cases and accounts for almost 70% of payors' hospital-only

anesthesia costs" (Doc. 1, ¶ 117) and its 2021 Houston market share by revenue of hospital-only anesthesia services is 69.5% versus TAA's 3.1% (Doc. 1, ¶ 272).

8. The discovery imposes an undue burden on TAA, but TAA is agreeable to supplementing its responses on or before February 14, 2025 as described above if USAP and/or the FTC would reimburse TAA for the administrator's anticipated time to search for, organize, and produce the materials, and for attorneys' fees incurred responding to the subpoenas, and subject to entry of the additional protective order currently being negotiated.

WHEREFORE, Nonparty, Texans Anesthesia Associates, PLLC respectfully requests that the Court grant its Motion to Quash Subpoenas Issued by US Anesthesia Partners and the Federal Trade Commission, enter an order quashing said Subpoenas, grant nonparty, Texans Anesthesia Associates, PLLC, protection from responding to the Subpoenas, and grant it such other relief to which it may be justly entitled.

Respectfully submitted,

MAYER LLP

*/s/ Robert Smith*

_____
Robert G. Smith, Jr.
TBN: 00794661
2900 North Loop West, Ste. 500
Houston, Texas 77092
713.868.5560
E-MAIL: rsmith@mayerllp.com
E-SERVICE: bgamboa@mayerllp.com
**ATTORNEY FOR NONPARTY, TEXANS ANESTHESIA ASSOCIATES, PLLC**

## CERTIFICATE OF CONFERENCE

I have had ongoing communications with counsel for USAP and the FTC, including videoconferences on Zoom with counsel for USAP, Rebecca Beynon and Catherine Redlingshafer, on December 5 at 1:00 pm, December 11 at 12:30 pm, December 16 at 1:00 pm, and December 23 at 1:00 pm, and videoconferences on Teams with counsel for the FTC, Michael Goldenberg, on December 16 at 3:30 pm, and December 23 at 2:00 pm.

It is my understanding that USAP and the FTC may be agreeable to the supplemental responses described in the above supplemental motion but they are not agreeable to reimbursing TAA for the administrator's anticipated time to search for, organize, and produce the materials, and for attorneys' fees incurred responding to the subpoenas.



_____
Robert G. Smith, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on 27th day of December 2024 a copy of the foregoing instrument was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure.

Kara Monahan
Attorney-in-Charge
Brad Albert
Michael Arin
Dylan Herts
Leah Hubinger
Garth Huston

Tim Kamal-Grayson
Patrick Kennedy
Neal Perlman
Gary Schorr
Eric Sprague
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Tel.: (202) 326-2018
Email: kmonahan@ftc.gov
*Counsel for Federal Trade Commission*

Geoffrey M. Klineberg
Kenneth Fetterman
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Tel: (202) 326-7928
Email: gklineberg@kellogghansen.com
Email: kfetterman@kellogghansen.com
*Counsel for U.S. Anesthesia Partners, Inc.*

Ken Field
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel: (202) 637-5869
Email: ken.field@hoganlovells.com
*Counsel for Welsh, Carson, Anderson & Stowe XI, L.P.; WCAS Associates XI, LLC; Welsh, Carson, Anderson & Stowe XII, L.P.; WCAS Associates XII, LLC; WCAS Management Corporation; WCAS Management, L.P.; WCAS Management, LLC*

Carol Yolande Kennedy
Cooksey Marcin Huston PLLC
25511 Budde Rd.
Suite 2202
Spring, TX 77380
Email: carol@cmh.legal
*Counsel for Defendant, Horizon Medical Center*

Benjamin Gruenstein
Gregg Jeffrey Costa
Noah Phillips

Cravath, Swaine & Moore LLP
375 Ninth Avenue
Two Manhattan West
New York, NY 10001
Email: bgruenstein@cravath.com
Email: gcosta@gibsondunn.com
Email: nphillips@cravath.com
*Counsel for Amicus, American Investment Council*

Gary Y. Gould
Norton Rose Fulbright US LLP
1301 McKinney St.
Suite 5100
Houston, TX 77010-3095
Email: gary.gould@nortonrosefulbright.com
*Counsel for Interested Parties, Envision Healthcare Corporation and Envision Physician Services LLC*

*/s/ Robert Smith*

_____
Robert G. Smith, Jr.