# Exhibit A
# Proposed Supplemental Protective Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.<br><br>Defendants. | **Case No.: 4:23-CV-03560-KH** |

### [Proposed] Supplemental Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Supplemental Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information produced by parties and nonparties in this Litigation. The Court finds that good cause exists for entry of a Supplemental Protective Order in this Litigation to prevent unauthorized disclosure and use of confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. Except as otherwise provided herein, the terms of the Protective Order entered on May 28, 2024 (Dkt Entry 152) ("May 2024 Protective Order") are fully applicable to any documents, items, and other information produced by parties and nonparties in the Litigation. The terms used in this Supplemental Protective Order have the same definitions set forth in the May 2024 Protective Order.

2. Confidential and Highly Confidential Material includes those materials set forth in Paragraph 2(d) of the May 2024 Protective Order, and also includes trial or hearing testimony, or exhibits thereto, that contain or summarize the content of Confidential or Highly Confidential material. Such materials shall be treated as presumptively Confidential or Highly Confidential, unless the Producing Entity consents to such materials being de-designated or the Court finds that such materials do not warrant such designations.

3. Notwithstanding paragraph 10(f) of the May 2024 Protective Order, materials designated as Highly Confidential may not be disclosed to anyone other than those identified in paragraph 4 of the May 2024 Protective Order, including at any hearing or trial in this Litigation, unless the Producing Entity has consented to that disclosure.

4. For any pretrial motions, the parties will follow paragraph 9 of the May 2024 Protective Order for filing Confidential and Highly Confidential Materials under seal. If the motion requires a hearing, during the hearing parties and nonparties will endeavor to address confidentiality in a narrowly tailored way to avoid sealing the courtroom. To the extent a party opposes or intends to oppose a Producing Entity's confidentiality designation under paragraph 7 or paragraph 9 of the May 2024 Protective Order and the Court has not ruled on the issue at the time of the hearing, the asserted designation shall remain in effect during the hearing.

5. For trial, any party identifying a document designated as Highly Confidential on its exhibit list will provide the Producing Entity notice of intent to use that document at trial at the same time the party files its exhibit list with the Court. The parties and nonparties will meet and confer regarding the Highly Confidential information contained in the documents or testimony to reach agreement that will minimize the burden on the Court and the public with respect to sealing the courtroom. Parties and nonparties will endeavor to address confidentiality in a narrowly

tailored way to avoid sealing the courtroom, including by showing the public redacted documents, showing witnesses documents but not the public, and structuring testimony to avoid eliciting Highly Confidential information or addressing all Highly Confidential information at the start or end of an examination. If the parties and nonparties are unable to reach agreement, the party or nonparty seeking sealing will move the Court no later than three (3) days before Docket Call.

**IT IS SO ORDERD.**

Dated: _____

_____
Kenneth M. Hoyt
United States District Judge