IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ANESTHESIA PARTNERS, INC.,<br><br>Defendant. | Case No. 4:23-CV-03560-KH |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO COMPEL
DEPOSITION OF NON-PARTY DR. PAUL KLOTMAN**

Dr. Paul Klotman, the President of Baylor College of Medicine ("BCM"), personally negotiated and executed an illegal price-setting agreement between BCM and defendant U.S. Anesthesia Partners, Inc. ("USAP") that gives rise to some of plaintiff Federal Trade Commission's ("FTC") claims. Compl. ¶¶ 201-03, Counts I, VIII-IX. Despite the manifest relevance of Dr. Klotman's testimony to this litigation, counsel for BCM refuse to produce him for deposition absent a court order. Because Dr. Klotman has personal knowledge about the negotiation and execution of the USAP-BCM agreement that cannot be obtained from any other witness, the Court should order that he sit for deposition.

**NATURE AND STAGE OF PROCEEDINGS**

Pursuant to the First Amended Scheduling Order (ECF 173), discovery in this case began on May 13, 2024, and fact discovery will close on April 30, 2025. On June 7, 2024, the FTC served a subpoena for the production of documents on BCM. Declaration of Laura R. Hall in Support of Plaintiff Federal Trade Commission's Motion to Compel Deposition of Non-Party Dr. Paul Klotman ("Hall Decl.") ¶ 2. BCM's production of responsive documents concluded in

1

December 2024. *Id.* ¶ 3. On a January 6, 2025 videoconference, counsel for the FTC requested that BCM provide available dates for deposition for certain employees, including Dr. Klotman. *Id.* ¶ 4. The FTC renewed this request by email on January 14, January 28, February 3, and February 10. *Id.* ¶¶ 5-8. On a February 11, 2025 telephone call, counsel for BCM stated that BCM would not present Dr. Klotman for deposition absent a court order. *Id.* ¶ 9. Counsel for the FTC noted Dr. Klotman's personal involvement in negotiating and executing a price-setting agreement specifically alleged in the FTC's complaint and asked that BCM reconsider its position. *Id.* After a week without response, the FTC served a deposition subpoena on BCM counsel on February 18, 2025, and requested that BCM advise whether it was maintaining its prior refusal to comply. *Id.* ¶¶ 10-11, Exs. 5-6. BCM did not respond to that communication but confirmed during a February 24, 2025 telephone call that it will oppose this motion. *Id.* ¶ 12.

## ISSUES TO BE DECIDED BY THE COURT

Whether the FTC is entitled to depose a third party who personally negotiated and executed an illegal price-setting agreement with USAP that is the basis of some of the FTC's claims.

## BACKGROUND

The FTC's complaint alleges that BCM and USAP entered into an illegal price-setting agreement in 2014, pursuant to which USAP billed for the services of anesthesiologists employed by its competitor BCM under USAP's insurance contracts, which carried higher reimbursement rates, rather than under BCM's own agreements with the same insurers. Compl. ¶¶ 201-03. USAP remitted to BCM ████████ for its physicians' services. *Id.* ¶ 203. This agreement continued in effect until through 2020. *Id.* As a result of this agreement, USAP was paid millions of dollars for anesthesiology services provided by BCM physicians. Hall Decl. ¶ 23, Ex. 17 at 22-23.

2

In discovery to date, the FTC has identified Dr. Paul Klotman, President of BCM, as the principal participant in the negotiation and execution of the price-setting agreement on behalf of BCM. *Id.* ¶¶ 14-23, Exs. 8-17. Contrary to USAP's claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the documentary record indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Specifically, in internal e-mails USAP executives observed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 16, Ex. 10. Dr. Klotman's correspondence bears this out, showing that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 18-19, 21, Exs. 12-13, 15. He also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 20, Ex. 14. Finally, Dr. Klotman executed the price-setting agreement on behalf of BCM. *Id.* ¶ 22, Ex. 16. The sequence of events disclosed in the BCM documents is inconsistent in material respects with USAP's account of the origin of the BCM-USAP agreement. *Compare id.* ¶ 13, Ex. 7 *with* ¶ 23, Ex. 17.

On January 6, 2025, the FTC requested that BCM provide a date on which Dr. Klotman would be available for deposition. *Id.* ¶ 4. For over a month, the FTC repeatedly requested this information without success. *Id.* ¶¶ 5-8. Finally, on February 11, 2025, counsel for BCM stated that Dr. Klotman would not sit for a deposition in the absence of a court order compelling him to do so. *Id.* ¶ 9. Counsel for the FTC asked BCM to reconsider its position given Dr. Klotman's personal knowledge of the circumstances surrounding the price-setting agreement. *Id.* After a week without any further communication, the FTC served a subpoena for Dr. Klotman's deposition and requested that BCM advise whether it would comply with the subpoena. *Id.*

3

¶¶ 10-11, Ex 5. To date, BCM has not responded, though on a February 24, 2025 call counsel confirmed BCM will oppose this motion. *Id.* ¶ 12. The deposition is scheduled for March 7, 2025, but the FTC is filing its motion now because BCM has already stated its refusal to comply with the subpoena and to ensure that the motion is resolved and the deposition can occur before the close of fact discovery on April 30, 2025.

## LEGAL STANDARD

"A party may, by oral questions, depose any person . . . without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality is assessed by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A person seeking to avoid a deposition bears the burden of showing good cause. *See Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990). In *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979), the Fifth Circuit held that a district court would err in prohibiting altogether the deposition of a senior employee "absent extraordinary circumstances." *Id.* at 651. District courts applying *Salter* have permitted depositions of senior executives who have "unique, personal knowledge on issues relevant to the case." *Texas v. Google LLC*, 347 F.R.D. 490, 494-98 (E.D. Tex. 2024) (collecting cases and ordering Google co-founder and CEO to sit for depositions); *see also In re Tylenol (Acetaminophen) Marketing, Sales Pracs. and Prods. Liab. Litig.*, Civil Action No. 14–mc–00072, 2014 WL 3035791, at *3 (E.D. Pa. July 1, 2014)

(compelling deposition of non-party CEO because discovery showed him to have had active involvement in, and unique knowledge of, the business activities at issue in the action).

## ARGUMENT

Evidence from Dr. Klotman is relevant to the FTC's antitrust claims against USAP arising from the BCM-USAP price-setting agreement and therefore well within the broad scope of discovery under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1). The FTC is entitled to discovery from BCM's lead negotiator about the reasons for and functioning of that agreement, and only Dr. Klotman can speak to his goals for the agreement. *See* Hall Decl. ¶¶ 14-21, 23, Exs. 8-15, 17. The need for Dr. Klotman's evidence is heightened because the version of events USAP relates in its response to interrogatories is inconsistent in material respects with the documents produced by BCM. *See Murillo Modular Group, Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6139096, at *9 (N.D. Tex. Oct. 20, 2016) ("Information relevant to a party's or likely witness's credibility may fall within Rule 26(b)(1)'s scope.") (citations omitted).

The Rule 26(b)(1) proportionality factors also favor ordering Dr. Klotman's deposition. The FTC's enforcement of federal antitrust laws is a matter of substantial public interest, and USAP was paid ▮▮▮▮▮▮▮▮▮▮ for services performed by BCM physicians. Hall Decl. ¶23, Ex. 17 at 22-23. Dr. Klotman has unique knowledge of both BCM's objectives for the agreement and the substance of BCM's negotiations with USAP. *See id.* ¶¶ 14-21, 23, Exs. 8-15, 17. BCM is well-resourced and represented by sophisticated counsel, so participating in a deposition does not pose a risk of hardship. While preparing for and participating in a deposition will take Dr. Klotman away from his official duties for some time, the fact that a witness is a busy executive is not an extraordinary circumstance warranting denial of the opportunity to depose him. *See Google*, 347 F.R.D. at 494-98 and cases cited therein; *In re Tylenol*, 2014 WL 3035791, at *3.

## CONCLUSION

For the foregoing reasons, the Court should grant the FTC's motion to compel BCM to produce Dr. Klotman for deposition.

February 25, 2025                                        Respectfully submitted,

/s/ Laura R. Hall
Laura R. Hall
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3282
Email: lhall1@ftc.gov

## CERTIFICATION OF CONFERRAL

I, Laura R. Hall, counsel for the Federal Trade Commission, spoke with Sara Brinkmann, counsel for Baylor College of Medicine, regarding the substance of this motion by videoconference and teleconference on January 6, 2025, and February 11, 2025. Also present at the January 6, 2025 videoconference were FTC attorneys Dylan Herts and Timothy Slattery, FTC paralegal Afraa Syed, and BCM counsel Mandie Cash. I also contacted Ms. Brinkmann by email on January 14, January 28, January 3, and February 10 to request a date for Dr. Klotman's deposition. On February 18, 2025, I served the subpoena for Dr. Klotman's deposition on Ms. Brinkmann by email and requested that she advise me whether BCM was maintaining its refusal to produce Dr. Klotman absent a court order. As of the date of this filing, Ms. Brinkmann has not responded.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 24, 2025, in Gardiner, New York.

> /s/ Laura R. Hall
> Laura R. Hall
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> Tel: (202) 326-3282
> Email: lhall1@ftc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2025, I electronically filed a true and correct copy of the foregoing document, the Declaration of Laura R. Hall in Support of Plaintiff Federal Trade Commission's Motion to Compel Deposition of Non-Party Dr. Paul Klotman, and the Proposed Order Granting Plaintiff Federal Trade Commission's Motion to Compel Deposition of Non-Party Dr. Paul Klotman using the United States District Court for the Southern District of Texas's CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document, the Declaration of Laura R. Hall in Support of Plaintiff Federal Trade Commission's Motion to Compel Deposition of Non-Party Dr. Paul Klotman, and the Proposed Order Granting Plaintiff Federal Trade Commission's Motion to Compel Deposition of Non-Party Dr. Paul Klotman on the following counsels via electronic mail:

| | |
|---|---|
| Sara Brinkmann<br>Mandie Cash<br>King & Spalding LLP<br>1100 Louisiana Street, Suite 4100<br>Houston, Texas 77002<br>Tel: 713-751-3279<br>sbrinkmann@kslaw.com<br>mcash@kslaw.com | Kenneth M. Fetterman<br>Rebecca A. Beynon<br>Kellogg, Hansen, Todd,<br>Figel & Frederick, P.L.L.C.<br>1615 M Street, NW, Suite 400<br>Washington, D.C. 20036<br>Tel: 202-326-7900<br>kfetterman@kellogghansen.com<br>rbeynon@kellogghansen.com |
| *Counsel for Baylor College of Medicine* | *Counsel for U.S. Anesthesia Partners* |

/s/ Laura R. Hall
Laura R. Hall
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3282
Email: lhall1@ftc.gov