IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC., <br><br> Defendant. | Case No. 4:23-CV-03560-KH |

**DECLARATION OF LAURA R. HALL IN SUPPORT OF
PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION
TO COMPEL DEPOSITION OF NON-PARTY DR. PAUL KLOTMAN**

1. My name is Laura R. Hall. I am an attorney for the Federal Trade Commission ("FTC"). This declaration relates to the FTC subpoena for the deposition of Dr. Paul Klotman, including the documents produced by his employer, non-party Baylor College of Medicine ("BCM"), showing his relevance to the above-captioned case, and communications with counsel for BCM relating to the deposition. The facts set forth in this declaration are based on my personal knowledge.

2. On June 7, 2024, the FTC served a subpoena for the production of documents on BCM.

3. BCM completed its production of documents responsive to the subpoena in December 2024.

4. On January 6, 2025, I participated in a videoconference with Sara Brinkmann, outside counsel for BCM, and asked her to provide deposition dates for Dr. Klotman and two other BCM employees.

5. On January 14, 2025, I emailed Ms. Brinkmann to ask when she expected to be able to provide deposition dates for the three employees. She responded that "[w]e should be able to get

1

back to you in the next few weeks with proposed dates." A true and correct copy of that correspondence is attached hereto as Exhibit 1.

6. On January 28, 2025, I emailed Ms. Brinkmann to ask for proposed dates for the BCM employee depositions. She responded that "We are hoping to get you proposed dates by the end of this week or early next." A true and correct copy of that correspondence is attached hereto as Exhibit 2.

7. On February 3, 2025, Ms. Brinkman sent me an email providing a date for one BCM employee to be deposed and noting that "[w]e are still working with [another employee] as well to propose dates to you." I promptly responded to ask whether I had missed a date being proposed for Dr. Klotman. Ms. Brinkmann did not respond. A true and correct copy of that correspondence is attached hereto as Exhibit 3.

8. On February 10, 2025, I emailed Ms. Brinkmann to request that she "please confirm today that [BCM] will provide a deposition date for Dr. Klotman" and noted that, "[i]f not, we will proceed with serving a subpoena and filing a motion to compel compliance." Ms. Brinkmann responded the following day requesting that I let her know when I was available to discuss the request for Dr. Klotman's deposition. A true and correct copy of that correspondence is attached hereto as Exhibit 4

9. On February 11, 2025 at 2:30 PM Central Time, I spoke with Ms. Brinkmann by telephone, and she advised me that BCM would not present Dr. Klotman for deposition without a court order. I reminded her of Dr. Klotman's personal involvement in negotiating and executing an illegal price-setting agreement as alleged in the FTC's complaint and requested that she reconsider. Ms. Brinkmann asked for my availability for a follow-up call, which I provided for both later that day and the following day, but Ms. Brinkmann has not called or emailed since.

10. Attached hereto as Exhibit 5 is a true and correct copy of the subpoena for Dr. Klotman's testimony that I served on BCM counsel by email at 9:08 AM Central Time on February 18, 2025.

11. In my email serving the subpoena, I requested that Ms. Brinkmann advise me by the end of the day whether BCM was maintaining its position on Dr. Klotman's deposition and, failing any response, I would assume that BCM continued to refuse to produce Dr. Klotman for deposition absent a court order. A true and correct copy of that correspondence is attached hereto as Exhibit 6.

12. Counsel for BCM did not respond to the subpoena or the request for its position on producing Dr. Klotman. On February 24, 2024, I called Ms. Brinkmann to request consent for our motion to file temporarily under seal, and she informed me that she consents to that relief but objects to this motion to compel.

13. Attached hereto as Exhibit 7 is a true and correct copy of a January 30, 2014 letter



14. Attached hereto as Exhibit 8 is a true and correct copy of a document produced by BCM containing minutes of June 12, 2014 meeting among ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The minutes record ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Nothing in the minutes indicates that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

15. Attached hereto as Exhibit 9 is a true and correct copy of an email chain produced by BCM dated June 26, 2014 among ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in which Dr. Klotman writes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16. Attached hereto as Exhibit 10 is a true and correct copy of an email chain produced by USAP dated June 26, 2014 in which USAP executives discuss the June 25, 2014 dinner meeting. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17. Attached hereto as Exhibit 11 is a true and correct copy of an email chain produced by BCM dated July 2, 2014 between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18. Attached hereto as Exhibit 12 is a true and correct copy of an email chain produced by BCM dated July 3, 2014 between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19. Attached hereto as Exhibit 13 is a true and correct copy of an email chain produced by BCM dated July 9, 2014 in which Dr. Klotman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20. Attached hereto as Exhibit 14 is a true and correct copy of an email chain produced by BCM dated July 24, 2014 in which Dr. Klotman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

███████████████████████████████████████████

21.     Attached hereto as Exhibit 15 is a true and correct copy of an email produced by USAP dated October 16, 2014, in which ███████████████████████

███████████████████████████████████████████

███████████████████████████████████

22.     Attached hereto as Exhibit 16 is a true and correct copy of a document produced by BCM dated October 23, 2014 entitled Anesthesia Services Collaboration Agreement between BCM and USAP. Dr. Klotman's signature on behalf of BCM appears at page 14 of the document. Baylor St. Luke's Medical Center is not a party to the agreement.

23.     Attached hereto as Exhibit 17 is a true and correct copy of USAP's Objections and Responses to the FTC's First Set of Interrogatories. In response to Interrogatory No. 8, regarding negotiation of the Anesthesia Services Collaboration Agreement between BCM and USAP, USAP states ███████████████████████████████

███████████████████████████████████████████

█████████ Ex. 17 at 21-22. In response to Interrogatory No. 9, regarding the amount of money received by USAP pursuant to the Anesthesia Services Collaboration Agreement between BCM and USAP, USAP ████████████████████████████

████████████████████████ *Id.* at 22-23. USAP's response to this interrogatory also states █████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████*Id.*

24.     Attached hereto as Exhibit 18 is a true and correct copy of USAP's Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1). ████████████

5

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ Ex. 18 at 2 & Ex. C at 9.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 25, 2025, in Gardiner, New York.

/s/ Laura R. Hall
Laura R. Hall
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel: (202) 326-3282
Email: lhall1@ftc.gov