# Exhibit 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **Case No. 4:23-CV-03560-KH** |
| **U.S. ANESTHESIA PARTNERS, INC.** | § § § | |
| *Defendant.* | § § § | |

**NON-PARTY NORTHWEST ANESTHESIOLOGY & PAIN
SERVICES, P.A.'S RESPONSES AND OBJECTIONS TO SUBPOENA**

TO:    Plaintiff, the Federal Trade Commission, by and through its counsel of record, Kara Monahan, 600 Pennsylvania Ave, NW, Washington, DC 20580.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Northwest Anesthesiology & Pain Services, P.A. ("NWAP") serves these responses to the Federal Trade Commission's Subpoena served on October 1, 2024.

Respectfully submitted,

**REESE MARKETOS LLP**

By: /s/ Andrew O. Wirmani
     Andrew O. Wirmani
     Texas Bar No. 24052287
     andrew.wirmani@rm-firm.com
     Allison N. Cook
     Texas Bar No. 24091695
     allison.cook@rm-firm.com
     750 N. Saint Paul St., Suite 600
     Dallas, Texas 75201-3201
     214.382.9810 telephone
     214.501.0731 facsimile

**ATTORNEYS FOR NORTHWEST ANESTHESIOLOGY & PAIN SERVICES, P.A.**

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure on October 11, 2024.

Kara Monahan
kmonahan@ftc.gov

Kenneth M. Fetterman
kfetterman@kellogghansen.com

/s/ Andrew O. Wirmani
Andrew O. Wirmani

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      NWAP objects that the definitions of "YOU" and "YOUR" are overly broad and unduly burdensome. NWAP does not have possession, custody, or control over the records of all its predecessors, joint ventures, agents, representatives, consultants, contractors, employees, attorneys, experts, and economists. Furthermore, even if NWAP could search the records of these persons and entities, it would be highly burdensome to do so, and these searches would likely not result in responsive communications. As such, NWAP will not agree to search as to each of the persons and entities specified in this definition.

2.      NWAP objects that the definition of "DOCUMENT(S)" is overly broad and unduly burdensome because it includes media and repositories that are not easily searched (including those that cannot be searched electronically) and not likely to contain responsive materials. Furthermore, the definition is overly broad and unduly burdensome because it purports to include cellular phones, laptops, and personal computers that would need to be collected separately for each device and cannot be readily obtained from a central repository.

3.      NWAP objects that the definition of "ELECTRONICALLY STORED INFORMATION" is overly broad and unduly burdensome because it includes media and repositories that are not easily searched (including those that cannot be searched electronically) and not likely to contain responsive materials. Furthermore, the definition is overly broad and unduly burdensome because it purports to include cellular phones, laptops, and personal computers that would need to be collected separately for each device and cannot be readily obtained from a central repository.

4.      NWAP objects that the definition of "COMMUNICATION" is overly broad and unduly burdensome because it includes media and repositories that are not easily searched

(including those that cannot be searched electronically) and not likely to contain responsive materials. Furthermore, the definition is overly broad and unduly burdensome because it purports to include cellular phones, laptops, and personal computers that would need to be collected separately for each device and cannot be readily obtained from a central repository.

5.     NWAP objects that the instruction to produce all Documents that NWAP "has[s] the right to secure . . . from another Person having possession thereof" is overly broad and unduly burdensome. NWAP does not have possession, custody, or control over materials possessed by all these persons. In addition, it would be highly burdensome to search the files of all these persons.

6.     NWAP objects that the instruction to produce "all Communications to, from, between, or among representatives, officers, directors, employees, agents, servants, and anyone acting on behalf" of a specified entity" is overly broad and unduly burdensome. NWAP does not have possession, custody, or control over materials possessed by all these persons. In addition, it would be highly burdensome to search the files of all these persons.

7.     NWAP objects that the instruction that the "relevant time period for all requests is from January 1, 2012, to the present" is overly broad and unduly burdensome. NWAP, a nonparty, would have to collect, review, and produce thousands, if not hundreds of thousands, of documents to comply with this time frame. The cost and burden on NWAP far outweighs any limited benefit USAP would gain from production of such documents.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications—including, but not limited to, Communications between You and Your representatives, on the one hand, and any third party, including governmental entities, on the other—relating to the Complaint, the Action, the FTC Investigation, or any purported anticompetitive conduct by USAP or Welsh Carson. This request includes, but is not limited to, all Documents produced in response to *any* subpoena, civil investigative demand, information request, informal request, or document request or any other request for information (voluntary or compelled) issued or made in any investigation, the FTC Investigation, the Action, or any related action.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, seeks information that is not relevant to the claims at issue in this case, constitutes an impermissible fishing expedition, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents relating to the Complaint" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.2004). 392 F.3d at 818.

USAP's request is beyond broad, as it seeks documents that are neither relevant nor particularly described. Furthermore, the burden on NWAP in the production of these documents is immense compared to the negligible amount of relevant information it may provide to USAP. USAP requests "all Documents produced in response to any subpoena, civil investigative demand, information request, informal request, or document request or any other request for information (voluntary or compelled) issued or made in any investigation, the FTC Investigation, the Action, or any related action." This would no doubt include thousands of documents, from over the course of twelve years, that are completely irrelevant to the case at hand.

NWAP will not search for or produce documents responsive to this request.

**REQUEST NO. 2**: All contracts or Agreements with Hospitals, ASCs, or other facilities in the State of Texas where You have provided Anesthesia Services, including, but not limited to, the following:

      a.      Documents sufficient to show any Subsidy You received from a Hospital, ASC, or other facility for the provision of Anesthesia Services;

b.    Documents sufficient to show Your coverage obligations between You and any Hospital, ASC, or other facility, including any obligations relating to the availability of physicians or CRNAs; whether in-house or on-call coverage is needed; and whether specialized coverage is required for specific departments within Your facility/facilities (e.g., trauma or cardiac care);

c.    Documents sufficient to show any nonmedical or administrative services (including, but not limited to, scheduling and billing) provided by You to any Hospital, ASC, or other facility, including any changes over time;

d.    Documents sufficient to identify whether You acted as the exclusive Anesthesia Provider at any Hospital, ASC, or other facility; and

e.    Documents sufficient to show the identity of each Hospital, ASC, or other facility at which You provided Anesthesia Services, including its address, zip code, and facility identification number (e.g., Medicare Provider Number), and whether it offered Inpatient Services, Outpatient Services, or both.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" the information lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request essentially seeks all documents related to NWAP's business relations with its clients over the past twelve years. This would likely include thousands, if not hundreds of thousands, of documents that NWAP would have to collect, review, and produce. Those business relations are irrelevant to the underlying litigation. Furthermore, the burden of producing these documents would be grossly outweighed by the immense costs of their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications relating to the termination of any contractual relationship between You and a Hospital, ASC, or other facility located in the State of Texas. This request includes, but is not limited to, Documents or

Communications discussing, analyzing, or assessing the reason(s) why any such contractual relationship ended (and if You terminated the relationship, the reasons why You did so), as well as feedback or complaints You have received relating to (i) Your Network Status, (iii) any Subsidy You requested or required, or (iii) the quality of Your Anesthesia Services or other services You provided.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents relating to the termination of any contractual relationship" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and communications relating to the termination of NWAP's contractual relationships is completely irrelevant to the underlying litigation. Furthermore, production of twelve years worth of documents would be an incredibly costly burden to impose on a non-party such as NWAP.  In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**: Documents sufficient to show, on an annual basis, the number of Clinicians who worked at Your practice and the number of Clinicians who were physicians, CRNAs, and CAAs.

**RESPONSE:** NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if

the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents related to the number of Clinicians NWAP has employed is irrelevant to the underlying litigation. Furthermore, USAP's request is overbroad and would place a significant burden on NWAP, while providing little to no benefit to Defendants. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**: Documents Relating to any attempt You have made to establish a new relationship with a Hospital, ASC, or other facility or to maintain any existing relationship, including, but not limited to, the following:

a.    Any bids or responses to requests for proposals from Hospitals, ASCs, or other facilities that You prepared or submitted; and

b.    Documents or Communications reflecting any challenges or competition You face in seeking to establish or maintain a relationship with a Hospital, ASC, or other facility.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents relating to any attempt…" and "documents reflecting challenges or competition" lack the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and communication's relating to NWAP's negotiations with potential clients is irrelevant to the underlying litigation. Furthermore, production of twelve years worth of documents would be an incredibly costly burden to impose on a non-party such as NWAP, while providing little to no benefit to Defendants. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be

confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**: Documents and Communications with Hospitals, ASCs, or other facilities relating to any Subsidy You or the Hospital, ASC, or other facility negotiated, calculated, requested, or agreed to between January l, 2010, and the present.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, documents and communications "relating to" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and communication's relating to subsidies "negotiated, calculated, requested, or agreed to" is irrelevant to the underlying litigation. Furthermore, production of fourteen year's worth of documents would be an incredibly costly burden to impose on a non-party such as NWAP, while providing little to no benefit to USAP. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**: Documents concerning any evaluation or analysis (whether conducted by You or by a consultant or other third party) of the Subsidies You receive, have requested, or plan to request from any Hospital, ASC, or other facility, or of how those Subsidies compare to those received or requested by any other Anesthesia Service Provider.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents

concerning" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

Any subsidies (and evaluations and analyses related to same) received by NWAP are irrelevant to the underlying litigation. Furthermore, production of twelve years' worth of documents would be an incredibly costly burden to impose on a non-party such as NWAP, while providing little to no benefit to USAP. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**: Documents or data sufficient to identify how You track, measure, or assess the quality of Your Anesthesia Services, including, but not limited to, the following:

      a.     Documents assessing or reflecting Your performance under those metrics;
      b.     Documents and Communications with Hospitals, ASCs, or other facilities concerning the quality of Your Services or Your quality reporting; and
      c.     Documents and data from third parties assessing the quality of Your Anesthesia Services or Your quality reporting practices, protections, and protocols, including Communications, presentations, audits, and reports from any third party reflecting any such evaluation or assessment.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to identify" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested. Similarly, USAP has not defined the word "quality."

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if

the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and data that "identify how You track, measure, or assess the quality of Your Anesthesia Services…" is a vague, overbroad request that would require USAP to collect and search thousands, if not hundreds of thousands, of documents that span twelve years. This would be an incredibly costly burden to impose on a non-party such as NWAP, while providing little to no benefit to USAP. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**: Documents sufficient to identify all complaints You have received concerning the Anesthesia Services You have provided in the State of Texas.

RESPONSE: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to identify" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents related to complaints against NWAP is irrelevant to the underlying litigation. Costs of production of these documents would vastly outweigh any benefit provided to USAP by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**: All Merit-based Incentive System ("MIPS") performance reports You have received for Anesthesia Services You provided in the State of Texas.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents related to NWAP's MIPS performance reports is entirely irrelevant to the case at hand against Defendants. Costs of production of these documents would vastly outweigh any benefit provided to USAP by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**: All data You provided to the Centers for Medicare & Medicaid as part of the Physician Quality Reporting System, MIPs, or MIPS Value Pathways relating to Anesthesia Services You provided in the State of Texas.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for **all** data provided "to Medicare & Medicaid as part of the Physician Quality Reporting System, MIPs, or MIPS Value Pathways relating to Anesthesia Services You provided in the State of Texas" is an overbroad, vague request that would yield only documents that are irrelevant to the underlying litigation. Costs of production of these documents would vastly outweigh any benefit provided to USAP by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**: All data related to quality measures and quality reporting You provided to the Anesthesia Quality Institute relating to Anesthesia Services You provided in the State of Texas.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "data relating to" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for "all data" is an overbroad, vague request that would yield only documents that are irrelevant to the underlying litigation. Costs of production of these documents would vastly outweigh any benefit provided to USAP by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13**: Documents sufficient to show the results of any patient surveys, including, but not limited to, those generated by SurveyVitals (Qualtrics), that You have performed or solicited relating to Your Anesthesia Services or other services You provided in the State of Texas.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

Defendants' request for documents related to patient surveys performed by NWAP is an entirely overbroad request that would provide no relevant documents for Defendants' case. Costs of production of these documents would vastly outweigh any benefit provided to Defendants by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. NWAP also objects to the request to the extent it requests information protected by HIPAA. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14**: Documents concerning actual or potential competition You face in the provision of Anesthesia Services in the State of Texas, including:

      a.     Documents sufficient to show who You view as actual or potential competitors;

      b.     Documents concerning Your share of any market for Anesthesia Services in the State of Texas, including Documents identifying or discussing third-party estimates or analyses of Your market share;

      c.     Documents sufficient to identify all methods and metrics You use to assess whether and to what extent other Anesthesia Service Providers are actual and/or potential competitors;

      d.     Documents concerning actual or perceived barriers to entry or expansion for Anesthesia Service practices; and

      e.     Documents and Communications reflecting any analysis, evaluation, or assessment of how often and why any Hospital, ASC, or other facility selected You or a competing Anesthesia Service Provider.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects

to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents concerning" and "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents that concern "actual or potential competition You face" is a vague and overbroad, request. Costs of production of these documents would vastly outweigh any benefit provided to USAP by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15**: Documents sufficient to show the time period(s) when You have been In Network and when You have been Out of Network in the State of Texas (or any MSA within the State of Texas) with any Commercial Healthcare Insurer.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request is overbroad and vague in that it seeks documents to show a "time period." Furthermore, the time periods in which NWAP has been In or Out of Network is irrelevant to the

underlying litigation. Costs of production of these documents would vastly outweigh any benefit provided to Defendants by their production. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

Finally, USAP has served virtually identical subpoenas on several different anesthesia providers. Accordingly, it is far less burdensome for them to seek this type of information directly from the private insurance carriers who maintain the documents.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16**: Documents and Communications discussing or evaluating any potential benefits or downsides of being In Network or Out of Network State of Texas (or any MSA within the State of Texas) with any Commercial Healthcare Insurer.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and communications "evaluating any potential benefits or downsides of being In Network or Out of Network State of Texas (or any MSA within the State of Texas) with any Commercial Healthcare Insurer" is a vague and overbroad request that does not adequately describe the documents USAP is seeking. The documents requested are also irrelevant to the underlying litigation. In other words, how NWAP evaluates the pros and cons of being in or out of network has nothing to do with the claims or defenses at issue in this case. Furthermore, the cost of identifying, collecting, reviewing, and producing the likely hundreds of thousands of documents that could fit this description would vastly outweigh the likely negligible benefit to the USAP. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17**: Documents or data sufficient to show whether and, if so, under what circumstances, You engaged in Balance Billing.

**RESPONSE:** NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's requests for documents pertaining to if NWAP engaged in Balance Billing is irrelevant to the underlying litigation. The cost for NWAP to collect, search, and produce documents far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18**: All Agreements between You and any Commercial Healthcare Insurer between January 1, 2010, and the present.

**RESPONSE:** NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for agreements between NWAP and any Commercial Healthcare Insurer over the course of the past fourteen years is facially overbroad, as it is seeking thousands of documents that have no relevance to the underlying litigation, and instead places a massive expense and

inconvenience upon NWAP, a non-party. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

Finally, USAP has served virtually identical subpoenas on several different anesthesia providers. Accordingly, it is far less burdensome for them to seek this type of information directly from the private insurance carriers who maintain the documents.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19**: Documents and Communications relating to Tuck-in Clauses, including, but not limited to, any Documents and Communications concerning negotiations with Commercial Healthcare Insurers about Tuck-in Clauses in a contract or Agreement.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents relating to" or "documents concerning" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents and communications related to "Tuck-in Clauses" is irrelevant to the underlying litigation. The cost and burden on NWAP to collect, review, and produce documents responsive to this request far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20**: All Documents and Communications analyzing, evaluating, measuring, or assessing the actual or potential impact of the Federal No Surprises Act or the Texas Surprise Billing Law on You, other Anesthesia Service Providers, Hospitals, ASCs, other facilities and/or Commercial Healthcare Insurers, including, but not limited to, any impact

on Your negotiations or negotiating strategy with Commercial Healthcare Insurers and/or Hospitals, ASCs, or other facilities.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for NWAP's documents and communications "analyzing, measuring, or assessing" various laws is irrelevant to the underlying litigation. The cost and burden on NWAP to collect, review, and produce documents responsive to this request far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 21**: Documents sufficient (i) to identify each arbitration or independent dispute resolution proceeding involving You and a Commercial Healthcare Insurer in the State of Texas that raises claims under the Federal No Surprises Act or the Texas Surprise Billing Law; (ii) to show which side prevailed in the proceeding; and (iii) to show the time period (in days) between the issuance of any award and Your receipt of payment from the Commercial Healthcare Insurer.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to identify" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity

with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents related to NWAP's legal proceedings does not seek documents that are relevant to the underlying litigation. The cost and burden on NWAP to collect, review, and produce documents responsive to this request far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22**: Documents sufficient to identify each acquisition (of or by You), partnership, or merger You have made or considered making with another Anesthesia Service Provider, including: (i) the purpose of the acquisition, partnership, or merger; (ii) the amount You paid or accepted, or considered paying or accepting, in connection with the acquisition, partnership, or merger; and (iii) any analyses relating to potential acquisitions, partnerships, or mergers.

**RESPONSE:** NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to identify" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

NWAP's acquisitions and mergers have no relevance to USAP's practices which are under scrutiny by the FTC. Furthermore, this request is overly broad and places a heavy burden upon a non-party such as NWAP to collect, review, and produce documents. That burden far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23**: Documents sufficient to show Your employment Agreements with Clinicians, including any changes in those Agreements over time.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

NWAP's employment agreements with Clinicians, and any changes in those Agreements, are irrelevant to the underlying litigation. The cost and burden on NWAP to collect, review, and produce those documents far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24**: All Documents and Communications relating to any shortage of Clinicians or Anesthesia Service Providers in the State of Texas.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents relating to" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the

breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents relating to any shortage of Clinicians of Anesthesia Service Providers in the State of Texas is facially overbroad, as it is not tailored to provide relevant information for this case. The cost and burden on NWAP to collect, review, and produce those documents far outweighs any limited benefit USAP would gain from those documents.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25**: Documents sufficient to show Your efforts to recruit Clinicians to Your practice, including Documents sufficient to show online job postings, email campaigns, or showcases at medical schools or nursing schools that You participated in order to recruit Clinicians.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

NWAP's hiring practices are irrelevant to the FTC's case against USAP. Moreover, responding to this request would require NWAP to collect, review, and produce thousands, if not hundreds, of thousands, of documents. The cost and burden on NWAP to perform that process far outweighs any limited benefit USAP would gain from those documents. In addition, NWAP objects to this request as it seeks confidential and proprietary information, trade secrets, and documents contracted to be confidential. The current protective order in this case is far from sufficient to protect NWAP's legitimate confidentiality concerns.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26**: Documents sufficient to show the ownership interest in Your practice, including changes over time.

RESPONSE: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence. NWAP also objects to this request because it is unreasonably vague, ambiguous, and lacks the requisite specificity. As worded, NWAP cannot tell what documents the Request seeks. For instance, "documents sufficient to show" lacks the requisite specificity, such that NWAP cannot determine what category of documents is even being requested.

NWAP, as a non-party, also objects to this request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

Ownership interests in NWAP is irrelevant to the underlying litigation. The cost and burden on NWAP to perform that process far outweighs any limited benefit USAP would gain from those documents.

NWAP will not search for or produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 27**: All Documents and Communications discussing or referring to USAP, including, but not limited to, Documents and Communications concerning the pricing or quality of USAP's Anesthesia Services.

**RESPONSE**: NWAP objects to this request as it is overbroad in time and scope, constitutes an impermissible fishing expedition, seeks information that is not relevant to the claims at issue in this case, and is not tailored to lead to the discovery of admissible evidence.

NWAP, as a non-party, also objects to request as being unduly burdensome. "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818.

USAP's request for documents that discuss or refer to USAP is facially overbroad and would require NWAP to collect, review, and produce thousands, if not hundreds of thousands, of

documents. The cost and burden on NWAP to perform that process far outweighs any limited benefit USAP would gain from those documents.

NWAP will not search for or produce documents responsive to this request.