IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.<br><br>    Defendants. | Case No.: 4:23-CV-03560-KH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S
MOTION FOR LEAVE TO AMEND ITS ANSWER**

# TABLE OF CONTENTS

TABLE OF CITATIONS ..................................................................................................... ii
INTRODUCTION .............................................................................................................. 1
BACKGROUND ................................................................................................................ 2
LEGAL STANDARD......................................................................................................... 5
ARGUMENT...................................................................................................................... 5
   I.    Good Cause Exists For USAP To Amend Its Answer........................................... 6
   II.   Leave To Amend Should Be Granted................................................................... 9
CONCLUSION................................................................................................................. 10

# TABLE OF CITATIONS

Page

**CASES**

*Bates v. Brewer, Brewer, Anthony & Middlebrook*,
 2003 WL 23407497 (N.D. Tex. July 15, 2003) ................................................................... 9

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*,
 290 F.3d 843 (7th Cir. 2002) ............................................................................................... 5

*D. Reynolds Co. v. AGCS Marine Ins. Co.*,
 2025 WL 1355156 (N.D. Tex. Mar. 5, 2025) ....................................................................... 8

*Doctors Hosp. of Laredo v. Cigarroa*,
 --- F. Supp. 3d ---, 2025 WL 1513443 (W.D. Tex. Jan. 28, 2025) ....................................... 8

*El-Hajj v. Fortis Benefits Ins. Co.*,
 156 F. Supp. 2d 27 (D. Me. 2001) ....................................................................................... 6

*Harrison v. Wells Fargo Bank, N.A.*,
 2016 WL 3612124 (N.D. Tex. July 6, 2016) ....................................................................... 9

*I&I Hair Corp. v. Beauty Plus Trading Co.*,
 2022 WL 22867440 (N.D. Tex. June 1, 2022) .................................................................... 7

*Jones v. Louisiana*,
 764 F.2d 1183 (5th Cir. 1985) ........................................................................................... 10

*Laurent v. JPMorgan Chase, N.A.*,
 2014 WL 3734293 (D. Nev. July 29, 2014) ........................................................................ 6

*Lockett v. Gen. Fin. Loan Co. of Downtown*,
 623 F.2d 1128 (5th Cir. 1980) ............................................................................................. 8

*Mackey v. Bank of Am., N.A.*,
 2020 WL 4903885 (S.D. Tex. Aug. 20, 2020) .................................................................... 9

*Miranda v. Tex. Lloyds Allstate*,
 2019 WL 6208563 (S.D. Tex. Nov. 21, 2019) .................................................................... 5

*Nagel v. DFL Pizza, LLC*,
 2024 WL 5095298 (D. Colo. Dec. 4, 2024) ........................................................................ 5

*Silgan Container Mfg. Corp. v. MVFM Cargo Los Internacional Ltda*,
 2012 WL 13060081 (S.D. Tex. Nov. 21, 2012) .................................................................. 6

*Snelling Emp., LLC v. Doc Johnson Enters.*,
    2019 WL 13516553 (N.D. Tex. Jan. 25, 2019) .................................................... 6, 8-9, 10

*Taylor Publ'g Co. v. Jostens, Inc.*,
    216 F.3d 465 (5th Cir. 2000) ............................................................................................. 8

*Trevino v. Transportadora Egoba SA de CV*,
    2024 WL 4987041 (S.D. Tex. Mar. 12, 2024) .................................................................. 6

*Triple-I Corp. v. Hudson Assocs. Consulting, Inc.*,
    2008 WL 338993 (D. Kan. Feb. 5, 2008) ......................................................................... 7

*Vanzzini v. Action Meat Distribs., Inc.*,
    995 F. Supp. 2d 703 (S.D. Tex. 2014) ................................................................... 5, 6, 7, 9

**RULE**

Fed. R. Civ. P 15(a)(2) .............................................................................................................. 5

## INTRODUCTION

In September 2023, the FTC initiated this antitrust enforcement action against U.S. Anesthesia Partners, Inc. ("USAP"). In a sprawling ten-count Complaint spanning 416 paragraphs, the FTC alleged conduct going back more than a decade. In particular, the FTC alleged that USAP obtained an unlawful monopoly based on a hodgepodge of years-old conduct, including that USAP "acquired" anesthesia practices across Texas from 2013 to 2020. *See* Compl. ¶¶ 4, 103-173, Dkt. No. 1. The FTC's Complaint did not define the term "acquired" as used in those allegations. In its detailed 85-page Answer, USAP understood the word "acquired" to cover USAP's hiring of former employees of other practices and on that basis admitted that it "acquired" two practices in 2016 – BMW Physicians (also referred to as BMW Anesthesiology) and Medical City Physicians.

In March 2025, the FTC served requests for admission asking USAP to admit that it "acquired" BMW Physicians and Medical City Physicians. In those requests, the FTC defined the term "acquired," and the definition was narrower than what USAP understood to provide its Answer: it covered "transactions," such as a merger and acquisition of stock and assets, but not simply hiring the former employees of an entity. Based on that definition, USAP denied that it had "acquired" the practices and explained the basis for its denial. But the FTC then turned around and accused USAP of providing deficient responses at odds with its Answer.

Accordingly, USAP seeks leave to amend its Answer to make modest changes in just two paragraphs (out of more than 400). This amendment will clarify the record and resolve any supposed conflict (of the FTC's own making) between USAP's Answer and its discovery responses. USAP has good cause to amend: USAP had no reason to revise its Answer until the FTC objected to its discovery responses; the proposed amendment is important because hiring another firm's talent is per se legal under the antitrust laws; and there is no prejudice to the FTC,

1

as USAP produced closing documents for the challenged transactions *before* the FTC filed suit and USAP explained the bounds of the challenged transactions in responses to the FTC's discovery requests. Nor would amendment require any changes to the rest of the case schedule. The Court should grant USAP leave to file its amended Answer.

## BACKGROUND

Two paragraphs of the FTC's Complaint and USAP's Answer – which concern USAP's alleged "acquisition" of BMW Physicians and Medical City Physicians – are at issue here. First, in Paragraph 138 of the Complaint the FTC alleged:

> Having acquired all the groups on their 2014 "wish list," USAP and Welsh Carson shifted their focus to smaller groups in Dallas that had exclusive contracts or established relationships with facilities or health systems. *Over five months from December 2015 to April 2016, USAP acquired four additional groups in Dallas: Southwest Anesthesia Associates, BMW Anesthesiology, Medical City Physicians, and Sundance Anesthesia.*

Compl. ¶ 138, Dkt. No. 1 (emphasis added). Because USAP understood the term "acquired" – which is not defined in the Complaint – to encompass hiring employees formerly affiliated with another practice, USAP answered, in relevant part, that "USAP admits the allegations set forth in the second sentence of Paragraph 138." Answer ¶ 138, Dkt. No. 157. Second, in Paragraph 141 of the Complaint the FTC alleged:

> Next, *in January 2016, USAP acquired BMW Anesthesiology and unaffiliated anesthesiologists referred to as the Medical City Physicians*. USAP purchased BMW, a group of 9 anesthesiologists for $[redacted]. USAP acquired the Medical City Physicians, a group of 7 anesthesiologists for $[redacted].

Compl. ¶ 141, Dkt. No. 1 (emphasis added). Here, too, USAP admitted the allegation based on its understanding of the term "acquired." Answer ¶ 141, Dkt. No. 157.

On March 7, 2025, the FTC served its First Set of Requests For Admission consisting of 97 requests. *See* Ex. A. In those requests, the FTC defined "Acquired," stating that it meant "any transaction, including, but not limited to, a merger, acquisition (including asset purchases or

2

acquisitions of voting stock or other equity), affiliation, consolidation, investment, joint venture, license, partnership, sale, or other transaction by or on behalf of the Company and a third party." *Id.* at 2.  Based on that definition, the FTC asked USAP in Request For Admission No. 39 to "[a]dmit that before it was Acquired by USAP, BMW Physicians provided Anesthesia Services in Dallas." *Id.* at 9.  Request For Admission No. 40 asked for the same admission as to Medical City Physicians. *Id.*

USAP served Objections and Responses on April 16. *See* Ex. B.  In light of the FTC's definition of "Acquired," USAP denied in part and admitted in part Request For Admission No. 39, stating:

> USAP denies that it acquired BMW Physicians, but admits that USAP Texas hired, as new employees, personnel formerly affiliated with BMW Physicians.  USAP admits that, prior to being hired as new employees, personnel formerly affiliated with BMW Physicians provided Anesthesia Services in Dallas.

*Id.* at 25.  USAP provided the same response to Request For Admission No. 40. *Id.* at 26.  Those responses fairly responded to the substance of the FTC's question and admitted the substantive point the FTC was seeking – that BMW Physicians and Medical City Physicians had "provided Anesthesia Services in Dallas" – but made clear that these entities were not "[a]cquired" as the FTC defined the term.

On April 30, 2025, the FTC complained that USAP's responses were "evasive" and "contradict[ed]" its Answer, which the FTC said had admitted that USAP "acquired" these practices.  *See* Ex. C at 2.  On May 28, USAP served amended Objections and Responses to the FTC's First Set of Requests For Admission.  *See* Ex. D.  USAP amended its responses to Requests For Admission Nos. 39 and 40, adding a further clarification to explain that it denied having "acquired" BMW Physicians and Medical City Physicians insofar as the FTC defined

3

"the term 'acquire' to mean that a former practice was subject to a merger, an asset purchase, or an acquisition of stock or other equity." *Id.* at 22-23.

In an accompanying cover letter also sent on May 28, USAP explained to the FTC that its responses to Requests For Admission Nos. 39 and 40 reflected the "distinction between a company's growth through mergers, asset purchases, or acquisition of stock or other equity, on the one hand, and its growth through the hiring . . . of new employees, on the other." Ex. E at 2. USAP also noted that it had made clear during the FTC's pre-complaint investigation how "new employees have joined USAP Texas," including by producing "the closing binders related to all of the transactions." *Id.*

Because the FTC had taken the position that USAP's partial denial of these requests "contradict[s]" its Answer, USAP also informed the FTC that, "to avoid any confusion," USAP wished to amend its Answer to make clear that under the FTC's new definition of the term "acquire," USAP did not "acquire" BMW Physicians or Medical City Physicians. *Id.* The FTC responded on June 3 that it would oppose USAP's proposed amendment. *See* Ex. F.

USAP's proposed Amended Answer would change nothing other than its responses to Paragraphs 138 and 141. The changes in those paragraphs would be:

> 138.    Paragraph 138 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the first sentence of Paragraph 138, but respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP lacks sufficient information to admit or deny the actions of Welsh Carson alleged in the first sentence of Paragraph 138.  ~~USAP admits the allegations set forth in the second sentence of Paragraph 138.~~  <u>As to the second sentence of Paragraph 138, USAP admits the allegations pertaining to Southwest Anesthesia Associates and Sundance Anesthesia.  USAP interprets "BMW Anesthesiology" as referencing "BMW Physicians."  USAP denies that it acquired BMW Physicians or Medical City Physicians and incorporates by reference its response to Paragraph 141 below.</u>  USAP otherwise denies Paragraph 138.
>
> 141.    ~~USAP admits Paragraph 141.~~  <u>USAP interprets "BMW Anesthesiology" as referencing "BMW Physicians."  USAP objects to Paragraph 141 as vague and</u>

4

<u>ambiguous insofar as it uses the undefined term "acquire," and will interpret that term to mean that a former practice was subject to a merger, an asset purchase, or an acquisition of stock or other equity. USAP therefore denies that it acquired BMW Physicians or Medical City Physicians, but admits that USAP (as defined in the Complaint at 11 n.1) hired as new employees personnel formerly affiliated with BMW Physicians and Medical City Physicians, and that in connection with the hiring of these new employees, cash and stock payments in the referenced amounts were made.</u>

Ex. G at 30-31 (proposed additions underlined; deletions in strikethrough).

## LEGAL STANDARD

An answer may be amended either with the opposing party's consent or with "the court's leave," which the Court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If a party seeks to amend its answer after the deadline for amendment of pleadings set out in a scheduling order, the movant must first show "good cause" to amend the scheduling order under Rule 16(b)(4). *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 712 (S.D. Tex. 2014) (granting leave to amend answer). "Once good cause under Rule 16(b) has been shown," courts apply Rule 15 and "should freely give leave when justice so requires." *Id.*

## ARGUMENT

No scheduling order in this case ever set a deadline for amendment of pleadings. *See* Scheduling Orders, Dkt. Nos. 143, 173, 266. Accordingly, the Rule 15(a)(2) standard applies here, and the Court "should freely give leave" to amend. *See*, *e.g.*, *Miranda v. Tex. Lloyds Allstate*, 2019 WL 6208563, at *3 (S.D. Tex. Nov. 21, 2019) (granting leave to amend answer under Rule 15 where the "scheduling order did not explicitly set a deadline for parties to file a Rule 15(a) motion"); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 n.1 (7th Cir. 2002) (analyzing amendment "under the rubric of Rule 15" because the scheduling order "failed to delineate a deadline for amending the pleadings"); *Nagel v. DFL Pizza, LLC*, 2024 WL 5095298, at *2 (D. Colo. Dec. 4, 2024) (collecting cases).

5

Even assuming *arguendo* that the Rule 16(b)(4) "good cause" standard applies, however, there is ample good cause to allow USAP's proposed amendment.

## I. Good Cause Exists For USAP To Amend Its Answer

To determine whether good cause exists, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Vanzzini*, 995 F. Supp. 2d at 712 (cleaned up). All four factors establish good cause for USAP's amendment.

*First*, there is good reason why USAP is amending now and not earlier in the case: no clarification was needed earlier, because there was no confusion over the meaning of the term "acquired" until recently in connection with the requests for admission, where the FTC complained about a discrepancy of its own making. Courts routinely find good cause and appropriate timing when an amendment is "made for the purposes of clarifying" the record, *Trevino v. Transportadora Egoba SA de CV*, 2024 WL 4987041, at *1 (S.D. Tex. Mar. 12, 2024), including to resolve "an apparent conflict" between the defendant's "answer and its response to certain requests for admission during discovery," *Silgan Container Mfg. Corp. v. MVFM Cargo Los Internacional Ltda*, 2012 WL 13060081, at *2 (S.D. Tex. Nov. 21, 2012).[1] USAP's proposed amendment conforms its Answer to the record and resolves what the FTC

---

[1] Courts in other districts agree. *See, e.g.*, *Snelling Emp., LLC v. Doc Johnson Enters.*, 2019 WL 13516553, at *1 (N.D. Tex. Jan. 25, 2019) (finding good cause for amendment that "clarifies what was already alleged in [the] original answer" based on discovery); *Laurent v. JPMorgan Chase, N.A.*, 2014 WL 3734293, at *1 (D. Nev. July 29, 2014) (finding good cause to amend two paragraphs of the answer "to clarify Defendant's true position"); *El-Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 34 (D. Me. 2001) (defendant had good cause to amend its answer "to clarify a factual detail of the case").

asserts is a conflict between its Answer and its responses to the FTC's Request For Admissions – a conflict created by the FTC's definition of "acquired."

The FTC used the term "acquired" 73 times in its Complaint without ever defining it. It did not serve its First Set of Requests For Admission specifically defining the term until March 7, 2025. And it was not until April 30 that the FTC objected to USAP's responses to Request For Admission Nos. 39 and 40 as "improper" because they supposedly "contradict" its Answer. Ex. C at 1-2. USAP promptly amended its discovery responses and now seeks to amend its Answer to clarify that it did not "acquire" BMW Physicians and Medical City Physicians (as the FTC defines the term) and to ensure that its Answer conforms to its discovery responses. *See* Exs. D, E. USAP had no way to know earlier in the litigation that the FTC would raise complaints about USAP's Answer based on its discovery responses in the final days of fact discovery. *See Vanzzini*, 995 F. Supp. 2d at 712 (good cause exists "if the deadlines cannot reasonably be met despite . . . diligence"); *Triple-I Corp. v. Hudson Assocs. Consulting, Inc.*, 2008 WL 338993, at *3 (D. Kan. Feb. 5, 2008) (finding good cause to amend answer where the "underlying events" giving rise to the amendment "occurred after the deadline expired").[2]

*Second*, the proposed amendment is important. The FTC's theory is that USAP's "acquisitions of BMW Anesthesiology and Medical City Physicians[] are part of its unlawful scheme to monopolize the Dallas MSA." Ex. H at 32. But there is a meaningful difference between a company growing by buying another firm and growing by hiring new employees from another firm: "hiring talent cannot generally be held exclusionary even if it does weaken actual

---

[2] Even if USAP did not have a "particularly persuasive" explanation for the timing of its motion to amend (it does), the Court should still grant leave based on "the balance of the other factors." *Vanzzini*, 995 F. Supp. 2d at 713; *see I&I Hair Corp. v. Beauty Plus Trading Co.*, 2022 WL 22867440, at *2 (N.D. Tex. June 1, 2022) (finding the "tardiness of Defendants' Motion should not be dispositive" and granting leave to amend answer).

7

or potential rivals and strengthen a monopolist" and so "merely seeking out the services of [a competitor's] employees is not predatory." *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 479 (5th Cir. 2000); *Doctors Hosp. of Laredo v. Cigarroa*, --- F. Supp. 3d ---, 2025 WL 1513443, at *31 (W.D. Tex. Jan. 28, 2025) (dismissing antitrust claims on summary judgment where medical clinic hired rivals' staff based on "legitimate business need"). USAP's proposed amendment seeks to draw that important difference by clarifying that USAP hired employees formerly affiliated with BMW Physicians or Medical City Physicians without purchasing the businesses themselves. If not allowed to amend, the FTC may try to misrepresent this hiring as acquisitions. *See D. Reynolds Co. v. AGCS Marine Ins. Co.*, 2025 WL 1355156, at *2 (N.D. Tex. Mar. 5, 2025) (finding good cause because "[i]f not allowed to amend," defendant would "be prevented from asserting a potentially applicable . . . defense").

*Third*, there is no prejudice here "because both parties are aware of the activities . . . that are to be asserted in the amended answer." *Id*. Before the FTC filed suit in 2023, USAP disclosed the ways in which new employees have joined USAP Texas and produced documents relating to the challenged "acquisitions," including for BMW Physicians and Medical City Physicians. Indeed, the FTC knew that USAP's Answer did not stand for the proposition that USAP "acquired" these practices under the definition it has set forth; otherwise, it would not have followed up with separate requests for admission. The FTC therefore will suffer no prejudice from USAP amending its Answer to clarify facts the FTC has known (or at least should have known) for years. *See Lockett v. Gen. Fin. Loan Co. of Downtown*, 623 F.2d 1128, 1131 (5th Cir. 1980) (finding no prejudice where party opposing amendment already knew the proposed factual allegations); *Snelling Emp., LLC v. Doc Johnson Enters*., 2019 WL 13516553,

8

at *1 (N.D. Tex. Jan. 25, 2019) (no prejudice where amendment "clarifie[d] what was already alleged in its original answer").

*Fourth*, "[a] continuance is unnecessary because no prejudice exists." *Bates v. Brewer, Brewer, Anthony & Middlebrook*, 2003 WL 23407497, at *2 (N.D. Tex. July 15, 2003). A continuance would also serve no purpose: during the FTC's pre-complaint investigation, USAP produced documents showing that USAP Texas did not purchase BMW Physicians and Medical City Physicians but instead hired former employees and provided the same explanation in responding to the FTC's Requests For Admission. *See Mackey v. Bank of Am., N.A.*, 2020 WL 4903885, at *3 (S.D. Tex. Aug. 20, 2020).

In sum, viewing all "four factors holistically," good cause exists to allow USAP to amend its Answer. *Harrison v. Wells Fargo Bank, N.A.*, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016) (granting leave to amend answer where three of four factors favored amendment).

**II.   Leave To Amend Should Be Granted**

Under Rule 15(a), "leave 'should be granted absent some justification for refusal.'" *Vanzzini*, Inc., 995 F. Supp. 2d at 712 (citation omitted). Thus, the Court should grant leave to amend "unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed or undue prejudice to the opposing party." *Id.* at 712-13 (cleaned up).

There is no justification to deny USAP leave to amend. USAP has not previously amended its Answer. USAP did not unduly delay this motion: USAP could not have known that there was disagreement over the meaning of "acquired" that required amending its Answer until the FTC's April 30 letter, and, after working in good faith to resolve the issue with the FTC, it filed this motion within three weeks after the FTC refused to consent to an amendment (which

9

would have obviated the need for a motion). USAP now seeks to amend just two paragraphs from its Answer to conform with its discovery responses in order to prevent confusion later in the case. And allowing USAP to clarify two paragraphs will not unduly prejudice the FTC. Indeed, "granting leave serves the interests of justice by allowing the Court to adjudicate the parties' claims fully informed of the relevant facts." *Snelling*, 2019 WL 13516553, at *2; *see Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1985) (the federal rules "permit liberal amendment to facilitate determination of claims on the merits").

## CONCLUSION

The Court should grant USAP leave to amend its Answer.

Dated: June 20, 2025

David J. Beck (TX Bar No. 00000070)
  (Federal I.D. No. 16605)
Garrett S. Brawley (TX Bar No. 24095812)
  (Federal I.D. No. 3311277)
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX  77010
Tel: (713) 951-3700
Fax: (713) 951-3720
dbeck@beckredden.com
gbrawley@beckredden.com

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen (D.C. Bar No. 425930)
  (*Pro Hac Vice*)
Attorney-in-Charge
Geoffrey M. Klineberg (D.C. Bar No. 444503)
  (*Pro Hac Vice*)
Rebecca A. Beynon (D.C. Bar No. 451496)
  (*Pro Hac Vice*)
Alex P. Treiger (D.C. Bar No. 1670925)
  (*Pro Hac Vice*)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
rbeynon@kellogghansen.com
atreiger@kellogghansen.com

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

## CERTIFICATE OF CONFERENCE

      I hereby certify that on May 28 and June 3, 2025, the undersigned counsel for USAP in good faith conferred via email with Michael Arin, counsel for the FTC, concerning the relief requested in this Motion For Leave To Amend.  The FTC opposes this Motion For Leave to Amend and the relief sought herein.

Dated:  June 20, 2025                                          /s/ *Rebecca A. Beynon*
                                                                                       Rebecca A. Beynon

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsel of record are registered ECF users.

Respectfully submitted,

*/s/ Mark C. Hansen*
Mark C. Hansen
