# Exhibit C

UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Competition
Health Care Division

**<u>Via email</u>**

April 30, 2025

Rebecca Beynon
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
rbeynon@kellogghansen.com

Re:   *FTC v. U.S. Anesthesia Partners, Inc.*, No. 4:23-cv-03560 (S.D. Tex.)

Dear Counsel,

U.S. Anesthesia Partners, Inc. (USAP) provided deficient responses in its April 16, 2025 Objections and Responses to the FTC's First Set of Requests for Admission. The deficiencies include improper evasive responses and responses that improperly rely on documents. I address the deficient categories in detail below and identify particular requests in each category. The FTC requests a response to this letter by May 14, 2025 to allow us to consider new information and any supplemental responses.

### A. Improper Evasive Responses

USAP evaded requests to admit facts about USAP, its acquisitions, and the practical effects of contractual provisions. USAP took an overly technical approach to the term "USAP" interpreting it only to refer to "U.S. Anesthesia Partners, Inc.," the parent company of USAP, exclusive of its affiliated practices, subsidiaries, and divisions. Relying on this improper substitution, USAP refused to admit even the most basic of facts.

> **RFA No. 2:** Admit that USAP provides Anesthesia Services in the United States.
>
> **Response to RFA No. 2:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. Subject to and without waiving these objections,[1] USAP denies this Request, as USAP does not provide clinical services.

---

[1] Answering subject to and without waiving objections is improper as courts in the Fifth Circuit "have now made clear for several years." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 419 (N.D. Tex. 2021).

USAP also refused to admit that it acquired 8 of the 14 anesthesia practices asked about, seemingly because personnel affiliated with the practice joined USAP as new hires. In addition to being evasive, some of USAP's denials flatly contradict USAP's answer to the complaint.

> **Complaint ¶ 141:** Next in January 2016, USAP acquired BMW Anesthesiology and unaffiliated anesthesiologists referred to as the Medical City Physicians. USAP purchased BMW, a group of 9 anesthesiologists for $3.8 million. USAP acquired the Medical City Physicians, a group of 7 anesthesiologists, for $2.3 million.
>
> **Answer ¶ 141:** USAP admits Paragraph 141.
>
> **RFA No. 39:** Admit that before it was Acquired by USAP, BMW Physicians provided Anesthesia Services in Dallas.
>
> **Response to RFA No. 39:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. Subject to and without waiving these objections, USAP denies that it acquired BMW Physicians, but admits that USAP Texas hired, as new employees, personnel formerly affiliated with BMW Physicians. USAP admits that, prior to being hired as new employees, personnel formerly affiliated with BMW Physicians provided Anesthesia Services in Dallas.

In other instances, USAP's response does not squarely address the request for admission, making it unclear whether USAP disputes the fact in question.

> **RFA No. 52:** Admit that the TMHPO Agreement is in effect today.
>
> **Response to RFA No. 52:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. Subject to and without waiving these objections, USAP responds that USAP, on behalf of USAP Texas pursuant to USAP Texas's administrative services agreement with Texas LC, has continued to provide certain services to TMH Physician Organization, as described in the document produced at USAP-FTC-CID22-00000061. To the extent this Request calls for further characterization of the agreement, USAP otherwise denies this request.

Finally, when asked to admit the practical effect of certain contractual provisions, USAP's response only addressed whether the agreement contained the provision—which was the subject of a separate request for admission.

> **RFA No. 85:** Admit that Section 4(b)(i)(1) of the Envision Agreement requires that from January 6, 2014 until December 19, 2019, Envision will not provide Anesthesia Services in the Dallas/Ft. Worth Metroplex (as that term is defined in the Envision Agreement).

>**Response to RFA No. 85:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. Subject to and without waiving these objections, USAP admits that the agreement produced at USAP-FTC-CID-01246590 contains Section 4(b)(i)(1). To the extent this Request calls for further characterization of the agreement, USAP otherwise denies the Request.

"When the purpose and significance of a requests are reasonably clear, courts do not permit denials based on an overly technical reading of the requests."[2] As such, "[a]nswers that appear to be non-specific, evasive, ambiguous, or that appears to go to the accuracy of the requested admissions rather than the essential truth contained therein are impermissible and must be amended."[3]

The FTC requests that USAP amend its responses to appropriately admit or deny the following requests for admission: 2, 33-34, 36-37, 39-41, 44, 46, 51-54, 57, 59-63, 69-71, 81, 83, 85, 87, 89, 91, 93.

## B. Improper Reliance on Documents

USAP frequently refers to documents rather than admitting or denying the FTC's requests as written. In some instances, USAP responds by cutting and pasting passages from source documents without any further explanation. Quoting the document leaves the FTC in the same position it was in prior to receiving USAP's responses since it is unclear whether USAP admits the truth of the statement in the document.

>**RFA No. 78:** Admit that the Envision Agreement required Pinnacle to pay Envision an annual fee of $9 million per year from January 6, 2014 until December 19, 2019.
>
>**Response to RFA No. 78:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. Subject to and without waiving these objections, USAP admitted that the agreement produced at USAP-FTC-CID-01246590 states that "in consideration of the provision of certain consulting services by EmCare and its affiliates to PAC (as further specified on Exhibit A hereto and as may be further specified in the Strategic Alliance arrangements described further in this Section), and subject to Envision, EmCare and MSO complying with their respective obligations under this Agreement, including Section 4, PAC shall pay MSO an annual fee of $9,000,000 per year for the period beginning on the Effective Date and ending on December 19, 2019." To the extent this Request calls for further characterization of the document, USAP otherwise denies the Request.

---

[2] *Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citing *Holmgren v. State Farm Mut. Auto.Ins. Co.,* 976 F.2d 573, 580 (9th Cir.1992)); *see also Vermeer Mfg. Co. v. Toro Co.,* No. 4:17-cv-76-CRW-HCA, 2020 WL 8257205, at *5 (S.D. Iowa Apr. 20, 2020); *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-cv-4044 (BCM), 2020 WL 9549505, at *5 (S.D.N.Y. Nov. 30, 2020).

[3] *Guinan v. A.I. duPont Hosp. for Children*, No. 08-cv-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008); *see also id.*at 1 ("The reviewing court should not allow the responding party to make 'hair-splitting distinctions' that frustrate the purpose of the Request.").

3

When asked to admit facts related to USAP's financial performance, USAP consistently referred to statements in documents without admitting the fact or addressing the context of the document (*i.e.* that the EBITDA calculation was reported to USAP's board of directors).

> **RFA No. 9:** Admit that USAP reported to its Board of Directors on February 23, 2015 that it had generated $100.450 million in Adjusted EBITDA in 2014.
>
> **Response to RFA No. 9:** USAP incorporates by reference its General Objections and its Objections to Definitions and Instructions. USAP objects to this Request to the extent the FTC has not accurately defined EBITDA in Request No. 5. Subject to and without waiving these objections, USAP admits that the document produced at USAP-FTC-CID-00032580 states, in the slide entitled "2014 Financial Performance – Consolidated," that Adjusted USAP EBITDA Subtotal was $100,450,000. To the extent this Request calls for further characterization of the document, USAP denies the Request.

Such responses are tantamount to refusing to answer on the basis that the document speaks for itself—a practice regularly rejected by courts.[4] As noted in *VeroBlue Farms USA Inc.*, "stating that a document speaks for itself avoids the purpose of requests for admission, i.e., narrowing the issues for trial."[5] If a request seeks an admission about a quotation or paraphrase of text, "the responding party must answer, object (on grounds other than speaks for itself), or properly allege and support a lack of knowledge."[6]

The FTC requests that USAP appropriately admit or deny the following requests and, where needed, provide an explanation of which portion is admitted and which is denied: 7, 9-24, 52-54, 60-63, 69-71, 78-79.

Sincerely,
*/s/ Michael J. Arin*
Michael J. Arin

Counsel for the Federal Trade Commission

cc:   Geoffrey Klineberg (gklineberg@kellogghansen.com)
      Mark Hansen (mhansen@kellogghansen.com)
      David Beck (dbeck@beckredden.com)
      Garrett Brawley (gbrawley@beckredden.com)

---

[4] *See, e.g.*, *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 424 (N.D. Tex. 2021); *Starks-Harris v. Taylor*, No. 1:08-cv-176, 2009 WL 535778, at *3 (N.D. Ind. Mar. 3, 2009); *Robert Weiler Co. v. Kingston Twp.*, No. 2:07-cv-0760, 2008 WL 4758682, at *5 (S.D. Ohio Oct. 27, 2008); *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006); *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80-81 (W.D.N.Y. 2000); *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990).

[5] *VeroBlue Farms USA Inc.,* 345 F.R.D. at 424.

[6] *Id*.