# Exhibit E

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 28, 2025

*Via Electronic Mail*

Michael Arin
Federal Trade Commission
Bureau of Competition
Health Care Division
400 7th Street, S.W.
Washington, D.C. 20024
nperlman@ftc.gov

      Re:    *FTC v. U.S. Anesthesia Partners, Inc.*, Case No. 4:23-cv-03560 (S.D. Tex.)

Dear Michael:

      We write in response to your letter of April 30, 2025, regarding U.S. Anesthesia Partners, Inc.'s ("USAP") Objections and Responses to the FTC's First Set of Requests for Admission.

      We disagree with the FTC's characterizations of USAP's responses. A number of the FTC's complaints center on the distinctions between the various legal entities at issue in this litigation. For example, the FTC takes issue with USAP's response to Request No. 2, which asked USAP to admit that "USAP provides Anesthesia Services in the United States." As we have explained on multiple occasions in the course of this litigation, including through corporate testimony, USAP does not provide clinical services, and it thus denied this request. Moreover, USAP's response to Request No. 3 made clear the reason for this denial. USAP admitted that, while USAP does not provide clinical services, U.S. Anesthesia Partners of Texas, P.A. ("USAP Texas"), provides anesthesia services in Texas.

      Similarly, the FTC's complaints about USAP's responses to requests relating to the January 6, 2014 agreement among USAP, Pinnacle Anesthesia Associates, P.A., Envision Healthcare Holdings, Inc., and Emcare, Inc. are unfounded. In several requests in the range of Request Nos. 78-93, the FTC extracted isolated language from a complex, multipage contract, with attachments, and asked USAP to "admit" to these isolated contractual "requirements." USAP properly directed the FTC to the language of the contract itself, which spells out what the parties actually agreed to, and the specific provisions that governed the parties' contract.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Letter to M. Arin
May 28, 202
Page 2

USAP likewise disagrees with the FTC's position that it has improperly denied that it "acquired" certain practices, but has rather admitted that it hired, as new employees, personnel affiliated with those former practices.  *See* Responses to Request Nos. 36, 39-41.  Although the parties may have, at times, referred to such arrangements as acquisitions, the caselaw makes clear that there is a legally meaningful distinction between a company's growth through mergers, asset purchases, or acquisition of stock or other equity, on the one hand, and its growth through the hiring (i.e., the "acquiring") of new employees, on the other.  *See, e.g.*, *Saint Francis Hosp. & Med. Ctr v. Hartford Healthcare Corp.*, 655 F. Supp. 3d 52, 78 (D. Conn. 2023).  USAP's responses to the requests thus draw this distinction, consistent with its earlier responses to the FTC's interrogatories.  *See* USAP Objections and Responses to Interrogatory Nos. 6, 7 (Nov. 18, 2024).  Moreover, in the course of this litigation and the preceding investigation, the way in which new employees have joined USAP Texas has been clear, and the FTC cannot claim any prejudice.  Among other things, USAP produced the closing binders relating to all of the transactions during the investigative stage of this matter.  *See* USAP-FTC-CID-00149682 through USAP-FTC-CID-00273156.

USAP's response to Paragraph 141 of the Complaint is not to the contrary.  There, USAP interpreted the term "acquire" – which is not defined in the Complaint – as covering USAP Texas's acquiring employees of BMW Physicians and Medical City Physicians.  The FTC's Requests for Admission have now defined the term differently, and USAP responded according to that definition and the facts known to it.  Nevertheless, to avoid any confusion, USAP will seek leave to make a minor amendment to Paragraph 141 of its Answer, so that the answer to that paragraph states as follows:

141.  USAP interprets "BMW Anesthesiology" as referencing "BMW Physicians." USAP denies that it acquired BMW Physicians or Medical City Physicians, interpreting the term "acquire" to mean that a former practice was subject to a merger, an asset purchase, or an acquisition of stock or other equity.  USAP admits that U.S. Anesthesia Partners of Texas, P.A., hired, as new employees, personnel formerly affiliated with BMW Physicians and Medical City Physicians, and that in connection with the hiring of these new employees, cash and stock payments in the referenced amounts were made.

Please let us know if the FTC will consent to this amendment.  USAP transmits herewith amended responses to the FTC's requests for admission, in an effort to avoid needlessly burdening the Court with discovery disputes.  We are, of course, available to discuss any of the foregoing at your convenience.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Letter to M. Arin
May 28, 202
Page 3

Very truly yours,

*/s/ Rebecca A. Beynon*

Rebecca A. Beynon

*Counsel for Defendant U.S. Anesthesia
Partners, Inc.*