# Exhibit G

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>            v.<br><br>U.S. ANESTHESIA PARTNERS, INC., et al.<br><br>            Defendants. | Case No.: 4:23-CV-03560-KH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S AMENDED ANSWER TO THE
FTC'S COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

# TABLE OF CONTENTS

Page

NATURE OF THE CASE ....................................................................................................1

I.      JURISDICTION AND VENUE ..............................................................................5

II.     THE PARTIES.........................................................................................................6

        A.      Plaintiff Federal Trade Commission ...........................................................6

        B.      Defendant U.S. Anesthesia Partners .........................................................6

        C.      Defendant Welsh Carson ...........................................................................7

III.    BACKGROUND .................................................................................................11

        A.      Anesthesia is administered to patients by doctors and nurses to prevent pain....................................................................................................11

        B.      Anesthesia services are performed in hospitals or outpatient facilities ................12

        C.      Hospitals contract with anesthesia providers to serve their facilities ...................13

        D.      Insurers negotiate network status and reimbursement with anesthesia providers ...............15

        E.      To discipline price demands, insurers may refuse to include anesthesia groups in their network .................16

IV.     USAP'S AND WELSH CARSON'S ANTICOMPETITIVE SCHEME ........................19

        A.      Welsh Carson hatches a strategy to consolidate anesthesia practices in Texas ...............19

        B.      Welsh Carson executes on its consolidation strategy by creating USAP and acquiring a large practice in Houston.................19

        C.      Welsh Carson and the newly-formed USAP develop a plan to roll up independent anesthesia practices and raise prices .................22

V.      USAP CONTINUES ITS ANTICOMPETITIVE SCHEME BY ROLLING UP ADDITIONAL PRACTICES .................23

        A.      After its founding acquisition, USAP makes three additional acquisitions in Houston.................23

                1.      North Houston Anesthesiology – Kingwood Division (2014) .................24

2.     MetroWest Anesthesia Care (2017)....................................................24

3.     Guardian Anesthesia Services (2020)........................................................25

4.     USAP's consolidation of Houston as it stands today................................25

B.     USAP expands its roll-up scheme to Dallas .........................................26

1.     Pinnacle Anesthesia Consultants (2014)....................................................26

2.     Anesthesia Consultants of Dallas (2015)....................................................29

3.     Excel Anesthesia Consultants (2015) .........................................................29

4.     Southwest, BMW, Medical City Physicians, and Sundance (2015-2016) ........................................................................................................30

5.     USAP's consolidation of Dallas as it stands today ....................................32

C.     USAP further expands its roll-up scheme by acquiring other large practices across Texas ....................................................................................33

1.     East Texas Anesthesiology Associates (2016) ..........................................35

2.     Capitol Anesthesiology Association (2018) ...............................................36

3.     Amarillo Anesthesia Consultants (2018)....................................................37

4.     Star Anesthesia (2019)................................................................................38

VI.     USAP'S OTHER ANTICOMPETITIVE CONDUCT .....................................................39

A.     USAP uses price-setting arrangements to charge its own, higher rates for anesthesia services provided by other practices....................................................39

1.     The Methodist Hospital Physician Organization ........................................41

2.     Dallas Anesthesiology Associates .............................................................42

3.     Baylor College of Medicine........................................................................43

4.     University of Texas.....................................................................................44

B.     USAP's market allocation with Envision Healthcare ............................................44

VII.     RELEVANT MARKETS ...............................................................................................45

A.     The relevant service market is commercially insured hospital-only anesthesia services ........................................................................................45

        1.      Services performed outside a hospital are not part of the relevant service market ........................................................................46

        2.      Non-commercial insurance plans are not part of the relevant service market ........................................................................47

    B.     The relevant geographic markets to assess the competitive implications of the challenged conduct are no broader than the local metropolitan statistical areas ........................................................................48

        1.      A relevant geographic market is no broader than the Houston metropolitan statistical area ........................................49

        2.      A relevant geographic market is no broader than the Dallas-Fort Worth metropolitan statistical area ............................................50

        3.      A relevant geographic market is no broader than the Austin metropolitan statistical area ........................................51

VIII.   MARKET POWER AND MONOPOLY POWER ........................................52

    A.     USAP has monopoly power in the Houston MSA ....................................52

        1.      USAP and Welsh Carson's roll-up of anesthesia practices has substantially increased concentration, resulting in a dominant market share in Houston ........................................52

        2.      USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Houston ...............................53

        3.      USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its monopoly power in Houston ...........................54

    B.     USAP has monopoly power in the Dallas MSA ....................................55

        1.      USAP and Welsh Carson's roll-up of anesthesia practices has substantially increased concentration, resulting in a dominant market share ........................................55

        2.      USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Dallas ...............................56

        3.      USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its monopoly power in Dallas ...............................57

    C.     USAP has a dominant position in the commercially insured hospital-only anesthesia market in Austin ........................................57

1.    USAP and Welsh Carson's roll-up of anesthesia providers has substantially increased concentration, resulting in a dominant market share ....................................................................... 57

2.    USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Austin ................................. 58

3.    USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its dominance in Austin ........................... 59

D.    High barriers to entry to the hospital-only anesthesia markets in Houston, Dallas, and Austin protect USAP's market share .................................. 59

IX.    USAP'S DOMINANCE IN TEXAS ................................................................. 61

X.    HARM TO CONSUMERS AND COMPETITION ....................................... 62

A.    USAP's conduct has increased its negotiating leverage against insurers, reducing insurers' ability to constrain USAP's demands to raise prices ............. 62

B.    USAP's conduct has increased prices for hospital-only anesthesia services in Texas ............................................................................... 63

C.    There are no valid procompetitive justifications for or efficiencies from USAP's conduct ...................................................................... 64

XI.    LIKELIHOOD OF RECURRENCE ............................................................. 65

A.    Without appropriate relief, USAP's harmful conduct is likely to recur ............... 65

B.    Without appropriate relief, Welsh Carson's harmful conduct is likely to recur ................................................................................ 65

XII.    VIOLATIONS ............................................................................... 66

XIII.    PRAYER FOR RELIEF .................................................................... 77

AFFIRMATIVE AND OTHER DEFENSES ............................................................. 77

Defendant U.S. Anesthesia Partners, Inc. ("USAP") hereby answers Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Complaint for Injunctive and Other Equitable Relief dated September 21, 2023 (the "Complaint") as set forth below and subject to its right to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Each Paragraph below corresponds to the same-numbered Paragraph in the Complaint. All allegations not expressly admitted are denied. USAP does not interpret the headings or preamble in the Complaint as well-pleaded allegations to which any response is required. To the extent that a response is required to the headings or preamble, USAP denies all such allegations in the headings and preamble. Unless otherwise defined, capitalized terms refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization the FTC may ascribe to the terms.

USAP is filing this Answer now out of an abundance of caution. As USAP noted in its Motion for Stay Pending Interlocutory Appeal, Dkt. No. 155, this action was automatically stayed when USAP filed its Notice of Appeal, Dkt. No. 153. *See Coinbase v. Bielski*, 599 U.S. 736, 742 (2023). Notwithstanding the fact that its stay motion is pending and without waiving any argument that the case remains stayed, USAP submits this Answer according to the latest schedule ordered by the Court.

## NATURE OF THE CASE

1.      The allegations in Paragraph 1 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer. Those allegations also set forth legal conclusions to which no response is required. To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them. Further, Paragraph 1's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To

1

the extent that a further response is required, USAP contends that the Complaint speaks for itself, and otherwise denies Paragraph 1.

2.      The allegations in Paragraph 2 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  Further, Paragraph 2's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits that Welsh Carson is a private equity firm based in New York, and otherwise denies Paragraph 2.

3.      The allegations in Paragraph 3 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which no response is required.  To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  Further, Paragraph 3's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits that Welsh Carson created USAP in 2012 and that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 3.

4.      The allegations in Paragraph 4 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which no response is required.  Further, Paragraph 4's allegations regarding Welsh Carson are

irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 4.

5. The allegations in Paragraph 5 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer. Those allegations also set forth a legal conclusion to which no response is required. To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them. Further, Paragraph 5's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP respectfully directs the Court to that evidence for an accurate and complete statement of its contents. USAP otherwise denies Paragraph 5.

6. The allegations in Paragraph 6 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer. Those allegations also set forth a legal conclusion to which no response is required. To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them. Further, Paragraph 6's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents. USAP further admits that it has

entered into specific billing agreements with other groups of anesthesiologists practicing in Houston and Dallas and otherwise denies Paragraph 6.

7.      The allegations in Paragraph 7 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which no response is required.  To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  Further, Paragraph 7's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits that it entered into an agreement with Envision Healthcare, contends that that agreement speaks for itself, and denies Paragraph 7 to the extent that it mischaracterizes that agreement.  USAP otherwise denies Paragraph 7.

8.      The allegations in Paragraph 8 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which no response is required.  To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  Further, Paragraph 8's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 8, including to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

9.      The allegations in Paragraph 9 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which

no response is required.  To the extent they characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  To the extent that a further response is required, USAP denies Paragraph 9.

10.     The allegations in Paragraph 10 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Those allegations also set forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP contends that the Complaint speaks for itself, and otherwise denies Paragraph 10.

## I.     JURISDICTION AND VENUE

11.     Paragraph 11 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, for purposes of the current action, USAP does not contest that the Court has subject matter jurisdiction over this action.

12.     Paragraph 12 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP does not contest that the Court has personal jurisdiction over it in this case.

13.     Paragraph 13 sets forth a legal conclusion to which no response is required. Further, Paragraph 13 is irrelevant in light of the Court's dismissal of the FTC's claims against Welsh Carson.  To the extent that a further response is required, USAP does not contest that the Court had personal jurisdiction over Welsh Carson in this case.

14.     Paragraph 14 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP does not contest that it transacts business in this district or that venue in this district is proper.

15.     Paragraph 15 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 15.

16.     Paragraph 16 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP does not contest that at all relevant times, U.S. Anesthesia Partners, Inc. has been a "corporation" within the definition set forth in Section 4 of the FTC Act, but lacks sufficient information to admit or deny the particular structure of the identified Welsh Carson entities, and therefore denies Paragraph 16 to that extent.

17.     Paragraph 17 sets forth a legal conclusion to which no response is required. Further, Paragraph 17 is irrelevant in light of the Court's dismissal of the FTC's claims against Welsh Carson.  Further, USAP lacks sufficient information to admit or deny the particular structure of the identified entities, and therefore denies Paragraph 17.

## II.     THE PARTIES

### A.     Plaintiff Federal Trade Commission

18.     Paragraph 18 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP admits Paragraph 18, subject to its affirmative defenses that the FTC both lacks statutory authority to pursue this action and purports to exercise executive authority in violation of Article II of the United States Constitution.

19.     Paragraph 19 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 19.

### B.     Defendant U.S. Anesthesia Partners

20.     USAP admits Paragraph 20.

21.     Paragraph 21 is vague because there are multiple corporate entities to which "USAP" might refer, and those entities do not all provide the services set forth in this Paragraph. USAP therefore denies Paragraph 21.

22.     Paragraph 22 is vague because there are multiple corporate entities to which "USAP" might refer, and because it does not identify the means by which the "profit" figure reported has been estimated.  USAP therefore denies Paragraph 22.

### C.     Defendant Welsh Carson

23.     Paragraph 23's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits the first sentence of Paragraph 23, except with its vague characterization of Welsh Carson's "primar[y]" business, which USAP lacks sufficient information to admit or deny.  USAP also admits that Welsh Carson invested in USAP at its founding with an investment of approximately $the stated amount.  USAP lacks sufficient information to admit or deny the amount of funds raised or investments by Welsh Carson outside of USAP, and therefore otherwise denies Paragraph 23.

24.     Paragraph 24's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  Further Paragraph 24's allegations are vague, conclusory, and argumentative, and USAP lacks sufficient information to admit or deny Welsh Carson's particular organization.  USAP therefore denies Paragraph 24 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

25.     Paragraph 25's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits the first sentence of Paragraph 25, but USAP lacks sufficient information to admit or deny the particular organization of the identified entity, and therefore otherwise denies Paragraph 25.

26.     Paragraph 26's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is

required, USAP admits the first sentence of Paragraph 26.  USAP also admits that Welsh, Carson, Anderson & Stowe XII, L.P. has held stock in USAP since 2017.  USAP lacks sufficient information to admit or deny the Welsh Carson funds particular profit model, and therefore otherwise denies Paragraph 26.

27.     Paragraph 27's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits the first sentence of Paragraph 27, but USAP lacks sufficient information to admit or deny the particular organization of the identified entities, and therefore otherwise denies Paragraph 27.

28.     USAP admits Paragraph 28.

29.     Paragraph 29's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits the first sentence of Paragraph 29, but USAP lacks sufficient information to admit or deny the particular organization of the identified entities, and therefore otherwise denies Paragraph 29.

30.     Paragraph 30's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits the first sentence of Paragraph 30, but USAP lacks sufficient information to admit or deny the particular organization of the identified entities, and therefore otherwise denies Paragraph 30.

31.     The allegations in Paragraph 31 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent they characterize Welsh Carson's state of

mind, USAP lacks sufficient information to admit or deny them.  Further, Paragraph 31's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits that WCAS Management, LLC is a for-profit Delaware corporation founded in 2017, and otherwise denies Paragraph 31.

32.    The first sentence of Paragraph 32 sets forth a legal conclusion to which no response is required.  Further, Paragraph 32's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP lacks sufficient information to admit or deny Paragraph 32's allegations regarding the Welsh Carson Defendants' corporate commonalities, and therefore denies Paragraph 32.

33.    The allegations in Paragraph 33 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  USAP lacks sufficient information to admit or deny Welsh Carson's state of mind.  Further, Paragraph 33's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP lacks sufficient knowledge to admit or deny Welsh Carson's control of portfolio companies, and therefore denies Paragraph 33.

34.    USAP admits the first clause of Paragraph 34, but denies the second clause of Paragraph 34 because it lacks sufficient information to admit or deny an allegation regarding Welsh Carson's state of mind.  To the extent that any further response is required, USAP denies Paragraph 34's characterization of the purpose for which USAP was formed.

35.    The allegations in Paragraph 35 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Welsh Carson's active direction in its corporate strategy and decision-making through the present, and otherwise admits Paragraph 35.

36.    To the extent the allegations characterize Welsh Carson's state of mind, USAP lacks sufficient information to confirm or deny them.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and contends this evidence speaks for itself.  USAP also admits that Welsh Carson has the right to appoint two seats on USAP's board of directors, that Welsh Carson had the right to appoint the majority of the board from 2012 and 2017, and that Welsh Carson currently has two directors on the board.  The allegation that USAP's current board Chairman "is affiliated with" Welsh Carson in an unidentified manner is vague and conclusory, and USAP therefore denies it, and USAP otherwise denies the remaining allegations in Paragraph 36.

37.    Paragraph 37 in part sets forth legal conclusions to which no response is required. Further, Paragraph 37's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits Brian Regan served on USAP's board from 2012 until 2022, but otherwise lacks sufficient information to admit or deny the allegations in Paragraph 37.

38.    Paragraph 38's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP lacks sufficient information to admit or deny the allegations to the extent they characterize Welsh Carson's state of mind.  USAP admits that its CEO at the time the Complaint

was filed was previously affiliated with Welsh Carson but otherwise denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Further, Paragraph 39's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP admits that it has entered into management agreements with Welsh Carson, and otherwise denies Paragraph 39.

40.     Paragraph 40 sets forth a legal conclusion to which no response is required. Further, Paragraph 40's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 40.

## III.     BACKGROUND

### A.     Anesthesia is administered to patients by doctors and nurses to prevent pain

41.     Paragraph 41 is an oversimplified and incomplete description of the complex care anesthesiologists, certified registered nurse anesthetists ("CRNAs"), and certified anesthesiologist assistants ("CAAs") provide to patients before, during, and after surgery and other procedures.  USAP admits that pain management is one of many aspects of anesthesia care and that general and local anesthesia are different methods of managing pain, but otherwise denies the allegations in Paragraph 41 as stated.

42.     Paragraph 42 is an oversimplified and incomplete description of the complex care anesthesiologists, CRNAs, and CAAs provide to patients before, during, and after surgical and other procedures, and USAP denies the allegations in Paragraph 42 as stated.

43.     USAP admits Paragraph 43.

44.     USAP admits Paragraph 44.

45.     USAP admits Paragraph 45.

46.     Paragraph 46 is an oversimplified and incomplete description of the complex care anesthesiologists, CRNAs, and CAAs provide to patients before, during, and after surgical and other procedures, and USAP denies the allegations in Paragraph 46 as stated.

### B.     Anesthesia services are performed in hospitals or outpatient facilities

47.     USAP admits that anesthesiologists, CRNAs, and CAAs provide care to patients in several healthcare facility settings, including those listed in Paragraph 47, but to the extent that Paragraph 47's generalizations are intended to characterize each and every anesthesia provider, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

48.     USAP denies that hospitals alone perform surgery and denies Paragraph 48 insofar as it suggests that only inpatient procedures are performed in hospitals.  USAP further denies the first sentence because the term "outpatient surgery centers" is vague and undefined. USAP admits that inpatient procedures typically require an overnight stay and admits the allegations in the second and third sentences of Paragraph 48.

49.     USAP denies the first sentence of Paragraph 49 that outpatient surgery centers and ambulatory surgical centers perform surgery and denies that surgeries are the "only" procedures provided there.  USAP admits the second sentence and the first clause of the third sentence, but denies the second clause of Paragraph 49 except insofar as "dedicated clinics" may refer to ambulatory surgery centers.  USAP denies the fourth and fifth sentences of Paragraph 49.

50.     USAP admits that local anesthesia generally can be administered in outpatient care centers and doctors' offices, and that many procedures involving the administration of local anesthesia do not require the facilities and staff of a hospital.  To the extent that Paragraph 50's

12

generalizations are intended to characterize the facilities and staffing needs of each and every outpatient care centers or doctor's offices, those generalizations are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

51.    USAP admits that general anesthesia is typically performed only in hospitals or ambulatory surgery centers.  USAP denies Paragraph 51 insofar as "some regional anesthesia" is vague.  USAP otherwise denies Paragraph 51.

**C.    Hospitals contract with anesthesia providers to serve their facilities**

52.    USAP admits that many hospitals rely on independent anesthesiologists or anesthesia groups, such as USAP, but otherwise denies Paragraph 52.

53.    USAP admits Paragraph 53.

54.    USAP admits that Paragraph 54's generalizations regarding hospitals' perceptions can be true in some circumstances, but to the extent that Paragraph 54's generalizations are intended to characterize each and every hospital, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

55.    USAP admits that Paragraph 55's generalizations regarding anesthesia groups can be true in some circumstances, but to the extent that Paragraph 55's generalizations are intended to characterize each and every contract entered into by each and every anesthesia group, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

56.    Paragraph 56 is predicated on an undefined methodology to assess hospital and practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that Paragraph 56's generalizations regarding anesthesia groups can be true in some circumstances,

13

but to the extent that Paragraph 56's generalizations are intended to characterize each and every group's dealings with providers and hospitals, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

57.     USAP admits that Paragraph 57's generalizations regarding hospitals and anesthesia groups can be true in some circumstances, but to the extent that Paragraph 57's generalizations are intended to characterize each and every hospital or anesthesia group, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

58.     USAP admits that a hospital that is a party to an exclusive contract with an anesthesia provider (or provider group) may find that switching to a different anesthesia provider (or provider group) would be disruptive in some circumstances, but to the extent that Paragraph 58's generalizations are intended to characterize each and every hospital or anesthesia group, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

59.     USAP admits that hospitals can and do switch exclusive anesthesia providers in many circumstances, that local providers frequently compete with USAP for exclusive hospital contracts, and that hospitals and healthcare systems also commonly contract or consider contracting with national or regional groups that do not have a current local presence.  To the extent that Paragraph 59's generalizations are intended to characterize each and every hospital, always and uniformly, those allegations are vague, and USAP therefore otherwise denies them

except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

### D.    Insurers negotiate network status and reimbursement with anesthesia providers

60.    USAP admits that insurers create "networks" that include anesthesia providers and other provider types listed in Paragraph 60 but denies that the only purpose of such networks is to "control healthcare costs."  USAP otherwise lacks sufficient knowledge to admit or deny the allegations of Paragraph 60.

61.    USAP admits Paragraph 61.

62.    USAP admits that anesthesia providers are typically paid, in part, based on time units and a conversion factor, and that the conversion factor is negotiated between commercial insurers and anesthesia providers.  USAP denies that Paragraph 62 is a complete description of all the factors commonly considered in anesthesia payment.

63.    USAP admits that Paragraph 63 accurately describes a portion of how anesthesia providers are paid but denies that Paragraph 63 is a complete description of all the factors commonly considered in anesthesia payment.

64.    Paragraph 64's allegations regarding commercial insurers' "use" of their provider networks is vague and incomplete, and USAP therefore denies the first sentence of Paragraph 64. USAP admits the final sentence of Paragraph 64.

65.    Paragraph 65 is predicated on an undefined methodology to assess employer size that USAP lacks sufficient information to admit or deny.  USAP otherwise admits Paragraph 65.

66.    USAP lacks sufficient information to admit or deny factual allegations regarding the listed insurers' client base or the undefined methodology used to assess insurer size, and on that basis denies Paragraph 66.

67.     USAP admits that Paragraph 67's vague generalizations can be true of some administrative services only clients, but as set forth in USAP's Answer to Paragraph 66, USAP lacks sufficient information to admit or deny factual allegations regarding the listed insurers' client base.  USAP therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

**E.      To discipline price demands, insurers may refuse to include anesthesia groups in their network**

68.     USAP admits that Paragraph 68's vague generalizations regarding negotiations between an anesthesia group and an insurer may have been true of some past negotiations, but denies that those generalizations apply always and uniformly to each and every such negotiation. USAP further denies that these generalizations hold true today under the No Surprises Act. USAP therefore otherwise denies the allegations of Paragraph 68 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

69.     USAP admits that Paragraph 69's vague generalizations regarding the preferences of insurers, hospitals, and anesthesia providers can be true some negotiations, but denies that those generalizations apply always and uniformly to each and every such negotiation, and therefore otherwise denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

70.     USAP admits that insurers commonly apply pressure on anesthesia groups, through hospital contracting and other means, to accept large discounts to be in network. Paragraph 70's vague generalizations regarding the preferences of insurer and hospitals can be true of some negotiations, but USAP denies that those generalizations apply always and uniformly to each and every such negotiation.  USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

16

71.     Paragraph 71 is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP admits that from time to time, some hospitals have retained the right set forth in Paragraph 71 in some contracts with USAP, but USAP lacks sufficient information to admit or deny Paragraph 71's vague generalizations regarding the practices of each and every other hospital and other anesthesia group.  On that basis, USAP otherwise denies Paragraph 71 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

72.     USAP admits that it generally prefers to be in-network, but it lacks knowledge or information sufficient to admit or deny whether its competitors have always preferred to remain in network.  Paragraph 72's vague generalizations regarding anesthesia providers' preferences are true of some anesthesia providers in some circumstances and that today, under the No Surprises Act, out-of-network anesthesiologists must obtain payment through costly and uncertain arbitration.  USAP therefore admits the last sentence of Paragraph 72.  However, USAP denies that those generalizations apply always and uniformly to each and every anesthesia provider, and on that basis otherwise denies Paragraph 72 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

73.     USAP admits that insurers commonly pressure hospitals and other facilities to switch anesthesia providers and otherwise admits the last sentence of Paragraph 73. Paragraph 73's vague generalizations regarding hospitals' preferences are true in some circumstances, but USAP denies that those generalizations apply always and uniformly to each and every anesthesia provider.  On that basis, USAP otherwise denies Paragraph 73 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

74.    USAP lacks sufficient knowledge or information regarding insurers' preferences to admit or deny the first sentence of Paragraph 74.  USAP otherwise admits that Paragraph 74's vague generalizations can be true under some circumstances, but denies that those generalizations apply always and uniformly to each and every marketplace participant.  With regard to the footnote appended to Paragraph 74, USAP admits that the costs to and burdens on providers to obtain fair reimbursement through the state and federal arbitration processes are disproportionately large such  that the No Surprises Act has fundamentally changed the marketplace that is the subject of the Complaint.  USAP therefore denies that the "ultimate results of" the "legislative efforts" referenced "remain uncertain."  USAP further notes that the footnote is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP therefore otherwise denies Paragraph 74 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

75.    USAP admits that Paragraph 75's vague generalizations regarding Insurers' views can be true in some circumstances, but denies that those generalizations apply always and uniformly to each and every insurer, and on that basis otherwise denies Paragraph 75 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

76.    USAP admits that Paragraph 76's vague generalizations regarding anesthesia groups can be true in some circumstances, but denies that those generalizations apply always and uniformly to each and every anesthesia group.  On that basis, USAP otherwise denies Paragraph 76 except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  USAP denies the last sentence of Paragraph 76.

IV.    **USAP'S AND WELSH CARSON'S ANTICOMPETITIVE SCHEME**

A.    **Welsh Carson hatches a strategy to consolidate anesthesia practices in Texas**

77.    To the extent the allegations characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and USAP otherwise denies Paragraph 77.

78.    USAP lacks sufficient information to admit or deny allegations regarding Welsh Carson's state of mind or internal delegation related to investments.  USAP otherwise denies Paragraph 78.

79.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  To the extent the allegations characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  USAP otherwise denies Paragraph 79.

80.    USAP lacks sufficient information to admit or deny the allegations in Paragraph 80 and therefore denies Paragraph 80.

B.    **Welsh Carson executes on its consolidation strategy by creating USAP and acquiring a large practice in Houston**

81.    USAP lacks sufficient information to admit or deny the allegations in Paragraph 81, and therefore denies Paragraph 81.

82.    USAP admits the first sentence of Paragraph 82.  USAP lacks sufficient information to admit or deny factual allegations regarding Pediatrix, and therefore otherwise denies Paragraph 82.

83.     USAP lacks sufficient information to admit or deny allegations regarding Pediatrix's acquisitions and Kristen Bratberg's role in them.  To the extent Paragraph 83 characterizes Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  USAP therefore denies Paragraph 83.

84.     USAP lacks sufficient information to admit or deny the accuracy of the quoted language.  USAP respectfully directs the Court to whatever written evidence may be available for an accurate and complete statement of its contents.  USAP lacks sufficient information to admit or deny the remaining allegations and therefore denies Paragraph 84.

85.     USAP admits Welsh Carson and New Day submitted a Letter of Intent to enter into an agreement with Greater Houston Anesthesiology on August 29, 2012.  USAP lacks sufficient knowledge to admit or deny allegations regarding Welsh Carson's presentations to anesthesia practices.  Further, Paragraph 85's allegations regarding Welsh Carson's contributions to the transaction are irrelevant in light of the Court's dismissal of the FTC's claims against it.

86.     USAP admits Paragraph 86.

87.     USAP admits Greater Houston Anesthesiology chose Welsh Carson and New Day's offer and that the parties agreed to a three-month exclusivity period.  USAP lacks sufficient information to admit or deny Paragraph 87's allegations regarding Welsh Carson's diligence efforts.

88.     USAP lacks sufficient information to admit or deny allegations regarding consultants' analysis of the transaction.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 88.

89.     USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP lacks sufficient information to admit or deny the state of mind or a third party, and therefore otherwise denies Paragraph 89.

90.     USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise lacks sufficient information to admit or deny the allegations, and therefore otherwise denies Paragraph 90.

91.     Paragraph 91's allegations are vague, conclusory, and argumentative, and therefore USAP denies them to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Further, to the extent the allegations characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

92.     To the extent the allegations characterize Welsh Carson's state of mind, USAP lacks sufficient information to admit or deny them.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies Paragraph 92.

93.     Because USAP lacks sufficient information to admit or deny the allegations in Paragraph 93, it denies Paragraph 93.

94.     USAP lacks sufficient information to know whether the "deal" was "looking likely" and therefore denies the sentence to the extent it relies on that clause.  USAP otherwise admits Paragraph 94.

95.     USAP admits Paragraph 95.

**C.     Welsh Carson and the newly-formed USAP develop a plan to roll up independent anesthesia practices and raise prices**

96.     The allegations in Paragraph 96 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  Further, USAP lacks sufficient information to admit or deny allegations regarding Welsh Carson's state of mind.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 96.

97.     Paragraph 97 is predicated on an undefined methodology to assess acquisition size that USAP lacks sufficient information to admit or deny.  The allegations in Paragraph 97 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent Paragraph 97 purports to characterize USAP's "Roll Up Houston" presentation, USAP contends this document speaks for itself.  USAP otherwise denies Paragraph 97.

98.     Paragraph 98 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 98.

99.    Paragraph 99 sets forth a legal conclusion to which no response is required.  To the extent that any further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies Paragraph 99, including to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

100.    The allegations in Paragraph 100 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

101.    The first sentence of Paragraph 101 is vague, conclusory, and argumentative, and USAP denies it except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that any further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 101.

## V.    USAP CONTINUES ITS ANTICOMPETITIVE SCHEME BY ROLLING UP ADDITIONAL PRACTICES

### A.    After its founding acquisition, USAP makes three additional acquisitions in Houston

102.    Paragraph 102 is predicated on an undefined methodology to assess provider group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  The remaining allegations in Paragraph 102 are vague, conclusory, and argumentative, and USAP

therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

### 1.    North Houston Anesthesiology – Kingwood Division (2014)

103.    USAP admits that it entered into the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.

104.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, contends the evidence speaks for itself, and otherwise denies the allegations in Paragraph 104.

105.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies the allegations in Paragraph 105.

106.    Paragraph 106 is predicated on an undefined methodology to assess provider group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies the allegations in Paragraph 106.

107.    USAP denies Paragraph 107, including to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

### 2.    MetroWest Anesthesia Care (2017)

108.    USAP admits that it entered into the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.

109.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate

24

and complete statement of its contents.  USAP lacks sufficient knowledge to admit or deny the

allegation in the third sentence of Paragraph 109.  USAP otherwise denies the allegations in

Paragraph 109.

110.    Paragraph 110 is predicated on an undefined methodology to assess firm size that

USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the

FTC's investigation of this matter includes the quoted language and respectfully directs the

Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise

denies the allegations in Paragraph 110.

111.    USAP lacks sufficient knowledge to admit or deny Paragraph 111, including to

the extent that it is predicated on an undefined methodology for calculating and comparing

reimbursement rates that USAP lacks sufficient information to admit or deny.

### 3.    Guardian Anesthesia Services (2020)

112.    USAP admits Paragraph 112.

113.    USAP admits that it grew as a result of its agreement with Guardian.  USAP

otherwise denies the allegations in Paragraph 113.

114.    USAP lacks sufficient knowledge to admit or deny Paragraph 114.

115.    USAP lacks sufficient knowledge to admit or deny Paragraph 115, including to

the extent that it is predicated on an undefined methodology to assess provider reimbursement

rates that USAP lacks sufficient information to admit or deny.

### 4.    USAP's consolidation of Houston as it stands today

116.    USAP lacks sufficient knowledge to admit or deny Paragraph 116.

117.    Paragraph 117 is predicated on an undefined methodology to assess provider

group size that USAP lacks sufficient information to admit or deny.

118.    Paragraph 118 is predicated on an undefined methodology to assess provider group size and reimbursement rates that USAP lacks sufficient information to admit or deny.

119.    USAP denies Paragraph 119.

**B.    USAP expands its roll-up scheme to Dallas**

120.    The first sentence of Paragraph 120 calls for a legal conclusion to which no response is required.  To the extent that a response is required, USAP denies the allegations in the first sentence of Paragraph 120.  USAP admits the allegation in the second sentence of Paragraph 120.

121.    Paragraph 121 is predicated on an undefined methodology to assess case volume that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes language similar to the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies the allegations in Paragraph 121.

**1.    Pinnacle Anesthesia Consultants (2014)**

122.    Paragraph 122 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  Paragraph 122's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 122's allegations comparing USAP's number of cases and revenues to other, unidentified providers of anesthesia services.  USAP therefore denies Paragraph 122.

123.    Paragraph 123 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that before the agreement, EmCare provided "back office" services to Pinnacle, but otherwise denies the allegations in the first sentence of Paragraph 123.  For the remaining portions of Paragraph 123,

USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

124.    USAP lacks sufficient information to admit or deny Paragraph 124's allegations regarding Welsh Carson's state of mind.  USAP otherwise admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

125.    Paragraph 125 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the first sentence and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP admits the allegations in the second and third sentences of Paragraph 125 insofar as they concern USAP; USAP lacks sufficient information to admit or deny any allegations concerning Welsh Carson's actions or knowledge.  USAP admits that evidence produced in the FTC's investigation of this matter includes the documents referenced and quoted in the fourth and fifth sentences, admits the quoted language appears in those documents, and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies Paragraph 125.

126.    USAP admits that a letter of intent was signed on September 13, 2013, and that evidence produced in the FTC's investigation of this matter includes the quoted language in the first sentence of Paragraph 126, but respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  The second sentence alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies the

allegations in the second sentence of Paragraph 126.  USAP admits the allegations in the third sentence of Paragraph 126 as they relate to USAP; USAP lacks sufficient information to admit or deny the actions of Welsh Carson and Brian Regan.

127.    USAP admits that the allegations in the first three sentences of Paragraph 127 accurately characterize the referenced arrangements to help fund USAP's agreement with Welsh Carson.  The fourth sentence is a characterization of the FTC's own pleading to which no response is required.  To the extent that a further response is required, USAP otherwise denies Paragraph 127.

128.    USAP denies Paragraph 133 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP further denies the allegations in the first sentence of Paragraph 128.  USAP lacks sufficient information to admit or deny the allegations in the second sentence.  USAP admits the allegations in the third sentence.  USAP admits that it settled its arbitration with Aetna in 2016 and respectfully directs the Court to the terms of the settlement for an accurate and complete statement of its contents.  The remaining allegations in the fourth sentence regarding price increases for unidentified insurers are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

129.    USAP admits the allegations in the first sentence of Paragraph 129 as they relate to USAP's agreement with Pinnacle.  USAP lacks sufficient information to admit or deny the actions or state of mind of Welsh Carson and Brian Regan.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the second

sentence of Paragraph 129 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

### 2.     Anesthesia Consultants of Dallas (2015)

130.     USAP admits that it entered into the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.

131.     Paragraph 131 is predicated on an undefined methodology to assess facility size that USAP lacks sufficient information to admit or deny.  USAP admits that Anesthesia Consultants of Dallas had exclusive contracts with Methodist Dallas Medical Center and Texas Regional Medical Center before it entered into an agreement with USAP.  USAP further admits that Anesthesia Consultants of Dallas served other Methodist Dallas hospitals.  USAP otherwise denies the allegations in Paragraph 131.

132.     USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the second and third sentences of Paragraph 132 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies the allegations in Paragraph 132.

133.     Paragraph 133 is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  To the extent that any further response is required, USAP denies Paragraph 133.

### 3.     Excel Anesthesia Consultants (2015)

134.     USAP admits that the allegations preceding the parenthetical at the end of Paragraph 134 accurately characterize the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the

parenthetical at the end of Paragraph 134 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

135.     Paragraph 135 is predicated on an undefined methodology to assess hospital size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in Paragraph 135 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies the allegations in Paragraph 135.

136.     Paragraph 136 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the second, fourth, and fifth sentences of Paragraph 136 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP lacks sufficient information to admit or deny the allegation set forth in the third sentence of Paragraph 136.  USAP otherwise denies the allegations in Paragraph 136.

137.     Paragraph 137 is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP therefore denies Paragraph 137.

**4.      Southwest, BMW, Medical City Physicians, and Sundance (2015-2016)**

138.     Paragraph 138 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the first sentence of Paragraph 138, but respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP lacks sufficient information to admit or deny the

actions of Welsh Carson alleged in the first sentence of Paragraph 138. ~~USAP admits the allegations set forth in~~As to the second sentence of Paragraph 138, USAP admits the allegations pertaining to Southwest Anesthesia Associates and Sundance Anesthesia.  USAP interprets "BMW Anesthesiology" as referencing "BMW Physicians."  USAP denies that it acquired BMW Physicians or Medical City Physicians and incorporates by reference its response to Paragraph 141 below.  USAP otherwise denies Paragraph 138.

139.    USAP admits the allegations set forth in the first sentence of Paragraph 139. USAP admits that evidence produced in the FTC's investigation of this matter discusses the information alleged in the second sentence of Paragraph 139 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.

140.    USAP denies Paragraph 140 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the second sentence of Paragraph 140, but respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP admits that after it entered into an agreement with the counterparty identified in Paragraph 140, the reimbursement rate with United was the amount alleged in Paragraph 140, and denies any mischaracterization of that rate change.  USAP otherwise denies the allegations in Paragraph 140.

141.    USAP ~~admits Paragraph 141.~~interprets "BMW Anesthesiology" as referencing "BMW Physicians."  USAP objects to Paragraph 141 as vague and ambiguous insofar as it uses the undefined term "acquire," and will interpret that term to mean that a former practice was subject to a merger, an asset purchase, or an acquisition of stock or other equity.  USAP therefore

denies that it acquired BMW Physicians or Medical City Physicians, but admits that USAP (as defined in the Complaint at 11 n.1) hired as new employees personnel formerly affiliated with BMW Physicians and Medical City Physicians, and that in connection with the hiring of these new employees, cash and stock payments in the referenced amounts were made.

142.    Paragraph 142's allegations regarding the intentions of unspecified persons are vague and conclusory, and USAP therefore denies them.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the third sentence of Paragraph 142, but respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies Paragraph 142.

143.    USAP denies Paragraph 143 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits the allegations in the second sentence of Paragraph 143.  USAP otherwise denies the allegations in Paragraph 143.

144.    USAP admits that it entered into the agreement referenced in the first two sentences of Paragraph 144 and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.  USAP further admits that Sundance Anesthesia held an exclusive anesthesia services agreement with Texas Health Resources-Southwest Fort Worth. USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the fourth sentence of Paragraph 144 and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  USAP otherwise denies the allegations in Paragraph 144.

145.    Paragraph 145 is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

### 5.    USAP's consolidation of Dallas as it stands today

146.    Paragraph 146 is predicated on an undefined methodology to assess case volume and revenue that USAP lacks sufficient information to admit or deny.  Paragraph 146's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 146's allegations comparing USAP's number of cases and revenues to other, unidentified providers of anesthesia services.  Paragraph 146's characterization of USAP's conduct is argumentative and thus requires no response.  USAP otherwise denies Paragraph 146.

147.    Paragraph 147 is predicated on an undefined methodology to assess practice group and hospital size that USAP lacks sufficient information to admit or deny.  The allegations in the first sentence of Paragraph 147 are vague and ambiguous, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  USAP otherwise admits that the referenced agreements were produced in the FTC's investigation of this matter and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  To the extent that a further response is required, USAP denies the balance of Paragraph 147.

148.    USAP lacks sufficient information to admit or deny Paragraph 148's allegations comparing USAP's reimbursement rate to other, unidentified providers' anesthesia services.  USAP admits that it was removed from United Healthcare's network in 2020, but otherwise denies the allegations in the second sentence of Paragraph 148.

149.    USAP denies Paragraph 149.

**C.    USAP further expands its roll-up scheme by acquiring other large practices across Texas**

150.    The allegations in Paragraph 150 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language.  Further, Paragraph 150's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP otherwise denies Paragraph 150.

151.    USAP denies Paragraph 151 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 151's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP admits that it hired Savvy Sherpa to provide consulting services in 2013.  The remaining allegations in Paragraph 151 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

152.    Paragraph 152's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  The remaining allegations in Paragraph 152 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

153.    USAP denies Paragraph 153 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 153's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 153 to

34

the extent it mischaracterizes those contracts.  The remaining allegations in Paragraph 153 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

154.    USAP denies Paragraph 154 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 154's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 154 to the extent it mischaracterizes those contracts.  Further, USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language and respectfully directs the Court to that evidence for an accurate and complete statement of its contents.  The remaining allegations in Paragraph 154 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

155.    USAP denies Paragraph 155 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 155 to the extent it mischaracterizes those contracts.  The remaining allegations in Paragraph 155 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

156.    USAP denies Paragraph 155 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits it entered into agreements with four practices between 2016 and

2019. USAP contends that that its contracts speak for themselves, and denies Paragraph 156 to the extent it mischaracterizes those contracts.

### 1.    East Texas Anesthesiology Associates (2016)

157.    USAP admits that it entered into the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.

158.    USAP admits that in 2016 East Texas Anesthesiology Associates provided anesthesia services at East Texas Medical Center and University of Texas Health Science Center in Tyler. USAP lacks sufficient information to admit or deny the FTC's unsourced allegations regarding case volume and revenue. The remaining allegations in Paragraph 158 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

159.    USAP denies Paragraph 159 to the extent that it is predicated on an undefined methodology for calculating reimbursement rates that USAP lacks sufficient information to admit or deny. USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 159 to the extent it mischaracterizes those contracts. USAP otherwise denies Paragraph 159.

### 2.    Capitol Anesthesiology Association (2018)

160.    Paragraph 160 is predicated on an undefined methodology to assess practice group and hospital size that USAP lacks sufficient information to admit or deny. With that exception, USAP admits that it entered into the referenced agreement and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.

161.    With the exception of any intended characterization of a relevant antitrust market and the undefined basis for characterizing Lake Travis's size, USAP admits the first two sentences of Paragraph 161. USAP admits that evidence produced in the FTC's investigation of

36

this matter includes the quoted language.  The remaining allegations in Paragraph 161 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

162.    USAP admits that Capitol Anesthesiology Association had certain exclusive contracts with Austin-area hospitals.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language.  The remaining allegations in Paragraph 162 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

163.    USAP denies Paragraph 163 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 163 to the extent it mischaracterizes those contracts.  USAP otherwise denies Paragraph 163.

164.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 164 to the extent it mischaracterizes those contracts.  The remaining allegations in Paragraph 164 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

### 3.    Amarillo Anesthesia Consultants (2018)

165.    USAP admits that it entered into the agreement referenced in the first two sentences of Paragraph 165 and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.  USAP lacks sufficient knowledge to admit or deny the last sentence of Paragraph 165, and on that basis denies it.

166.    Paragraph 166 is predicated on an undefined methodology to assess hospital size that USAP lacks sufficient information to admit or deny.  USAP admits that Baptist St. Anthony's hospital is one of two hospitals in Amarillo, and that it is part of the Ardent Health Services system.  The remaining allegations in Paragraph 166 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

167.    USAP lacks sufficient knowledge to admit or deny Paragraph 167 and therefore denies it.

168.    USAP denies Paragraph 168 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 168 to the extent it mischaracterizes those contracts.  The remaining allegations in Paragraph 168 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

### 4.    Star Anesthesia (2019)

169.    USAP admits that it entered into the agreement referenced in the first two sentences of Paragraph 169 and that the referenced numbers of physicians and CRNAs affiliated with its counterparty are accurate.  The third sentence of Paragraph 169 is predicated on an undefined methodology to assess hospital size that USAP lacks sufficient information to admit or deny.

170.    Paragraph 170's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  Further, the allegations in Paragraph 170 are

vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

171.    USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language. The remaining allegations in Paragraph 171 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

172.    Paragraph 172 is predicated on an undefined methodology to assess practice size that USAP lacks sufficient information to admit or deny. USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language. The remaining allegations in Paragraph 172 are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer. USAP otherwise denies Paragraph 172.

173.    USAP denies Paragraph 173 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny. USAP respectfully directs the Court to its contracts for an accurate and complete statement of their contents, and denies Paragraph 173 to the extent it mischaracterizes those contracts. The remaining allegations in Paragraph 173 are vague and conclusory, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

## VI.    USAP'S OTHER ANTICOMPETITIVE CONDUCT

174.    Paragraph 174 is predicated on an undefined methodology to assess provider size, the results of which USAP lacks sufficient information to admit or deny. USAP therefore denies Paragraph 174.

### A.    USAP uses price-setting arrangements to charge its own, higher rates for anesthesia services provided by other practices

175.    USAP admits that there are many anesthesia providers and practices that it has not acquired, and further avers that it faces competition from these providers and practices that the Complaint ignores.  USAP also admits that a given medical school or teaching hospital might independently decide not to affiliate with an anesthesia provider or practice that enters into an agreement with USAP.  USAP otherwise lacks sufficient information to admit or deny Paragraph 175's vague generalizations regarding unidentified providers, practices, schools, and hospitals, and on that basis otherwise denies Paragraph 175.

176.    USAP denies Paragraph 176 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits that its predecessor entered into two agreements with anesthesia practices to provide them back-office, administrative services, that USAP inherited these agreements, and that USAP itself has entered into a third such agreement.  USAP further admits that, as more fully set forth by those agreements' terms, the provider groups assigned to USAP their rights to bill and receive payment from patients and payors for services rendered.  USAP then billed payors for the anesthesia services rendered by the non-USAP providers using USAP's own provider and tax information, obtained reimbursement from payors, and then paid the non-USAP providers, typically retaining some portion of the reimbursement amount as compensation for the administrative services it performed.  USAP otherwise contends that the agreements speak for themselves, and denies Paragraph 176 to the extent that it mischaracterizes them.

177.    USAP hereby incorporates its response to Paragraph 176.  USAP lacks information sufficient to admit or deny Plaintiff's claim regarding hospitals' expectations. USAP therefore denies Paragraph 177.

178.    The allegations in Paragraph 178 consist of conclusory assertions and hypotheticals that depend on the Complaint's disputed characterization of the agreements in question, and USAP thus believes no response is required.  To the extent that a response is required, USAP denies Paragraph 178.

179.    USAP lacks information sufficient to admit or deny whether its executives made the quoted statements, and denies Paragraph 179's allegations to that effect.  USAP further objects to Paragraph 179 to the extent that it characterizes information protected by the attorney-client privilege.  USAP otherwise denies Paragraph 179.

180.    USAP admits that it currently provides billing services to TMHPO in Houston and that it previously provided billing services to providers affiliated with Baylor College of Medicine in Houston.  USAP also previously provided billing services to Dallas Anesthesiology Associates, but USAP terminated its agreement with that group in November 2023.  USAP contends that those agreements speak for themselves, and denies Paragraph 180 to the extent it mischaracterizes them.

181.    USAP denies Paragraph 181.

### 1.    The Methodist Hospital Physician Organization

182.    USAP admits Paragraph 182.

183.    USAP admits Paragraph 183.

184.    USAP admits that the quoted words appear in GHA's contract with TMHPO. USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 184 to the extent it mischaracterizes that contract.

185.    USAP admits that the quoted words appear in GHA's contract with Houston Methodist Hospital.  USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 185 to the extent it mischaracterizes that contract.

186.    USAP admits that it inherited GHA's contract with TMHPO when it entered into an agreement with GHA.  USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 186 to the extent it mischaracterizes that contract.

187.    USAP denies Paragraph 187 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits that it has continued to provide billing services for TMHPO physicians.  USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 187 to the extent it mischaracterizes that contract.  USAP otherwise denies Paragraph 187.

188.    USAP admits that the quoted phrases appear in the referenced presentation and respectfully directs the Court to that presentation for an accurate and complete statement of its contents, but denies Paragraph 188's characterization of those quotations and otherwise denies Paragraph 188.

189.    USAP denies Paragraph 189 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits that the referenced contract has not been terminated, respectfully directs the Court to that contract for an accurate and complete statement of its

contents, and denies Paragraph 189 to the extent it mischaracterizes that contract.  USAP otherwise denies Paragraph 189.

### 2.    Dallas Anesthesiology Associates

190.    Paragraph 190 is predicated on an undefined methodology to assess practice size, the results of which USAP lacks sufficient information to admit or deny.  USAP otherwise admits Paragraph 190.

191.    USAP admits Paragraph 191.

192.    USAP admits Paragraph 192.

193.    USAP admits that the quoted words appear in Pinnacle's contract with Dallas Anesthesiology Associates.  USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 193 to the extent it mischaracterizes that contract.

194.    USAP admits that it inherited Pinnacle's contract with Dallas Anesthesiology Associates when it entered into an agreement with Pinnacle.  USAP respectfully directs the Court to that contract for an accurate and complete statement of its contents, and denies Paragraph 194 to the extent it mischaracterizes that contract.

195.    USAP admits that Pinnacle provided Dallas Anesthesiology Associates with certain back-office administrative services, such as a customer service telephone number, and that the groups billed patients in the service provider physician's name.  USAP otherwise denies Paragraph 195.

196.    USAP denies Paragraph 196.  USAP terminated its agreement with Dallas Anesthesiology Associates in November 2023.  USAP further denies Paragraph 196 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

### 3.     Baylor College of Medicine

197.    USAP admits Paragraph 197.

198.    USAP admits that it considered a partnership with Baylor College of Medicine, but denies Paragraph 198's speculation regarding the reason for such a partnership.

199.    USAP admits that it hired the consulting firm Stax, Inc. to evaluate a potential agreement with another practice.  USAP otherwise denies Paragraph 199.

200.    USAP lacks information sufficient to admit or deny whether Mr. Regan made the quoted comment, and on that basis denies Paragraph 200's allegation to that effect. Paragraph 200 otherwise consists of conclusory and argumentative assertions to which USAP believes no response is required.  To the extent that a response is required, USAP denies Paragraph 200.

201.    USAP admits that it entered into an agreement with Baylor College of Medicine in 2014, respectfully directs the Court to that agreement for an accurate and complete statement of its contents, and denies Paragraph 201 to the extent it mischaracterizes that agreement.

202.    USAP admits that it entered into an agreement with Baylor College of Medicine in 2014, respectfully directs the Court to that agreement for an accurate and complete statement of its contents, and denies Paragraph 202 to the extent it mischaracterizes that agreement.

203.    USAP admits that it and Baylor College of Medicine operated in a manner consistent with the agreement they entered in 2014, respectfully directs the Court to that agreement for an accurate and complete statement of its contents, and denies Paragraph 203 to the extent it mischaracterizes that agreement.  USAP admits that its agreement with Baylor College of Medicine was terminated in 2020.

### 4.    University of Texas

204.    Paragraph 204 is predicated on an undefined methodology to assess hospital size that USAP lacks sufficient information to admit or deny.  USAP otherwise admits Paragraph 204.

205.    USAP admits that it considered a partnership with the University of Texas anesthesia group.  USAP otherwise denies Paragraph 205.

206.    USAP denies the third sentence's characterization of any proposed agreement. USAP otherwise admits Paragraph 206.

207.    USAP admits that it never entered into a "price-setting arrangement" – or any agreement for the provision of administrative services – with the anesthesia group from the University of Texas.  USAP otherwise denies Paragraph 207.

### B.    USAP's market allocation with Envision Healthcare

208.    USAP admits that Paragraph 208 accurately characterizes a fact that USAP learned while exploring its potential agreement with the referenced counterparty.

209.    USAP admits Paragraph 209.

210.    USAP admits that Paragraph 210 accurately characterizes a view that employees of the referenced counterparty conveyed to USAP while USAP was exploring entering into a potential agreement with that counterparty.

211.    USAP admits that Bratberg and Regan conducted negotiations, on behalf of USAP and Welsh Carson respectively, with the referenced counterparties.  USAP otherwise denies Paragraph 211, including its characterization of these negotiations and their purpose.

212.    USAP admits that Regan negotiated a contract with the referenced counterparties. USAP otherwise denies Paragraph 212, including its characterization of these negotiations and their purpose.

213.    USAP admits that Regan negotiated a contract with the referenced counterparties. USAP otherwise denies Paragraph 213, including its characterization of these negotiations and their purpose.

214.    USAP admits that it entered into an agreement with the counterparties identified in Paragraph 214, respectfully directs the Court to that agreement for an accurate and complete statement of its contents, and denies Paragraph 214 to the extent it mischaracterizes that agreement.

215.    USAP denies Paragraph 215.

## VII.    RELEVANT MARKETS

### A.    The relevant service market is commercially insured hospital-only anesthesia services

216.    Paragraph 216 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 216.

217.    Paragraph 217 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 217.

218.    Paragraph 218 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 218.

219.    Paragraph 219 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 219.

#### 1.    Services performed outside a hospital are not part of the relevant service market

220.    Paragraph 220 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 220.

221.    USAP denies Paragraph 221.

222.    Paragraph 222 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP contends that Paragraph 222 is an oversimplified and incomplete description of the complex care anesthesiologists, CRNAs, and CAAs provide to patients before, during, and after surgical and other procedures, and USAP therefore denies the allegations in Paragraph 222.

223.    Paragraph 223 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP contends that Paragraph 223 is an oversimplified and incomplete description of the complex care anesthesiologists, CRNAs, and CAAs provide to patients before, during, and after surgical and other procedures, and USAP therefore denies Paragraph 223.

224.    USAP admits that certain hospital services such as trauma and obstetrics that are not provided in outpatient settings require overnight call and longer shifts that are scheduled in advance.  USAP otherwise contends that Paragraph 224 is an oversimplified and incomplete description of the complex care anesthesiologists, CRNAs, and CAAs provide to patients before, during, and after surgical and other procedures, and USAP therefore denies Paragraph 224.

225.    Paragraph 225 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 225.

226.    Paragraph 226 alleges a legal conclusion to which no response is required. Further, the allegations in the first sentence of Paragraph 226 are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 226.

227.    Paragraph 227 is predicated on an undefined methodology to assess hospital size, the results of which USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language,

respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 227.

228.     Paragraph 228 is predicated on an undefined methodology to assess hospital size, the results of which USAP lacks sufficient information to admit or deny.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 228.

229.     Paragraph 229 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 229.

230.     Paragraph 230 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 230.

## 2.     Non-commercial insurance plans are not part of the relevant service market

231.     Paragraph 231 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 231.

232.     Paragraph 232 alleges a legal conclusion to which no response is required. Further, Paragraph 232's generalizations regarding insurance plans are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 232.

233.     Paragraph 233 alleges a legal conclusion to which no response is required.  USAP also denies Paragraph 233 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  Further, Paragraph 233's generalizations regarding insurers and anesthesiologists are

vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 233.

234.    Paragraph 234 alleges a legal conclusion to which no response is required. Further, Paragraph 234's generalizations regarding insurers and anesthesiologists are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 234.

**B.    The relevant geographic markets to assess the competitive implications of the challenged conduct are no broader than the local metropolitan statistical areas**

235.    Paragraph 235 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 235.

**1.    A relevant geographic market is no broader than the Houston metropolitan statistical area**

236.    Paragraph 236 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 236.

237.    Subject to the qualification that the metropolitan statistical area ("MSA") is more formally called "Houston-The Woodlands-Sugar Land, TX MSA," USAP admits Paragraph 237.

238.    Paragraph 238's generalizations regarding patients' activities are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP admits that anesthesia practices compete for hospital contracts in the Houston-The Woodlands-Sugar Land, TX MSA but otherwise denies Paragraph 238.

239.     Paragraph 239 generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 239.

240.     USAP admits the first sentence of Paragraph 240.  Otherwise, Paragraph 240's generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

241.     USAP admits the first sentence of Paragraph 241.  USAP lacks information to admit or deny Paragraph 241's allegations regarding Blue Cross.

242.     Paragraph 242 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 242.

243.     Paragraph 243 alleges a legal conclusion to which no response is required.  Further, its allegations regarding unidentified industry participants are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 243.

244.     Paragraph 244 alleges a legal conclusion to which no response is required.  Further, its allegations regarding unidentified evidence are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 244.

### 2.     A relevant geographic market is no broader than the Dallas-Fort Worth metropolitan statistical area

245.     Paragraph 245 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 245.

246.     Subject to the qualification that the MSA is more formally called "Dallas-Fort Worth-Arlington, TX MSA," USAP admits Paragraph 246.

247.    Paragraph 247's generalizations regarding patients' activities are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP admits that anesthesia practices compete for hospital contracts in the Dallas-Fort Worth-Arlington, TX MSA but otherwise denies Paragraph 247.

248.    Paragraph 248's generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 248.

249.    USAP admits the first sentence of Paragraph 249.  Otherwise, Paragraph 249's generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

250.    Paragraph 250 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 250.

251.    Paragraph 251 alleges a legal conclusion to which no response is required.  Further, its allegations regarding unidentified industry participants are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 251.

252.    Paragraph 252 alleges a legal conclusion to which no response is required.  Further, its allegations regarding unidentified evidence are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 252.

### 3.    A relevant geographic market is no broader than the Austin metropolitan statistical area

253.    Paragraph 253 alleges a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 253.

254.    Subject to the qualification that the MSA is more formally called "Austin-Round Rock, TX MSA," USAP admits Paragraph 254.

255.    Paragraph 255's generalizations regarding patients' activities are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP admits that anesthesia practices compete for hospital contracts in the Austin-Round Rock, TX MSA but otherwise denies Paragraph 255.

256.    Paragraph 256's generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.  To the extent that a further response is required, USAP denies Paragraph 256.

257.    USAP admits the first sentence of Paragraph 257.  Otherwise, Paragraph 257's generalizations regarding unidentified hospitals and anesthesiology practices are vague, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

258.    Paragraph 258 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 258.

259.    Paragraph 259 alleges a legal conclusion to which no response is required. Further, its allegations regarding unidentified industry participants are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 259.

260.    Paragraph 260 alleges a legal conclusion to which no response is required. Further, its allegations regarding unidentified evidence are vague and ambiguous.  To the extent that a further response is required, USAP denies Paragraph 260.

## VIII.   MARKET POWER AND MONOPOLY POWER

### A.    USAP has monopoly power in the Houston MSA

#### 1.    USAP and Welsh Carson's roll-up of anesthesia practices has substantially increased concentration, resulting in a dominant market share in Houston

261.    Paragraph 261's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, Paragraph 261's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that any further response is required, USAP denies Paragraph 261.

262.    Paragraph 262's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 262.

263.    Paragraph 263's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 263.

264.    Paragraph 264's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  USAP also lacks sufficient information to admit or deny Paragraph 264's vague allegations regarding insurers' unidentified ordinary course document.  To the extent that any further response is required, USAP denies Paragraph 264.

265.    Paragraph 265's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 265.

266.    Paragraph 266's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 266.

> **2.    USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Houston**

267.    Paragraph 267 is predicated on an undefined methodology to assess practice group size that USAP lacks sufficient information to admit or deny.  Paragraph 267's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 267.

268.    USAP denies Paragraph 268 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 268's allegations regarding USAP's reimbursement rates, quality, and changes to these over time are vague and ambiguous.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 268's allegations comparing USAP's reimbursement rate to other, unidentified providers of anesthesia services.  USAP therefore denies Paragraph 268.

269.    USAP lacks sufficient information to admit or deny Paragraph 269's vague and ambiguous allegations comparing USAP's reimbursement rates, case volume, and share of anesthesia costs to other, unidentified alternatives, and on that basis denies Paragraph 269.

270.    USAP lacks sufficient information to admit or deny the accuracy of the language quoted in the last sentence of Paragraph 270.  USAP otherwise denies Paragraph 270.

271.    Paragraph 271's first sentence sets forth legal conclusions to which no response is required.  USAP admits the second and third sentences of Paragraph 271.

### 3.    USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its monopoly power in Houston

272.    Paragraph 272 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny. Paragraph 272's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 272's allegations comparing USAP's number of cases and revenues to other providers of anesthesia services.  USAP therefore denies Paragraph 272.

273.    Paragraph 273 is predicated on an undefined methodology to assess provider group size that USAP lacks sufficient information to admit or deny.  Paragraph 273 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 273.

### B.    USAP has monopoly power in the Dallas MSA

### 1.    USAP and Welsh Carson's roll-up of anesthesia practices has substantially increased concentration, resulting in a dominant market share

274.    Paragraph 274's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, Paragraph 274's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that any further response is required, USAP denies Paragraph 274.

275.    Paragraph 275's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 275.

276.    Paragraph 276's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 276.

277.    Paragraph 277's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  USAP also lacks sufficient information to admit or deny Paragraph 277's vague allegations regarding insurers' unidentified ordinary course document.  To the extent that any further response is required, USAP denies Paragraph 277.

278.    Paragraph 278's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 278's allegations comparing USAP's number of cases and revenues to other providers of anesthesia services.  To the extent that any further response is required, USAP denies Paragraph 278.

**2.    USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Dallas**

279.    Paragraph 279 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny. Paragraph 279's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  USAP also lacks sufficient information to admit or deny Paragraph 279's allegations comparing the reimbursement rates of

one Dallas anesthesia group to one or more unidentified anesthesia groups.  To the extent that any further response is required, USAP denies Paragraph 279.

280.    USAP denies Paragraph 280 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 280's allegations regarding USAP's reimbursement rates, quality, and changes to these over time are vague and ambiguous.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 280's allegations comparing USAP's reimbursement rate to other, unidentified providers of anesthesia services.  USAP therefore denies Paragraph 280.

281.    USAP lacks sufficient information to admit or deny Paragraph 281's vague and ambiguous allegations comparing USAP's reimbursement rates, case volume, and share of anesthesia costs to other, unidentified alternatives, and on that basis denies Paragraph 281.

282.    Paragraph 282's allegations regarding unidentified high-volume hospitals are vague and ambiguous.  Accordingly, USAP denies Paragraph 282.

283.    Paragraph 283's first sentence sets forth legal conclusions to which no response is required.  The final two sentences of Paragraph 283 are vague and ambiguous, and USAP therefore denies them.

> **3.    USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its monopoly power in Dallas**

284.    Paragraph 284 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny. Paragraph 284's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 284's allegations comparing USAP's number of cases

and revenues to other providers of anesthesia services.  To the extent that any further response is required, USAP denies Paragraph 284.

285.    Paragraph 285 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny. Paragraph 285's allegations assume a finding that the antitrust product market that the FTC has pleaded is well defined – a conclusion that USAP denies.  Paragraph 285 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 285.

 **C. USAP has a dominant position in the commercially insured hospital-only anesthesia market in Austin**

  **1. USAP and Welsh Carson's roll-up of anesthesia providers has substantially increased concentration, resulting in a dominant market share**

286.    Paragraph 286's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, Paragraph 286's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that any further response is required, USAP denies Paragraph 286.

287.    Paragraph 287's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 287.

288.    Paragraph 288's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  To the extent that any further response is required, USAP denies Paragraph 288.

289.    Paragraph 289's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  USAP also lacks sufficient information to admit or deny Paragraph 289's vague allegations regarding insurers' unidentified ordinary course document.  To the extent that any further response is required, USAP denies Paragraph 289.

290.    Paragraph 290's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 290's allegations comparing USAP's number of cases and revenues to other providers of anesthesia services.  To the extent that any further response is required, USAP denies Paragraph 290.

> **2.    USAP has demonstrated its ability to increase prices while retaining and increasing its market share in Austin**

291.    USAP lacks sufficient information to admit or deny Paragraph 291's vague and ambiguous allegations comparing USAP's reimbursement rates, case volume, and share of anesthesia costs to other, unidentified alternatives, and on that basis denies Paragraph 291.

292.    USAP lacks sufficient information to admit or deny Paragraph 292's vague and ambiguous allegations regarding pricing and incremental revenues, and on that basis denies Paragraph 292.

293.    USAP denies Paragraph 293 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 293's allegations regarding unidentified high-volume hospitals are also vague and ambiguous.  Accordingly, USAP denies Paragraph 293.

294.    Paragraph 294's first sentence sets forth legal conclusions to which no response is required.  The final two sentences of Paragraph 294 are vague and ambiguous, and USAP therefore denies them.

### 3.    USAP's high share of the hospital-only anesthesia market relative to its rivals reinforces its dominance in Austin

295.    Paragraph 295 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny.  Paragraph 295's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Moreover, USAP lacks sufficient information to admit or deny Paragraph 295's allegations comparing USAP's number of cases and revenues to other providers of anesthesia services.  To the extent that any further response is required, USAP denies Paragraph 295.

296.    Paragraph 296 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 296.

### D.    High barriers to entry to the hospital-only anesthesia markets in Houston, Dallas, and Austin protect USAP's market share

297.    Paragraph 297's first sentence sets forth legal conclusions to which no response is required.  Paragraph 297's last two sentences are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

298.    USAP denies Paragraph 298 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP admits that providing anesthesia services in any setting requires extensive training and experience, and denies Paragraph 298's first sentence to the

extent that it does not fully capture that training and experience. Paragraph 298's second sentence sets forth legal conclusions to which no response is required.

299.    USAP admits that Paragraph 299's vague generalizations can be true in some circumstances, but denies that those generalizations apply always and uniformly to each and every marketplace participant. USAP further denies Paragraph 299 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

300.    Paragraph 300's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies. USAP otherwise denies Paragraph 300.

301.    Paragraph 301 sets forth legal conclusions to which no response is required. USAP otherwise denies Paragraph 301.

302.    Paragraph 302 sets forth legal conclusions to which no response is required. USAP otherwise denies Paragraph 302.

303.    Paragraph 303's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies. USAP otherwise denies Paragraph 303.

## IX.    USAP'S DOMINANCE IN TEXAS

304.    Paragraph 304 is predicated on an undefined methodology to assess costs, revenue, and case volume that USAP lacks sufficient information to admit or deny. Paragraph 304's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies. USAP otherwise denies Paragraph 304.

305.    Paragraph 305 sets forth legal conclusions to which no response is required. USAP otherwise denies Paragraph 305.

306.    Paragraph 306 sets forth legal conclusions to which no response is required. USAP further denies Paragraph 306 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  Paragraph 306's final sentence assumes a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  USAP otherwise denies Paragraph 306.

307.    Paragraph 307 sets forth legal conclusions to which no response is required. USAP otherwise denies Paragraph 307.

308.    Paragraph 308 sets forth legal conclusions to which no response is required.  To the extent Paragraph 308 purports to characterize USAP's "planning documents," USAP contends that those documents speak for themselves.  USAP otherwise denies Paragraph 308.

309.    USAP denies Paragraph 309 to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.  USAP lacks knowledge regarding the contents of United's internal strategy discussions.  USAP otherwise denies Paragraph 309.

310.    Paragraph 310 is predicated on an undefined methodology to assess practice group case volume and revenue that USAP lacks sufficient information to admit or deny. Paragraph 310's allegations assume a finding that the antitrust product market the FTC has pleaded is well defined – a conclusion that USAP denies.  Paragraph 310 further sets forth legal conclusions to which no response is required.  USAP otherwise denies Paragraph 310.

## X.    HARM TO CONSUMERS AND COMPETITION

### A.    USAP's conduct has increased its negotiating leverage against insurers, reducing insurers' ability to constrain USAP's demands to raise prices

311.    Paragraph 311's allegations are conclusory and argumentative.  USAP admits that it has obtained exclusive or nearly exclusive contracts with some hospitals in Texas.  USAP otherwise denies Paragraph 311.

312.    USAP denies Paragraph 312.

313.    USAP denies Paragraph 313.

314.    Paragraph 314 is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP lacks knowledge sufficient to admit or deny whether an unnamed insurance executive made the quoted comment.  USAP otherwise denies Paragraph 314.

315.    USAP lacks knowledge sufficient to admit or deny whether an unnamed Welsh Carson analyst made the quoted comment.  USAP otherwise denies Paragraph 315.

316.    Paragraph 316 is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP admits that United sought to unilaterally amend the United-USAP contract to reduce USAP's rates and that USAP terminated its contract with United in 2020.  USAP otherwise denies Paragraph 316.

317.    USAP admits that it was out-of-network with United in Texas for part of 2020 and 2021 after United attempted to unilaterally amend the parties' agreement.  USAP also admits that it filed suit against United in Texas state court and that USAP lost business as a result of United's pressure campaign against USAP.  USAP otherwise denies Paragraph 317.

318.    USAP admits that United and USAP settled their legal disputes and entered into a new contract in September 2021 (effective October 2021), under which USAP's rates decreased.

The terms of the settlement and the contract speak for themselves.  USAP otherwise denies Paragraph 318, including to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

**B.    USAP's conduct has increased prices for hospital-only anesthesia services in Texas**

319.    USAP lacks knowledge sufficient information to admit or deny whether an unnamed United executive made the quoted comment.  USAP otherwise denies Paragraph 319.

320.    USAP lacks sufficient information to admit or deny Paragraph 320's unsourced rate comparison, and therefore denies Paragraph 320.

321.    USAP lacks sufficient information to admit or deny Paragraph 321's unsourced rate comparison, and therefore denies Paragraph 321.

322.    USAP lacks sufficient information to admit or deny Paragraph 322's unsourced rate comparison, and therefore denies Paragraph 322.

323.    Paragraph 323 is predicated on an undefined methodology to assess provider group size that USAP lacks sufficient information to admit or deny.  USAP also lacks sufficient information to admit or deny Paragraph 323's comparison of USAP's rates to a purported median of an unidentified set of anesthesia providers, USAP therefore denies Paragraph 323.

324.    Paragraph 324 is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP denies Paragraph 324, including its allegation that USAP's ability to obtain payment of higher rates from payors necessarily corresponds with higher burdens for Texas businesses and their employees, as opposed to lower profits for the payors.

325.    Paragraph 325 is predicated on an undefined methodology to assess insurer size that USAP lacks sufficient information to admit or deny.  USAP lacks sufficient information to admit or deny Paragraph 325's allegations regarding the negotiations between other Texas anesthesia practices and payors, and therefore denies Paragraph 325.

326.    USAP denies Paragraph 326, including to the extent that it is predicated on an undefined methodology for calculating and comparing reimbursement rates that USAP lacks sufficient information to admit or deny.

327.    USAP denies Paragraph 327.

**C.    There are no valid procompetitive justifications for or efficiencies from USAP's conduct**

328.    Paragraph 328 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 328.

329.    Paragraph 329's allegations are vague, conclusory, and argumentative, and USAP therefore denies them except to the extent that it admits a specific well-pleaded factual allegation elsewhere in this Answer.

330.    The first sentence of Paragraph 330 sets forth a legal conclusion to which no response is required, and the second sentence is vague and speculative.  To the extent that a further response is required, USAP denies Paragraph 330.

331.    The first two sentences of Paragraph 331 set forth legal conclusions to which no response is required.  USAP admits that evidence produced in the FTC's investigation of this matter includes the quoted language in the third sentence, respectfully directs the Court to that evidence for an accurate and complete statement of its contents, and otherwise denies Paragraph 331.

332.    The first sentence of Paragraph 332 sets forth legal conclusions to which no response is required.  The second sentence's allegations are vague, conclusory, and argumentative.  To the extent that a further response is required, USAP denies Paragraph 332.

## XI.    LIKELIHOOD OF RECURRENCE

### A.    Without appropriate relief, USAP's harmful conduct is likely to recur

333.    Paragraph 333 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 333.

334.    Paragraph 334 sets forth legal conclusions to which no response is required.  Further, Paragraph 334's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 334.

335.    Paragraph 335 sets forth legal conclusions to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 335.

### B.    Without appropriate relief, Welsh Carson's harmful conduct is likely to recur

336.    Paragraph 336 sets forth legal conclusions to which no response is required.  Further, Paragraph 336's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 336.

337.    Paragraph 337 sets forth legal conclusions to which no response is required.  Further, Paragraph 337's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 337.

338.    Paragraph 338 sets forth legal conclusions to which no response is required. Further, Paragraph 338's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 338.

339.    Paragraph 339 is predicated on an undefined methodology to assess radiology group size that USAP lacks sufficient information to admit or deny.  Paragraph 339 sets forth legal conclusions to which no response is required.  Further, Paragraph 339's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 339.

## XII.    VIOLATIONS

### COUNT I

### Monopolization of Houston Hospital-Only Anesthesia Market Arising Under Section 2 of the Sherman Act

340.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

341.    Paragraph 341 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 341.

342.    Paragraph 342 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 342.

343.    USAP admits that a USAP entity entered into an agreement with Greater Houston Anesthesiology, respectfully directs the Court to that agreement for an accurate and complete statement of its contracts, and otherwise denies Paragraph 343's characterization of that agreement.  USAP otherwise admits Paragraph 343.

344. USAP admits that it maintained agreements with the anesthesiologists identified in Paragraph 344, but USAP contends that those agreements speak for themselves, and denies Paragraph 344 to the extent that it mischaracterizes them.

345. Paragraph 345 sets forth a legal conclusion to which no response is required. Further, Paragraph 345 is irrelevant in light of the Court's dismissal of the FTC's claims against Welsh Carson.

346. Paragraph 346 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 346.

347. Paragraph 347 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 347.

**COUNT II**

**Roll-up of Houston Hospital-Only Anesthesia Market in Violation of Section 7 of the Clayton Act and Section 5 of the FTC Act**

348. USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

349. Paragraph 349 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 349's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP denies Paragraph 349.

350. Paragraph 350 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 350.

351. Paragraph 351 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 351. Moreover, Paragraph 351's allegations regarding Welsh Carson are irrelevant in light of the Court's

dismissal of the FTC's claims against it. To the extent that a further response is required, USAP denies Paragraph 351.

352.    Paragraph 352 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 352.

353.    Paragraph 353 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 353.

354.    Paragraph 354 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 354.

## COUNT III

### Conspiracy to Monopolize Houston Hospital-Only Anesthesia Market Arising Under Section 2 of the Sherman Act

355.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

356.    Paragraph 356 sets forth a legal conclusion to which no response is required. To the extent that a further response is required, USAP denies Paragraph 356.

357.    Paragraph 357 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 357's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP denies Paragraph 357.

358.    Paragraph 358 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 358's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it. To the extent that a further response is required, USAP denies Paragraph 358.

359.    Paragraph 359 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 359's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 359.

360.    Paragraph 360 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 360's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 360.

361.    Paragraph 361 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 361's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 361.

362.    Paragraph 362 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 362's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 362.

363.    Paragraph 363 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 363's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 363.

## COUNT IV

**Monopolization of Dallas Hospital-Only Anesthesia Market Arising Under Section 2 of the Sherman Act**

364.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

365.    Paragraph 365 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 365.

366.    Paragraph 366 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 366's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 366.

367.    USAP admits Paragraph 367.

368.    USAP admits that it maintained agreements with the entity identified in Paragraph 368, but USAP contends that those agreements speak for themselves, and denies Paragraph 368 to the extent that it mischaracterizes them.

369.    Paragraph 369 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 369.

370.    Paragraph 370 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 370's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 370.

371.    Paragraph 371 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 371.

372.    Paragraph 372 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 372's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 372.

## COUNT V

### Roll-up of Dallas Hospital-Only Anesthesia Market in Violation of Section 7 of the Clayton Act and Section 5 of the FTC Act

373.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

374.    USAP admits that between 2015 and 2016, it entered into the agreements identified in Paragraph 374.  Paragraph 374's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP denies Paragraph 374 to the extent that it mischaracterizes the agreements or sets forth a legal conclusion.

375.    Paragraph 375 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 375.

376.    Paragraph 376 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 376's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 376.

377.    Paragraph 377 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 377's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 377.

378.    Paragraph 378 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 378's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 378.

379.    Paragraph 379 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 379's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 379.

## COUNT VI

### Conspiracy to Monopolize Dallas Hospital-Only Anesthesia Market Arising Under Section 2 of the Sherman Act

380.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

381.    Paragraph 381 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 381.

382.    Paragraph 382 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 382's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 382.

383.    Paragraph 383 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 383's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 383.

384.     Paragraph 384 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 384's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 384.

385.     Paragraph 385 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 385's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 385.

386.     Paragraph 386 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 386's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 386.

387.     Paragraph 387 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 387's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 387.

388.     Paragraph 388 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 388's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 388.

## COUNT VII

**Roll-up of Austin Hospital-Only Anesthesia Market in Violation of Section 7 of the Clayton Act and Section 5 of the FTC Act**

389.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

390.    USAP admits that in 2013 and 2018, respectively, it entered into the two agreements identified in Paragraph 390.  Paragraph 390's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  USAP denies Paragraph 390 to the extent that it mischaracterizes the agreements or sets forth a legal conclusion.

391.    Paragraph 391 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 391.

392.    Paragraph 392 sets forth a legal conclusion to which no response is required.  Moreover, Paragraph 392's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 392.

393.    Paragraph 393 sets forth a legal conclusion to which no response is required.  Moreover, Paragraph 393's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 393.

394.    Paragraph 394 sets forth a legal conclusion to which no response is required.  Moreover, Paragraph 394's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 394.

395.    Paragraph 395 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 395's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 395.

## COUNT VIII

## Scheme to Reduce Anesthesia Competition in Texas in Violation of Section 5 of the FTC Act

396.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

397.    Paragraph 397 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 397's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 397.

398.    Paragraph 398 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 398's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 398.

399.    Paragraph 399 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 399's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 399.

400.    Paragraph 400 sets forth a legal conclusion to which no response is required. Moreover, Paragraph 400's allegations regarding Welsh Carson are irrelevant in light of the

Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 400.

401.    Paragraph 401 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 401.

402.    Paragraph 402 sets forth a legal conclusion to which no response is required.  Moreover, Paragraph 402's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 402.

## COUNT IX

### Horizontal Agreements to Bill at a Fixed Price Arising under Section 1 of the Sherman Act

403.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

404.    Paragraph 404 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 404.

405.    USAP admits that it maintained agreements with the entities identified in Paragraph 405, but USAP contends that those agreements speak for themselves, and denies Paragraph 405 to the extent that it mischaracterizes them.

406.    Paragraph 406 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 406.

407.    Paragraph 407 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 407.

**COUNT X**

**Horizontal Agreement to Divide Market Arising under Section 1 of the Sherman Act**

408.    USAP incorporates by reference its answers to the allegations in Paragraphs 1-339.

409.    Paragraph 409 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 409.

410.    Paragraph 410 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 410.

411.    Paragraph 411 sets forth a legal conclusion to which no response is required.  Moreover, Paragraph 411's allegations regarding Welsh Carson are irrelevant in light of the Court's dismissal of the FTC's claims against it.  To the extent that a further response is required, USAP denies Paragraph 411.

412.    Paragraph 412 sets forth a legal conclusion to which no response is required.  To the extent that a further response is required, USAP denies Paragraph 412.

## XIII.   PRAYER FOR RELIEF

The FTC's request for relief, as set forth in Paragraphs 413-416, does not contain factual allegations to which any response is required.  To the extent that a further response is required, USAP denies the allegations and requests for relief of these Paragraphs and denies that the FTC has stated a claim for relief or is entitled to any relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, USAP reasserts, without limitation, all defenses raised in its Motion To Dismiss, Welsh Carson's Motion To Dismiss, and the Defendants' other filings, whether or not separately re-pleaded herein.  USAP further asserts the affirmative and other defenses listed below.  In listing the defenses below,

USAP does not knowingly or intentionally waive any defenses, including arguments about which issues fall within the FTC's burden of proof.  USAP also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The FTC lacks statutory authority under 15 U.S.C. § 53(b) to challenge either completed acquisitions or agreements no longer in effect.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The FTC cannot proceed because it purports to exercise executive authority in violation of Article II of the United States Constitution.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The FTC's claim that acquisitions and agreements that are the subject of the FTC's Complaint – independently or in the aggregate – violated the antitrust laws and the FTC Act fails because there were procompetitive justifications for the challenged conduct.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to the relief it seeks because USAP has always faced competition in any properly defined market.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The FTC is not entitled to the relief it seeks because any assets that USAP acquired no longer separately exist, and USAP is a unitary company.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The FTC cannot obtain relief under Section 5 of the FTC Act that is not authorized under Section 2 of the Sherman Act.

SEVENTH AFFIRMATIVE DEFENSE

The relief sought by the FTC is inequitable and contrary to the public interest under 15

U.S.C. § 45.

Dated: June 17, 2024                          Respectfully submitted,

                                             /s/ *Mark C. Hansen*

David J. Beck (TX Bar No. 00000070)          Mark C. Hansen (D.C. Bar No. 425930)
  (Federal I.D. No. 16605)                     (*Pro Hac Vice*)
Garrett S. Brawley (TX Bar No. 24095812)     Attorney-in-Charge
  (Federal I.D. No. 3311277)                 Geoffrey M. Klineberg (D.C. Bar No. 444503)
BECK REDDEN LLP                                (*Pro Hac Vice*)
1221 McKinney Street, Suite 4500             David L. Schwarz (D.C. Bar No. 471910)
Houston, TX 77010                              (*Pro Hac Vice*)
Tel: (713) 951-3700                          Kevin J. Miller (D.C. Bar No. 478154)
Fax: (713) 951-3720                            (*Pro Hac Vice*)
dbeck@beckredden.com                         Dennis D. Howe (D.C. Bar No. 90011114)
gbrawley@beckredden.com                        (*Pro Hac Vice*)
                                             Derek C. Reinbold (D.C. Bar No. 1656156)
                                               (*Pro Hac Vice*)
                                             KELLOGG, HANSEN, TODD,
                                               FIGEL & FREDERICK, P.L.L.C.
                                             1615 M Street N.W., Suite 400
                                             Washington, D.C. 20036
                                             Tel: (202) 326-7900
                                             Fax: (202) 326-7999
                                             mhansen@kellogghansen.com
                                             gklineberg@kellogghansen.com
                                             dschwarz@kellogghansen.com
                                             kmiller@kellogghansen.com
                                             dhowe@kellogghansen.com
                                             dreinbold@kellogghansen.com

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system.  All counsel of record are registered ECF users.

Respectfully submitted,

/s/ *Mark C. Hansen*

Mark C. Hansen

| Summary report: Litera Compare for Word 11.7.0.54 Document comparison done on 6/19/2025 9:54:44 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Old.docx | |
| **Modified filename:** USAP's Proposed Amended Answer to FTC Complaint - CLEAN.docx | |
| **Changes:** | |
| Add | 4 |
| Delete | 2 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 6 |