**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

U.S. ANESTHESIA PARTNERS, INC.,

Defendant.

**Case No.: 4:23-CV-03560-KH**

# Plaintiff Federal Trade Commission's Opposition to Defendant U.S. Anesthesia Partners, Inc.'s Motion to Compel Interrogatory Responses

## Table of Contents

NATURE AND STAGE OF PROCEEDINGS .......... 1

ISSUES TO BE DECIDED BY THE COURT .......... 2

BACKGROUND .......... 2

ARGUMENT .......... 4

I. USAP's motion is untimely .......... 4

II. USAP has exceeded the 25-interrogatory limit .......... 6

A. USAP's first set of interrogatories contains 25 separate and discrete questions .......... 8

B. USAP's approach to counting is legally erroneous .......... 10

III. The Court should deny USAP leave to exceed 25 interrogatories .......... 12

IV. The Court should not award attorneys' fees .......... 13

CONCLUSION .......... 14

# Table of Authorities

**Cases**

*Antero Res. Corp. v. C&R Downhole Drilling, Inc.*,
No. 4:16-CV-668-Y, 2018 WL 11430788 (N.D. Tex. June 27, 2018) .................................. 13

*Attilio v. United States*,
No. CV H-17-1319, 2018 WL 7253958 (S.D. Tex. Sept. 12, 2018)....................................... 5

*Citro-Rey S. De R.L. De C.V. v. L&M Cos.*,
No. CV 7:07-154, 2009 WL 1227821 (S.D. Tex. May 5, 2009) ........................................ 4, 6

*Davaco, Inc. v. AZ3, Inc.*,
No. 3:07-CV-803-B, 2008 WL 11350014 (N.D. Tex. Apr. 30, 2008).................................. 14

*Days Inn Worldwide v. Sonia Invs.*,
237 F.R.D. 395 (N.D. Tex. 2006)......................................................................... 4, 5

*De Hoyos v. C.R. England*,
No. 5:15-CV-60, 2016 WL 11575123 (S.D. Tex., Apr. 19, 2016) ........................................ 14

*Dimitrijevic v. TV&C GP Holding Inc.*,
No. CV H-04-3457, 2005 WL 8164073 (S.D. Tex. Aug. 24, 2005) .............................. passim

*EEOC v. Big Lots Stores, Inc.*,
No. 9:08-CV-177, 2009 WL 10677442 (E.D. Tex. Oct. 21, 2009).................................. 5, 13

*Erfindergemeinschaft Uropep GBR v. Eli Lilly & Co.*,
315 F.R.D. 191 (E.D. Tex. 2016) .................................................................... passim

*Gray v. Experian Info Sols., Inc.*,
No. 1:23-CV-545-RP, 2024 WL 4932539 (W.D. Tex. July 25, 2024) .................................... 4

*HF Sinclair Refining & Marketing, LLC v. Nextera Energy Mktg., LLC*,
No. 3:23-CV-1798-X, 2025 WL 1150682 (N.D. Tex. Apr. 17, 2025) .................................... 6

*Lopez v. Don Herring Ltd.*,
327 F.R.D. 567 (N.D. Tex. 2018).........................................................................11

*Moser v. Navistar Int'l Corp.*,
No. 4:17-cv-00598, 2018 WL 3614012 (E.D. Tex. July 27, 2018) .................................. 6, 14

*Nance-Bush v. Lone Star Coll. Sys. Dist.*,
337 F.R.D. 135 (S.D. Tex. 2021) ................................................................ 7, 10, 12

*Nexus Display Techs. LLC v. Dell Inc.*,
No. 2:14-CV-762, 2015 WL 13544186 (E.D. Tex. Nov. 2, 2015) .......... 6

*Reeves v. Wells Fargo Bank, NA*,
No. EP-14-CV-00187-DCG, 2015 WL 11598710 (W.D. Tex. June 26, 2015) .......... 12

*Simon v. State Farm Lloyds*,
No. 7:14-CV-251, 2015 WL 12777219 (S.D. Tex. Apr. 9, 2015) .......... 14

*Taylor v. Turner Indus. Grp., LLC*,
No. 2:11-CV-57-JRG, 2012 WL 4092492 (E.D. Tex. Sept. 17, 2012) .......... 4

*Torralba v. Napolitano*,
No. CV L-08-83, 2010 WL 11671745 (S.D. Tex. Feb. 9, 2010) .......... 4, 5, 13

*TravelPass Grp., LLC v. Caesars Entm't Corp.*,
No. 5:18-CV-153-RWS-CMC, 2021 WL 2492858 (E.D. Tex. May 4, 2021) .......... 13

*White v. Diamond Offshore Drilling Inc.*,
No. 4:16-CV-3634, 2018 WL 11471473 (S.D. Tex. Mar. 5, 2018) .......... 7, 12

**Rules**

Fed. R. Civ. P. 33(a)(1) .......... 4

Fed. R. Civ. P. 37(a)(5)(A)(ii) .......... 14

LR 33.1 .......... 4

With fact discovery closed, USAP belatedly asks the Court to resolve a long-known discovery dispute about the number of interrogatories USAP propounded last fall. Six months ago, in its 46-page response to USAP's first set of "six" interrogatories, the FTC objected that USAP had reached the 25-interrogatory limit set by the Federal Rules of Civil Procedure. The FTC explained that most of USAP's "six" interrogatories in fact contained numerous separate questions, which the FTC specifically broke out and identified. USAP ignored the FTC's objection for months, and then—on the last possible day for serving written discovery—sent the FTC a second set of 18 additional interrogatories. After the FTC again objected to USAP's excessive and burdensome interrogatory requests, USAP eventually filed this motion to compel.

The Court should reject USAP's motion. Courts in this district frequently deny post-discovery motions to compel as untimely where, as here, the moving party had ample opportunity to address the issue during the discovery period. And the merits of USAP's arguments fare no better. Though the legal standard for counting interrogatories is imprecise, USAP's interrogatories are plainly compound. They seek separate information about several distinct geographic markets covered by different legal claims, and USAP embeds each with citations to dozens of disparate complaint paragraphs. Nor has USAP shown cause for the Court to grant leave to exceed the interrogatory limit. The Court should reject USAP's invitation to burden the FTC with extensive, belated additional written discovery.

## NATURE AND STAGE OF PROCEEDINGS

The FTC filed this case on September 21, 2023 challenging USAP's scheme to "roll up" Texas hospital anesthesia providers, focusing on USAP's monopolization of three major Texas markets: Houston, Dallas, and Austin. Complaint for Injunctive and Other Equitable Relief ("Compl."), ECF 1 (redacted version). Under the First Amended Scheduling Order (ECF 173), fact discovery in this case closed on April 30, 2025. USAP sought and received an extension

until May 30 for the "limited purpose" of taking certain nonparty depositions and resolving nonparty document discovery. ECF 263, at 1, 2; ECF 266. The case is now in expert discovery and the parties' opening expert reports are due on July 25, 2025. ECF 266.

## ISSUES TO BE DECIDED BY THE COURT

1. Whether USAP's post-fact-discovery motion to compel is untimely given that the FTC identified this issue in December 2024.
2. How many interrogatories—properly counted—USAP served on the FTC and the FTC answered.
3. Whether USAP should be granted retroactive leave to serve excess interrogatories even though fact discovery has closed.
4. Whether USAP is entitled to attorneys' fees.

## BACKGROUND

The FTC's complaint separately challenges USAP's serial acquisitions of anesthesia practices in three distinct Texas markets: Houston, Dallas, and Austin. *See* Compl. Counts I-III (challenging Houston acquisitions), IV-VI (challenging Dallas acquisitions), VII (challenging Austin acquisitions).[1] It alleges that each of these Texas markets is a "relevant geographic market[] to assess the competitive implications of the challenged conduct" (Compl. ¶ 235) and contains extensive supporting factual allegations about each (Compl. ¶¶ 236-44 (Houston), 245-52 (Dallas), 253-60 (Austin)).

On May 1, 2024, the Court issued its Order Setting Scheduling, which included an April 30, 2025 fact discovery deadline. ECF 143, at 2. USAP served its first set of interrogatories—numbered 1-6—on October 16, 2024. ECF 269-2, Ex. A. On December 2, 2024, the FTC provided a 46-page response, answering all the interrogatories, but also objecting that, properly

[1] The complaint also contains a single count challenging USAP's overarching scheme to reduce competition throughout Texas, which includes its acquisitions in the three relevant markets, as well as other acquisitions and anticompetitive agreements. *See* Compl. Count VIII.

counted, USAP's first set of interrogatories actually contained 25 discrete questions, and thus USAP had exhausted the interrogatories permitted by Rule 33 of the Federal Rules. Ex. A at 2-3. The FTC's objections specifically identified and numbered the discrete questions embedded in each of USAP's interrogatories. *Id.* at 4-12. USAP never responded to—nor requested to discuss—the FTC's objection and did not seek the Court's permission to serve additional interrogatories.

On March 31, 2025—nearly four months after receiving the FTC's objections and on the last possible day for serving written discovery requests—USAP served a second set of 18 interrogatories, which it numbered 7-24. ECF 269-4, Ex. C. That same day, USAP also served a staggering 256 requests for admission (RFAs). Declaration of Kara Monahan ¶ 8 (June 20, 2025). On April 30, 2025, the FTC objected to USAP's second set of interrogatories, notifying USAP once again that, properly counted, USAP had already served the maximum-allowed 25 separate interrogatories. Ex. B at 1-2. On May 16, 2025, the FTC submitted a 154-page written response to USAP's extensive RFAs, fully answering each one. Monahan Decl. ¶ 11.

On April 24, shortly before the scheduled close of fact discovery, USAP moved this Court to extend the deadline to May 30, 2025 for the "limited purpose" of allowing USAP to conduct seven nonparty depositions and resolve document production issues with some nonparties. ECF 263 at 1, 2. The Court granted USAP's request on May 13. ECF 266.

On May 9, while USAP's extension request was pending, USAP proposed as a compromise that the FTC answer eight additional interrogatories "as the FTC counts them." ECF 269-8, Ex. G at 3. On May 13, the FTC offered to answer three additional interrogatories. *Id.* at 2. USAP did not respond for two weeks, then on May 27 rejected the FTC's offer. *Id.* USAP filed this motion to compel on May 30—six months after the FTC notified USAP of its

numerosity objections. ECF 269. Four days later, the FTC again offered to compromise this dispute by answering six interrogatories from USAP's second set. Monahan Decl. ¶ 7. USAP declined this offer. *Id*.

**ARGUMENT**

The Federal Rules of Civil Procedure and this Court's local rules limit each party to serving "no more than 25 written interrogatories, including all discrete subparts" on any other party. Fed. R. Civ. P. 33(a)(1); *see also* LR 33.1. USAP's request to compel the FTC to answer additional interrogatories should be denied for several reasons. First, USAP's motion is untimely: USAP waited until the last minute to serve substantial additional discovery and file this motion, despite notice of this dispute six months ago. Second, USAP's first set of interrogatories contains 25 discrete interrogatories and USAP's second set therefore significantly exceeds the interrogatory limit. Third, USAP has not shown cause for leave to exceed the interrogatory limit. Finally, USAP is not entitled to attorneys' fees.

**I. USAP's motion is untimely**

It is well-established in this circuit that a motion to compel must be filed "sufficiently in advance of the discovery deadline to . . . permit[] the Court to hear the motion and allow [the respondent] to produce any compelled discovery ahead of the deadline." *Torralba v. Napolitano*, No. CV L-08-83, 2010 WL 11671745, at *4 (S.D. Tex. Feb. 9, 2010).[2] Indeed, "[t]he Fifth Circuit has held it to be within a district court's discretion to decline consideration of a motion to compel even when the motion 'was filed on the *day of* the discovery deadline after an extensive

---

[2] *Accord Citro-Rey S. De R.L. De C.V. v. L&M Cos.*, No. CV 7:07-154, 2009 WL 1227821, at *2 (S.D. Tex. May 5, 2009); *Days Inn Worldwide v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006); *Taylor v. Turner Indus. Grp., LLC*, No. 2:11-CV-57-JRG, 2012 WL 4092492, at *1 (E.D. Tex. Sept. 17, 2012); *Gray v. Experian Info Sols., Inc.*, No. 1:23-CV-545-RP, 2024 WL 4932539, at *1 (W.D. Tex. July 25, 2024).

discovery period.'" *Id.* at *3 (quoting *Grey v. Dallas Indep. Sch. Dist.*, 265 Fed. Appx. 342, 348 (5th Cir. 2008)).[3]

USAP has no good reason for bringing this motion outside the fact discovery period.[4] USAP has been aware since December 2, 2024 that the FTC believed USAP's first set of interrogatories had reached the 25-interrogatory limit. Rather than serving its second set of interrogatories in sufficient time "for filing a timely motion to compel," or seeking leave to serve additional interrogatories, USAP ignored the FTC's position and waited until the last possible day of "an extensive discovery period" to serve a second set of 18 additional interrogatories. *Torralba*, 2010 WL 11671745, at *3. "Having served its last round of discovery only a month before the close of discovery," USAP "ran the risk that discovery would be closed before it could litigate any motions to compel." *Attilio v. United States*, No. CV H-17-1319, 2018 WL 7253958, at *2 (S.D. Tex. Sept. 12, 2018) (denying motion to compel).[5]

---

[3] When "determining whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted," courts in this district and throughout Texas sometimes also consider the following factors:

> (1) [T]he length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation of the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [(6)] the age of the case, [(7)] any prejudice to the party from whom late discovery was sought, and [(8)] disruption of the court's schedule.

*Days Inn*, 237 F.R.D. at 398. Here, (1) USAP filed its motion a month after the close of discovery and served the interrogatories at the last possible moment, (2) knew of the FTC's belief that USAP had already served its limit of 25 interrogatories for six months, (3) had a year to conduct fact discovery, (4) has no justification for its delay, (5) dispositive motions have been scheduled and expert discovery is well underway, (6) this case is nearly two years old, and (7) the FTC would be substantially prejudiced by having to respond to late written discovery requests while conducting expert discovery, (8) which in turn would likely disrupt the Court's schedule.

[4] Fact discovery originally closed on April 30, a month before USAP filed this motion. USAP sought and received an extension "for the limited purpose of completing already-noticed depositions . . . and already propounded document discovery." ECF 263 at 2. USAP did not request that this extension encompass its interrogatories to the FTC. And even if one were to view May 30 as the appropriate cutoff date, USAP still improperly filed this motion on "the *day of* the discovery deadline after an extensive discovery period." *Torralba*, 2010 WL 11671745, at *3 (quotations omitted).

[5] *See also Torralba*, 2010 WL 11671745, at *4 ("[I]n delaying at the front-end of the extended discovery period, [the defendant] engineered this unenviable situation for himself."); *EEOC v. Big Lots Stores, Inc.*, No. 9:08-CV-177, 2009 WL 10677442, at *3 (E.D. Tex. Oct. 21, 2009) ("The fact that the EEOC chose to serve its discovery requests (Continued…)

Nor do USAP's second set of interrogatories address any late-raised issues requiring last-minute discovery. *Cf. HF Sinclair Refining & Marketing, LLC v. Nextera Energy Mktg., LLC*, No. 3:23-CV-1798-X, 2025 WL 1150682, at *2 (N.D. Tex. Apr. 17, 2025) (granting in part motion to compel documents and testimony on issue "discovered" the day of the deadline). These additional interrogatories inquire about well-known issues that have already been the subject of extensive (and, in the case of USAP's RFAs, excessive) discovery.[6] The Court should deny USAP's motion as untimely.

## II. USAP has exceeded the 25-interrogatory limit

Courts in this circuit have lamented that "[t]he jurisprudence of interrogatory counting is as imprecise as it is tedious." *Dimitrijevic v. TV&C GP Holding Inc.*, No. CV H-04-3457, 2005 WL 8164073, at *5 (S.D. Tex. Aug. 24, 2005).[7] In particular, courts have "struggled to . . . resolve disputes over whether one party has exceeded the permissible number of interrogatories by including multiple questions in a single interrogatory." *Erfindergemeinschaft Uropep GBR v. Eli Lilly & Co.*, 315 F.R.D. 191, 194 (E.D. Tex. 2016) (collecting cases). Though the advisory committee notes to Rule 33(a) state that "[p]arties cannot evade [the 25-interrogatory] limitation

---

on Big Lots little more than a month before the discovery period closed no doubt contributes to the untimeliness of this motion. However, this problem is entirely of the EEOC's own making."); *Citro-Rey*, 2009 WL 1227821, at *2 (denying motion to compel as untimely where the moving party "should have known of the problems with Plaintiff's responses well in advance of the discovery deadline" and had no justification for the delay in an almost two-year-old case); *Nexus Display Techs. LLC v. Dell Inc.*, No. 2:14-CV-762, 2015 WL 13544186, at *2 (E.D. Tex. Nov. 2, 2015) (denying motion to compel filed weeks after the close of discovery as untimely where the moving party "[a]t a minimum []would have been aware of the parties' privilege disputes" 10 days before the close of discovery).

[6] For example, USAP's interrogatory no. 14 requests that the FTC "State all Persons or categories of Persons (such as individual patients, Commercial Payers, Government Insurers, Hospitals, Ambulatory Surgery Centers, etc.) who You contend are USAP's customers, and state all relevant facts supporting such contention." ECF 269-4, Ex. C at 4. However, USAP already served, and the FTC responded to, 12 RFAs related to "consumers of USAP's Anesthesia Services" asking about each of these categories. Monahan Decl. ¶ 9. Similarly, USAP's interrogatory no. 16 requests information related to exclusive contracts with hospitals. ECF 269-4, Ex. C at 5. But USAP already served, and the FTC responded to, at least 17 RFAs related to "Exclusive Staffing Arrangements." Monahan Decl. ¶ 10.

[7] *See also Moser v. Navistar Int'l Corp.*, No. 4:17-cv-00598, 2018 WL 3614012, at *6 (E.D. Tex. July 27, 2018) ("Calculating the number of interrogatories . . . is not an exact science.").

through the device of joining as 'subparts' questions that seek information about discrete separate subjects," the rule "does not define the term 'discrete subparts.'" *Dimitrijevic*, 2005 WL 8164073, at *1. And "[t]here is surprisingly little case law as to what constitutes a single interrogatory and what constitutes a 'discrete subpart.'" *Nance-Bush v. Lone Star Coll. Sys. Dist.*, 337 F.R.D. 135, 137 (S.D. Tex. 2021) ("The Court is unable to find any decisions from the United States Supreme Court, Fifth Circuit, or even any of the other Courts of Appeals that touch on this issue.").

Lacking clear guidance, courts in this district typically apply the "full and complete answer" test, which examines whether interrogatory subparts are "logically or factually subsumed within and necessarily related to the primary question." *Dimitrijevic*, 2005 WL 8164073, at *2. "If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first" and should be considered a separate interrogatory. *Id.*; *see also White v. Diamond Offshore Drilling Inc.*, No. 4:16-CV-3634, 2018 WL 11471473, at *1 (S.D. Tex. Mar. 5, 2018). Courts have recognized, however, that "the issue of 'discreteness' cannot reliably be captured by a verbal formula," and that any test for counting "must be tempered by a pragmatic approach that asks if an interrogatory threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." *Erfindergemeinschaft Uropep*, 315 F.R.D. at 196-97.

Properly counted, USAP's initial set of "six" interrogatories contains 25 discrete questions that "should be kept separate." *See id*. USAP's proposed second set of 18 additional interrogatories therefore far exceeds the number allowed by the federal and local rules. And USAP's alternative methodology for counting its interrogatories is legally flawed.

### A. USAP's first set of interrogatories contains 25 separate and discrete questions

Most of USAP's first set of "six" interrogatories contain numerous separate questions.[8] The primary source of this multiplicity is USAP's use of the term "Relevant Markets" to lump together elements from disparate claims and allegations. Specifically, USAP:

- Defines "Relevant Market" as "any pairing of a Relevant Service Market and a Relevant Geographic Market that constitutes any putatively well-defined antitrust market alleged in the Complaint." Ex. C at 3 ¶ 11.
- Then defines "Relevant Geographic Market" as "any putative geographic market alleged in the complaint"—and cites 25 paragraphs of allegations relating to the three separate geographic markets of Houston, Dallas, and Austin. Ex. C at 2 ¶ 10.
- Further defines "Relevant Service Market" as "any putative service market for 'commercially insured hospital-only anesthesia services' alleged in the Complaint"—and cites to 18 complaint paragraphs describing why hospital-only services are distinct from non-hospital services, and why commercially insured services are distinct from non-commercially-insured services. Ex. C at 3 ¶ 12; Compl. ¶¶ 216-34.

In sum, USAP's definition of "Relevant Market" includes three separate geographic markets; the service market distinctions between hospital and non-hospital services and commercially insured and non-commercially insured services; and cites to more than 40 discrete complaint paragraphs.

USAP uses this broad, compound term repeatedly in its interrogatories to ask multiple questions covering each of these separate markets. For example, USAP's interrogatory No. 2 asks the FTC to: "Identify each fact supporting Your position that any Person has recognized **any of the Relevant Markets** . . . as a distinct market." ECF 269-2, Ex. A at 3 (emphasis added). Applying USAP's compound definition of "Relevant Market," this interrogatory asks five distinct questions: specifically, each fact supporting the FTC's position that anyone has recognized (1) hospital-only services as a distinct market from non-hospital services; (2)

[8] The parties agree that USAP's first interrogatory contains a single question. *See* USAP's Motion to Compel ("Mot."), ECF 269 at 3 n.1.

commercially-insured services as a distinct market from non-commercially-insured services; (3) a distinct market for commercially insured, hospital-only anesthesia services in Houston; (4) a similar market in Dallas-Fort Worth; and (5) a similar market in Austin.

These are separate questions: Each seeks distinct information about elements of independent legal claims and each can be answered fully and completely without answering the others. *See Erfindergemeinschaft Uropep*, 315 F.R.D. at 196. Indeed, interrogatory no. 2 itself underscores this point by citing to five complaint paragraphs containing separate allegations that industry participants recognize each of these specific distinct markets. *See* Compl. ¶¶ 226 (hospital-only anesthesia services are distinct); 234 (commercial insurance is distinct); 243 (Houston is a distinct market); 251 (Dallas-Fort Worth is a distinct market); 259 (Austin is a distinct market). The rest of USAP's first set of interrogatories rely on the same compound definition of "Relevant Market" to incorporate several "lines of inquiry that should be kept separate." *See Erfindergemeinschaft Uropep*, 315 F.R.D. at 196.[9]

Courts in this district have repeatedly found that this type of compound interrogatory constitutes multiple questions. For example, in *Dimitrijevic v. TV&C GP Holding, Inc.*, the court found that an interrogatory contained four separate questions where the first several subparts sought "a description of the organizational structure of the human resource office in Houston" and the remaining three subparts sought "discrete information which is not limited to the Houston office." 2005 WL 8164073, at *4. Similarly, in *Nance-Bush v. Lone Star Coll. Sys. Dist.*, the court held that two interrogatories each constituted multiple questions where they "call[ed] for a list of dates [the plaintiff] worked at the law-enforcement academy or as a field training officer, respectively, and details about those dates," and "also call[ed] for a list of dates

[9] Exhibit D identifies all 25 separate questions contained in USAP's first set of interrogatories.

she did not work in those positions and why." 337 F.R.D. at 138. The court explained that the defendant could "provide a complete answer" to the questions about "when and how [the plaintiff] worked in the law enforcement academy or as a field-training officer without providing details as to occasions on which she did not work" in those capacities. *Id.*

**B. USAP's approach to counting is legally erroneous**

USAP's position that each of its interrogatories contains only a single question is based on several fundamental legal errors.[10]

First, USAP erroneously contends that, "as written," its interrogatories are not divided into distinct subparts and "[f]or that reason alone" each should count as a single question. Mot. at 4. But "it is now well settled that the question whether an interrogatory claims more than one 'discrete separate subject' does not turn on whether the interrogatory has separately enumerated subparts." *Erfindergemeinschaft Uropep*, 315 F.R.D. at 194. Instead, "the subparts can be explicit or implicit; the number of subparts does not turn on the formalism of labeling." *Id.* (citing 7 Moore's Federal Practice § 33.30[2] (3d ed. 2016)).

Second, USAP contends that an interrogatory is singular if it can be summarized by a "single general topic" (Mot. at 11) such as "what is the factual basis for the FTC's claim that anyone, among either the industry or the public, has ever recognized the markets the FTC has alleged exist as separate economic entities?" (Mot. at 3). This "common theme" test, however,

[10] USAP combines multiple different approaches used by different courts to craft an incredibly broad standard under which "[a]n interrogatory will not count as having distinct subparts if the alleged subparts are logically or factually subsumed within and necessarily relate to the primary question, ***or*** if they relate to a common theme ***or*** constitute components of a full and complete answer." Mot. at 2 (emphasis added, internal citations and quotation marks omitted). USAP's Frankenstein approach erroneously suggests that an interrogatory is singular if it meets *any* of these three standards. In fact, however, the question of whether subparts can be answered fully and completely is just a "helpful gloss" on the test of whether they are "logically or factually subsumed." *Dimitrijevic*, 2005 WL 8164073, at *2. And the "common theme" question is an alternative test that has been roundly criticized in this district, as described below.

has been roundly criticized in this district: "almost never will it yield a separately countable, discrete subpart" because "[a]ny mildly creative lawyer can invent a rubric sufficiently elastic to cover the most disparate of topics." *Dimitrijevic*, 2005 WL 8164073, at *3; *see also Erfindergemeinschaft Uropep*, 315 F.R.D. at 196 ("[I]f the concept of 'common theme' is given a sufficiently broad interpretation, there is almost no limit to the use of multiple subparts that could qualify as falling within a single interrogatory."). Indeed, even an interrogatory requesting "all evidence supporting each element of each of your legal claims" could be considered a single question under the "general topic" of "what is your evidence?" But courts have made clear that this type of "so-called 'blockbuster' interrogatory" is improperly broad. *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 576 (N.D. Tex. 2018) (rejecting interrogatory requiring defendant to "describe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any defendant or affirmative defenses").

Third, USAP contends that subparts in its interrogatories "must be compared only to the primary topic of the interrogatory, not to the other alleged subparts." Mot. at 2. The case USAP cites for this proposition, however, expressly notes that tests focused on primary topics and subparts "do[] not provide useful guidance when the interrogatory contains implicit subparts 'imbedded' within an overbroad main question." *Dimitrijevic*, 2005 WL 8164073, at *3 n.3. The problem with most of USAP's interrogatories is that the primary question is not a single question at all, but instead multiple separate questions about different markets for different claims. Under the "pragmatic approach," these overbroad main questions contain "several lines of inquiry that should be kept separate." *Erfindergemeinschaft Uropep*, 315 F.R.D. at 196.[11]

[11] USAP also baselessly claims that "if the FTC counted its own interrogatories the way it counts USAP's, it would have served over 60." Mot. at 18-19 & n.7. In fact, the FTC served 16 targeted interrogatories. Fully half of them asked for basic deal terms (closing date, price, and size of acquired practice) related to a **single** acquisition. *See* ECF (Continued…)

**III. The Court should deny USAP leave to exceed 25 interrogatories**

The Court should deny USAP's *post hoc* request for leave to exceed the 25-interrogatory limit. "[I]t would be inappropriate to permit [a party] the opportunity to propound a new set of interrogatories" where, as here the discovery deadline has passed and that party had the opportunity, but failed, to seek leave of court. *White*, 2018 WL 11471473, at *1; *see also Dimitrijevic*, 2005 WL 8164073, at *4. As another court in this district explained, if there is uncertainty about how to count interrogatories, "[p]arties are well advised to avoid risking an unfavorable court count by [] seeking leave of court in advance." *Dimitrijevic*, 2005 WL 8164073, at *5.[12]

Moreover, USAP has failed to make either of two showings required for leave to exceed the interrogatory limit. First, Rule 33 allows for leave to exceed only if "the additional interrogator[ies] would advance the goals of proportional and non-duplicative discovery" (*Reeves v. Wells Fargo Bank, NA*, No. EP-14-CV-00187-DCG, 2015 WL 11598710, at *2 (W.D. Tex. June 26, 2015) (citation omitted) (denying "leave to file an additional interrogatory one week before the close of discovery")) and USAP can "show why the benefits of additional interrogatories outweigh any burden to" the FTC (*Antero Res. Corp. v. C&R Downhole Drilling,*

269-6, Ex. E at 7-8, Interrogatories 6-13. Others asked for focused information about which hospitals USAP staffs, which hospitals it has ceased staffing, and which hospitals it has bid to staff. *Id.* at 5-6, Interrogatories 1-4. Moreover, the FTC served its interrogatories in October 2024. USAP was aware by early December of the content of the FTC's interrogatories and of how "the FTC counted" USAP's interrogatories. It never argued that the FTC had propounded more than 25 nor raised any concerns about an asymmetry in counting.

[12] The sole case cited by USAP, *Nance-Bush v. Lone Star College System*, is inapposite. There, the defendant answered six out of 19 interrogatories and objected to the remainder on numerosity grounds, and the plaintiff timely moved to compel responses or, in the alternative, for leave to exceed the number permitted. The court determined that nearly all six challenged interrogatories were proper single questions. 337 F.R.D at 137-38. Then, to avoid "the possibility that [the defendant] will return" to challenge the other 13 pending interrogatories—and perhaps expecting that those interrogatories were also proper—the court included an "alternative" holding blessing those interrogatories even if they exceeded 25. *Id.* at 138-39. The court specified that it "meant only to ensure a response to the existing interrogatories and should not be construed to allow . . . additional interrogatories beyond those already provided." *Id.*

*Inc.*, No. 4:16-CV-668-Y, 2018 WL 11430788, at *2 (N.D. Tex. June 27, 2018) (citations omitted)). But USAP's second set of interrogatories seek discovery duplicative of the extensive discovery USAP has already conducted in this litigation, including its first set of interrogatories, 256 RFAs, 20 requests for production to the FTC, 79 subpoenas duces tecum to nonparties, and 41 depositions. Monahan Decl. ¶¶ 11-12. USAP has not (and cannot) show that the additional interrogatories offer benefits sufficient to outweigh the significant burden they would impose on the FTC to complete substantial additional written fact discovery during the expert discovery period.

Second, because discovery has closed, USAP would also have to show it could not have reasonably sought leave before "the deadline . . . despite [its] diligence . . . ." *Torralba*, 2010 WL 11671745, at *4 (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)); *see also TravelPass Grp., LLC v. Caesars Entm't Corp.*, No. 5:18-CV-153-RWS-CMC, 2021 WL 2492858, at *16 (E.D. Tex. May 4, 2021) ("[I]t is Moving Defendants' diligence that is at issue here."). As discussed above, USAP had notice of this issue long ago and could have served its second set of interrogatories or sought leave for additional interrogatories months ago. "[T]his problem is entirely of [its] own making." *Big Lots Stores*, 2009 WL 10677442, at *3; *see also Torralba*, 2010 WL 11671745, at *9.

## IV. The Court should not award attorneys' fees

Even if the Court were to accept USAP's methodology for counting interrogatories, it should reject USAP's brazen request for attorneys' fees. *See* Mot. at 19. Rule 37 prohibits a court from ordering a party to pay attorneys' fees if that party's position was "substantially justified."

Fed. R. Civ. P. 37(a)(5)(A)(ii).[13] "Opposing a motion is 'substantially justified if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.'" *Davaco, Inc. v. AZ3, Inc.*, No. 3:07-CV-803-B, 2008 WL 11350014, at *2 (N.D. Tex. Apr. 30, 2008) (quoting Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2288 (3d ed.)). This is precisely such an issue. As USAP acknowledges, there is "no guiding precedent" from any appellate court on how to properly count interrogatories. Mot. at 2. And district courts have observed that the law in this area is "imprecise" and "[r]easonable minds may certainly disagree on where the lines should be drawn." *Dimitrijevic*, 2005 WL 8164073, at *5); *see also Moser*, 2018 WL 3614012, at *6 (counting interrogatories is "not an exact science"). USAP and the FTC both made offers to compromise on this uncertain issue but were unable to reach agreement. *See* ECF 269-8, Ex. G at 3.[14] As described above, the FTC's view that most of USAP's interrogatories each contain numerous separate questions is reasonable and supported by case law. *See De Hoyos v. C.R. England*, No. 5:15-CV-60, 2016 WL 11575123, at *5 (S.D. Tex., Apr. 19, 2016) (attorneys' fees inappropriate where there was a "genuine dispute as to the proper scope of [] discovery requests"). Attorneys' fees are thus unwarranted.

## CONCLUSION

The Court should deny USAP's motion in its entirety.

[13] USAP does not expressly state that it is seeking fees under Rule 37, but it cites to *Simon v. State Farm Lloyds*, which considered a request for fees under that rule. No. 7:14-CV-251, 2015 WL 12777219, at *5 (S.D. Tex. Apr. 9, 2015).

[14] USAP offered to reduce its second set of interrogatories from eighteen to eight, "as the FTC counts them," and the FTC offered to answer three interrogatories from USAP's second set. ECF 269-8, Ex. G at 3. After USAP filed its motion, the FTC offered to answer six interrogatories (as the FTC counts them) from USAP's second set if USAP agreed to withdraw its Motion. Monahan Decl. ¶ 7. USAP rejected this offer. *Id*.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Kara Monahan*
Kara Monahan

Daniel W. Butrymowicz
Maren Haneberg
Joseph P. Mathias

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-2018

*Counsel for Plaintiff Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, I have electronically filed a true and correct copy of the Plaintiff Federal Trade Commission's Opposition to Defendant U.S. Anesthesia Partners, Inc.'s Motion to Compel Interrogatory Responses with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Dated: June 20, 2025

*/s/ Kara Monahan*

Kara Monahan

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-326-2018

*Counsel for Plaintiff Federal Trade Commission*