# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. ANESTHESIA PARTNERS, INC.,**<br><br>Defendant. | Case No.: 4:23-CV-03560-KH |

**FEDERAL TRADE COMMISSION'S OBJECTIONS TO USAP'S
SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission ("FTC") submits these Objections to Defendant U.S. Anesthesia Partners, Inc.'s ("USAP") Second Set of Interrogatories to the Federal Trade Commission ("Second Set of Interrogatories" or "Second Set"), dated March 31, 2025. The FTC objects to each of the interrogatories in USAP's Second Set, as detailed below.

**General Objections**

1.  The FTC objects to these Interrogatories on the basis that they exceed the number permitted by Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1. On October 16, 2024, USAP served its First Set of Interrogatories. In its Responses and Objections to USAP's First Set of Interrogatories, the FTC objected to the interrogatories "to the extent they purport to represent six discrete interrogatories." *Id*. at 1. Instead, as the FTC explained in its responses, "[c]ounted properly, USAP has served 25 separate interrogatories." *Id*. Although USAP had already exhausted its 25 interrogatories in its First Set, it did not seek nor obtain leave of the Court to serve additional

1

interrogatories. Consequently, USAP's Second Set of Interrogatories was improperly served and the FTC has no obligation to answer them.

2. The FTC objects to these Interrogatories to the extent they purport to represent only 18 discrete interrogatories. Counted properly, USAP's Second Set contains 25 separate interrogatories. In total, therefore, USAP has served 50 separate interrogatories—double the limit set by Federal Rule of Civil Procedure 33 ("Federal Rules") and Local Rule 33.1 of the United States District Court for the Southern District of Texas ("Local Rules").

3. The FTC objects to these Interrogatories to the extent they are overly broad, vague, ambiguous, unduly burdensome, oppressive, or not reasonably calculated to yield information relevant to the allegations of the Complaint, to the proposed relief, or to USAP's defenses.

4. The FTC objects to the Interrogatories to the extent they purport to impose any discovery obligation greater than or different from those imposed by the Federal Rules, the Local Rules, or the Court's orders entered in this case, as unduly burdensome. The FTC assumes no duty to respond except as specifically required by the Federal Rules, the Local Rules, or an order of the Court.

5. The FTC objects to these Interrogatories to the extent they seek the production of information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or protection.

6. The FTC objects to these Interrogatories to the extent they contain incomplete, misleading, mischaracterized descriptions of facts or events, or facts or events that have not been established. The FTC objects to these Interrogatories to the extent they purport to assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or otherwise defective in form.

The FTC further objects to Interrogatory No. 24 to the extent it seeks trial preparation or expert information protected from disclosure or prior to the dates agreed to by the parties or established by the rules and the schedule in this case.

Based on the general objections and these specific objections, the FTC states that it has no obligation to respond to Interrogatory No. 24.


Dated: April 30, 2025　　　　　　　　　　　　/s/ *Maren Haneberg*
　　　　　　　　　　　　　　　　　　　　　　Maren Haneberg
　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 975383 (*pro hac vice* pending)
　　　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20580
　　　　　　　　　　　　　　　　　　　　　　mhaneberg@ftc.gov
　　　　　　　　　　　　　　　　　　　　　　(202) 326-3084

　　　　　　　　　　　　　　　　　　　　　　Michael J. Arin
　　　　　　　　　　　　　　　　　　　　　　California Bar No. 335693 (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Federal Trade Commission
　　　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20580
　　　　　　　　　　　　　　　　　　　　　　marin@ftc.gov
　　　　　　　　　　　　　　　　　　　　　　(202) 326-3531

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　*Federal Trade Commission*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2025, I served or caused to be served a true and correct copy of the Federal Trade Commission's Objections to U.S. Anesthesia Partners, Inc.'s Second Set of Interrogatories via email to the following counsel of record:

- Geoffrey Klineberg (gklineberg@kellogghansen.com)
- Kenneth Fetterman (kfetterman@kellogghansen.com)
- Kyle Wood (kwood@kellogghansen.com)
- David Beck (dbeck@beckredden.com)

Dated: April 30, 2025

/s/ *Maren Haneberg*
Maren Haneberg
D.C. Bar No. 975383 (*pro hac vice* pending)
600 Pennsylvania Avenue, NW
Washington, DC 20580
mhaneberg@ftc.gov
(202) 326-3084

*Counsel for Plaintiff*
*Federal Trade Commission*