# Exhibit D

**USAP's First Set of Interrogatories**

| **USAP Interrogatories as Served** | **USAP Interrogatories Properly Counted** |
|---|---|
| No .1<br><br>Identify each Service and each fact supporting Your position (*see* Compl. ¶ 217) that "grouping" that Service and the other Services "into a cluster for analytical convenience enables the effective evaluation of competitive effects with no reduction in analytical rigor." | No. 1<br><br>Same |
| No. 2<br><br>Identify each fact supporting Your position (see Compl. ¶¶ 226, 234, 243, 251, 259) that any Person has recognized any of the Relevant Markets (as You have defined and populated those Relevant Markets) as a distinct market, in ordinary course business Documents or otherwise, including by identifying when and how each such Person recognized the Relevant Market as a distinct market. | No. 2<br><br>Identify each fact supporting Your position that any Person has recognized that hospital-only anesthesia services are distinct from non-hospital-only anesthesia services.<br><br>No. 3<br><br>Identify each fact supporting Your position that any Person has recognized that commercial insurance markets are distinct from government insurance markets.<br><br>No. 4<br><br>Identify each fact supporting Your position that any Person has recognized that the Houston metropolitan statistical area (MSA) is a relevant geographic market for hospital-based anesthesia services.<br><br>No. 5<br><br>Identify each fact supporting Your position that any Person has recognized that the Dallas MSA is a relevant geographic market for hospital-based anesthesia services. |

1

|  | No. 6<br>Identify each fact supporting Your position that any Person has recognized that the Austin MSA is a relevant geographic market for hospital-based anesthesia services. |
|---|---|
| No. 3<br>Identify each fact supporting Your allegations regarding the market share of any Market Participant in any Relevant Market (e.g., Compl. Tables 1-6), including for each market-share figure the factual basis for including or excluding any Person as a Market Participant; the factual basis for including or excluding any Service as "hospital-only"; the identity, nature, and (if applicable) Date range of each source of data or other information used in calculating such market-share figure; and the manner in which You processed or otherwise manipulated that data or information to arrive at the figures alleged in the Complaint (including but not limited to any manual or automated method, computer programs, or formulas You used to arrive at such market share allegations). | No. 7<br>The factual basis for including or excluding any Person as Market Participant.<br>No. 8<br>The factual basis for including or excluding any Service as "hospital-only."<br>No. 9<br>The factual basis for the source of data or other information used in calculating the market share figures in the Complaint, including the manner in which such data was processed. |
| No. 4<br>For each Person who provides (or ever has provided) any Service in any Geographic Market, explain whether that Person is (or ever has been) a Market Participant in any Relevant Market, including by identifying each fact supporting Your position. | No. 10<br>Identify the market participants in the hospital-only commercial anesthesia market in Houston.<br>No. 11<br>Identify the market participants in the hospital-only commercial anesthesia market in Dallas.<br>No. 12<br>Identify the market participants in the hospital-only commercial anesthesia market in Austin. |

2

| | |
|---|---|
| <u>No. 5</u><br><br>For each acquisition or agreement that You contend constitutes any part of the alleged "multi-year anticompetitive scheme to consolidate anesthesia practices in Texas, drive up the price of anesthesia services provided to Texas patients, and increase [USAP's] own profits" (Compl. ¶ 1), identify USAP's purported share of any Relevant Market both before and after that acquisition or agreement, and each fact supporting any such contention (including the identity, nature, and (if applicable) Date range of each source of data or other information used in calculating such market-share figure, and the manner in which You processed or otherwise manipulated that data or information to arrive at the figures alleged in the Complaint (including but not limited to any manual or automated method, computer programs, or formulas You used to arrive at such market share allegations)). | <u>No. 13</u><br><br>USAP's market share of hospital-only anesthesia service both before and after each challenged transaction in the Houston MSA.<br><br><u>No. 14</u><br><br>USAP's market share of hospital-only anesthesia service both before and after each challenged transaction in the Dallas MSA.<br><br><u>No. 15</u><br><br>USAP's market share of hospital-only anesthesia service both before and after each challenged transaction in the Austin MSA.<br><br><u>No. 16</u><br><br>The source of data or other information used in calculating the market share figures in the Complaint. |
| <u>No. 6</u><br><br>For each acquisition or agreement that You contend constitutes any part of the alleged "multi-year anticompetitive scheme to consolidate anesthesia practices in Texas, drive up the price of anesthesia services provided to Texas patients, and increase [USAP's] own profits" (Compl. ¶ 1), state whether You contend that, if USAP had not entered into that acquisition or agreement, prices would be lower, quality would be better, or output would be greater in any Relevant Market, and identify each fact supporting any such contention. For the avoidance of doubt, this Interrogatory seeks the definition of "price" (e.g., id. at ¶ 1), "quality" (id. at ¶¶ 268, 280, 293, 309, & 329), and output in any Relevant Market that underlies any such contention, each fact the FTC contends supports that definition, and each fact the FTC | <u>No. 17</u><br><br>Whether the FTC contends that USAP's conduct resulted in higher prices for anesthesia services in the Houston MSA, and the facts supporting that contention.<br><br><u>No. 18</u><br><br>Whether the FTC contends that USAP's conduct resulted in lower quality of anesthesia services in the Houston MSA, and the facts supporting that contention.<br><br><u>No. 19</u><br><br>Whether the FTC contends that USAP's conduct resulted in lower output of anesthesia services in the Houston MSA, and the facts supporting that contention. |

3

| | |
|---|---|
| contends supports any purported adverse effect of each challenged acquisition or agreement. | No. 20<br><br>Whether the FTC contends that USAP's conduct resulted in higher prices of anesthesia services in the Dallas MSA, and the facts supporting that contention.<br><br>No. 21<br><br>Whether the FTC contends that USAP's conduct resulted in lower quality of anesthesia services in the Dallas MSA, and the facts supporting that contention.<br><br>No. 22<br><br>Whether the FTC contends that USAP's conduct resulted in lower output of anesthesia services in the Dallas MSA, and the facts supporting that contention.<br><br>No. 23<br><br>Whether the FTC contends that USAP's conduct resulted in higher prices of anesthesia services in the Austin MSA, and the facts supporting that contention.<br><br>No. 24<br><br>Whether the FTC contends that USAP's conduct resulted in lower quality of anesthesia services in the Austin MSA, and the facts supporting that contention.<br><br>No. 25<br><br>Whether the FTC contends that USAP's conduct resulted in lower output of anesthesia services in the Austin MSA, and the facts supporting that contention. |