**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ANESTHESIA PARTNERS, INC., *et al.*, <br><br> Defendants. | Case No.: 4:23-CV-03560-KH |

**DEFENDANT U.S. ANESTHESIA PARTNERS, INC.'S
REPLY IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**

**TABLE OF CONTENTS**

Page

I. The Court Should Reject the FTC's Timeliness Objections as Wrong and Waived ............ 1

    A. USAP's Second Set of Interrogatories and the Motion Were Timely ...................... 1

    B. Even if the Interrogatories and Motion Were Untimely (They Were Not), The Court Should Exercise its Discretion To Consider the Motion on the Merits ................................................................................................................... 6

II. USAP Has Served Interrogatories Within the 25-Interrogatory Limit ............................... 9

III. In the Alternative, Leave To Exceed the 25-Interrogatory Limit Should Be Granted ...... 12

IV. An Award of Attorney's Fees to USAP Is Justified ........................................................... 13

CONCLUSION ................................................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Blackboard, Inc. v. Desire2Learn, Inc.*, 2007 WL 3389968 (E.D. Tex. Nov. 14, 2007) ........... 6, 7

*Brown v. Performing Energy Servs., LLC*, 2009 WL 10679001 (E.D. La. Jan. 28, 2009) ............. 3

*Citro-Rey S. De R.L. De C.V. v. L&M Cos.*, 2009 WL 1227821 (S.D. Tex. May 5, 2009) ........... 5

*DaVita, Inc. v. Scot Indus., Inc.*, 2018 WL 11443618 (E.D. Tex. Dec. 3, 2018) .......................... 2

*Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395 (N.D. Tex. 2006) ................................ 5

*Dexon Comp., Inc. v. Cisco Sys., Inc.*, 2023 WL 9645458 (E.D. Tex. Sept. 5, 2023) .................. 10

*Dimitrijevic v. TV&C GP Holding Inc.*, 2005 WL 8164073 (S.D. Tex. Aug. 24, 2005) ....... 10, 11

*EEOC v. Big Lots Stores, Inc.*, 2009 WL 10677442 (E.D. Tex. Oct. 21, 2009) ............................ 5

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191 (E.D. Tex. 2016) .......... 11

*Express One Int'l, Inc. v. Sochata*, 2001 WL 461285 (N.D. Tex. Apr. 30, 2001) ........................ 4

*FTC v. Meta Platforms, Inc.*, No. 20-3590 (D.D.C. Aug. 1, 2022), Dkt. No. 165 ...................... 10

*Gray v. Experian Info. Sols., Inc.*, 2024 WL 4932539 (W.D. Tex. July 25, 2024) ....................... 5

*Krawczyk v. City of Dallas*, 2004 WL 614842 (N.D. Tex. Feb. 27, 2004) ................................. 11

*Ledbetter v. United States*, 1996 WL 739036 (N.D. Tex. Dec. 18, 1996) .................................... 4

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567 (N.D. Tex. 2018) ..................................................... 9

*Louisiana Newpack Shrimp, Inc. v. Indigo Seafood Partners, Inc.*,
    2021 WL 1940801 (E.D. La. May 14, 2021) .......................................................................... 3

*Miller v. St. Tammany Par. Sch. Bd.*, 2019 WL 13275397 (E.D. La. Feb. 1, 2019) ..................... 2

*Nance-Bush v. Lone Star Coll. Sys. Dist.*, 337 F.R.D. 135 (S.D. Tex. 2021) .............................. 12

*Nexus Display Techs. LLC v. Dell Inc.*, 2015 WL 13544186 (E.D. Tex. Nov. 2, 2015) ............... 5

*Ningde Amperex Tech., Ltd. v. Zhuhai CosMX Battery Co.*,
    2025 WL 1660378 (N.D. Tex. June 11, 2025) ................................................................... 4, 7

*Ruiz v. U.S. Protect*, 2008 WL 11395490 (S.D. Tex. Aug. 29, 2008) ................................. 6, 7, 8

*RYH Props., LLC v. West*, 2010 WL 11527428 (E.D. Tex. Oct. 14, 2010) .................................. 11

*SEC v. Blackwell*, 2004 WL 6829614 (S.D. Ohio Jan. 15, 2004) ................................................ 2

*SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403 (S.D.N.Y. 2009) ............................................... 6

*Semcon IP Inc. v. MediaTek Inc.*, 2018 WL 4501871 (E.D. Tex. Feb. 28, 2018) ...................... 7, 9

*Taylor v. Turner Indus. Grp., LLC*, 2012 WL 4092492 (E.D. Tex. Sept. 17, 2012) ..................... 5

*Torralba v. Napolitano*, 2010 WL 11671745 (S.D. Tex. Feb. 9, 2010) ......................................... 4

*United States ex rel. Dougherty v. Guild Mortg. Co.*,
    2020 WL 3542391 (S.D. Cal. June 30, 2020) ...................................................................... 2-3

*United States ex rel. Gudar v. Texas Dep't of Health*,
    2005 WL 8179552 (S.D. Tex. June 10, 2005) ....................................................................... 11

*White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*,
    947 F.3d 301 (5th Cir. 2020) ................................................................................................... 6

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................... 5, 6, 9, 13

Fed. R. Civ. P. 33(b) ........................................................................................................................ 5

Fed. R. Civ. P. 36(a) ..................................................................................................................... 5-6

S.D. Tex. L.R. 7.1(D) ...................................................................................................................... 4

The FTC's opposition confirms that its only basis for refusing to answer USAP's second set of eighteen interrogatories (the "Second Set") is its claim that USAP used all 25 of its allotted interrogatories in its first set of six (the "First Set"). The numerosity objection to the First Set is mistaken for the reasons set forth in USAP's motion and below, and the FTC fails to argue any objections (including numerosity) to the Second Set. The Court thus should grant USAP's motion.

With no persuasive answer to the motion's substance, the FTC relies on the procedural objection that the motion comes too late. The FTC is again mistaken. USAP timely served the Second Set on March 31, several weeks before fact discovery closed (entirely appropriate for contention interrogatories); a month later, on April 30, the FTC objected; USAP promptly reached out to the FTC and tried to reach a compromise; that effort failed with three days to go in fact discovery; so two days later, on the last day of fact discovery, USAP filed its motion. That motion was timely. Even if it had been late, the Court still would have discretion to consider it on the merits – and all of the factors that should guide that discretion (which the FTC all but ignores) counsel in favor of doing so.

I. **The Court Should Reject the FTC's Timeliness Objections as Wrong and Waived**

　A.　**USAP's Second Set of Interrogatories and the Motion Were Timely**

The FTC's timeliness arguments rest on the premises that (1) fact discovery ended on April 30; (2) USAP had to serve the Second Set earlier than it did; and (3) USAP had to file its motion earlier than it did. All three premises are mistaken.

　　1. ***"Fact Discovery Close[d] May 30," Not April 30.*** The deadline that matters is the one the Court set by extending the discovery schedule in its amended scheduling order: "Fact discovery closes May 30, 2025." Dkt. No. 266 at 1. The FTC suggests (at 5 & n.4) that the original discovery deadline (April 30) controls because (it says) the extension was implicitly

limited to certain non-party depositions mentioned in USAP's unopposed motion. But that motion *also* explained that "[l]imited other discovery" apart from those non-party depositions was "also ongoing." Dkt. No. 263 at 3. "For example," the motion continued, "USAP agreed to the FTC's request for an extension to May 16, 2025, to serve responses to USAP's Requests for Admission." *Id.* So the April 30 deadline was superseded for all the "other" fact discovery in the case – including the Second Set of Interrogatories, which USAP had served on March 31. The FTC's reliance on the superseded April 30 deadline (at, e.g., 5) is inconsistent with the controlling scheduling order.

  **2. USAP Timely Served the Second Set.** The Second Set is composed of contention interrogatories. *See* Mot. at 12-17 (describing them). Contention interrogatories commonly are served near the end of discovery. *See, e.g., Miller v. St. Tammany Par. Sch. Bd.*, 2019 WL 13275397, at *2 (E.D. La. Feb. 1, 2019) (explaining that "there are a number of reasons to discourage the use of early contention interrogatories," including preventing "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed" (citation omitted)). Some courts within this Circuit have even suggested that responses to contention interrogatories can be required only "toward the close of discovery." *E.g., DaVita, Inc. v. Scot Indus., Inc.*, 2018 WL 11443618, at *5 (E.D. Tex. Dec. 3, 2018). Indeed, the FTC itself objected to every single interrogatory in the First Set on that basis. *See, e.g.,* Dkt. No. 269-3 at 6-7 (Ex. B). That objection was wrong,[1] but the point stands: the end of fact discovery is an

---

[1] USAP's earlier contention interrogatories to the FTC were appropriate because the FTC (unlike a typical litigant) had the benefit of a pre-suit investigation, complete with compulsory process. *See, e.g., SEC v. Blackwell*, 2004 WL 6829614, at *3 (S.D. Ohio Jan. 15, 2004) ("The Commission is . . . not in the same position as an ordinary civil litigant that has yet to commence discovery . . . [as] it has the benefit of having conducted a lengthy investigation," and there is no reason to delay a response to the Interrogatory because "[it] should have, in fact [was] required to have, adequate information to support the contentions in its Complaint."); *see also United*

2

appropriate time, and sometimes the only appropriate time, to serve contention interrogatories. The FTC should have known that, with discovery winding down, "the time to answer" FTC's "contention interrogator[ies]" was soon to "come." *Brown v. Performing Energy Servs., LLC*, 2009 WL 10679001, at *1 (E.D. La. Jan. 28, 2009).

The FTC asserts (at 6) that the Second Set's subject matter was not new at the end of discovery. But USAP had no duty to serve interrogatories on issues as they cropped up. That goes double for contention interrogatories because (again) it is only after most discovery was behind the parties that USAP could decide which contentions would be most fruitfully explored through interrogatories – not least, to avoid numerosity disputes like this one.

Erroneously relying (again) on the original April 30 deadline, the FTC asserts that USAP "waited until the last possible day" to serve the Second Set. Opp. at 5. This is irrelevant for the reasons set out above. Yet it bears mention that the FTC also "waited until the last possible day" to serve its objections, rather than promptly notifying USAP of its blanket refusal to answer the Second Set. Its timeliness objection to USAP's service of the Second Set thus is ill-taken. *Cf. Louisiana Newpack Shrimp, Inc. v. Indigo Seafood Partners, Inc.*, 2021 WL 1940801, at *5 (E.D. La. May 14, 2021) (in compelling interrogatory responses, applying "the 'goose-gander' rule" to reject respondent's inconsistent positions).

**3. *USAP Timely Filed the Motion*.** The FTC also contends that USAP should have filed the motion sooner, pointing out that in its objections to the First Set in December 2024, the FTC had stated its view that future interrogatories (but not those in the First Set) would exceed the limit of 25. But there is no authority for the strange idea (Opp. at 5) that, because the FTC

---

*States ex rel. Dougherty v. Guild Mortg. Co.*, 2020 WL 3542391, at *5 (S.D. Cal. June 30, 2020) (similar).

3

served those objections late last year, USAP had to either prematurely serve more interrogatories for the sole purpose of concocting a dispute about the FTC's miscounting, or else forever forgo a motion to compel on subsequent interrogatories.

Indeed, no motion would have been proper until now. USAP had nothing to challenge before the FTC formally refused to answer the Second Set on April 30. *Cf. Ledbetter v. United States*, 1996 WL 739036, at *1 (N.D. Tex. Dec. 18, 1996) ("[I]t would be premature to grant [a] Motion to Compel in the absence of a formal discovery request served upon the proper parties."). USAP then acted promptly, initiating a dialogue within a week after the FTC served its numerosity objections. *See* Dkt. 269-8 at 3 (Email from B. Oppenheimer (May 5, 2025); *see also* Dkt. No. 272-1 ¶ 6. From that point on, USAP participated in multiple meet-and-confer discussions between May 8 and May 27; only after that failed did a justiciable discovery dispute "ripe for Court intervention" arise. *Ningde Amperex Tech., Ltd. v. Zhuhai CosMX Battery Co.*, 2025 WL 1660378, at *1 (N.D. Tex. June 11, 2025); *see* S.D. Tex. L.R. 7.1(D) (requiring conference and disagreement about the disposition of a motion before court intervention). Days later (and still within the fact discovery period), on May 30, USAP filed the motion. *See* Dkt. Nos. 266, 269. The motion thus was timely with room to spare. *See, e.g.*, *Express One Int'l, Inc. v. Sochata*, 2001 WL 461285, at *1 (N.D. Tex. Apr. 30, 2001) ("[S]imply because discovery has closed does not logically preclude the filing of a motion to compel.").

None of the FTC's cases about the motion's timeliness (at 4-6) is on point. Its lead case concerned a systematically dilatory lawyer who had "failed to either formally disclose or collect a single shred of evidence during" the initial discovery period, only to file a motion to compel "eight days past the discovery deadline." *Torralba v. Napolitano*, 2010 WL 11671745, at *3 (S.D. Tex. Feb. 9, 2010). That is nothing like this case. Neither *Torralba* nor any of the FTC's

4

other cases addressed a motion to compel filed within the fact discovery period and seeking responses to timely contention interrogatories.[2]

**4. *USAP's RFAs Are Irrelevant.*** The FTC also complains (at 3, 6 n.6, and 13) about certain requests for admission (RFAs) that USAP served. It first says (at, e.g., 3) that USAP served too many of them (256). But neither side thinks there are any fewer facts relevant to this complex case. On the contrary, in seeking to break up USAP based on more than a dozen transactions, going back more than a decade, across the three biggest cities in Texas, the FTC put 416 paragraphs of allegations in its complaint, then supplemented that with nearly 100 RFAs. In that context, 256 RFAs are neither "excessive" (Opp. at 6) nor "staggering" (*id.* at 3). And the fact that USAP's interrogatories (seeking information about what the FTC contends) touch on issues also addressed in its RFAs (seeking to learn what the FTC admits or denies) is no surprise and does not make the Second Set improperly "duplicative" (Opp. at 13). Rule 26 entitles USAP to both. *See also* Fed. R. Civ. P. 33(b) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 36(a) (RFAs may address "any matters within

---

[2] *See Nexus Display Techs. LLC v. Dell Inc.*, 2015 WL 13544186, at *2 (E.D. Tex. Nov. 2, 2015) (motion filed "six weeks after the Court's discovery and motion to compel deadline," and it concerned document requests, not interrogatories); *Taylor v. Turner Indus. Grp., LLC*, 2012 WL 4092492, at *1 (E.D. Tex. Sept. 17, 2012) (motion filed "more than a week after" the "discovery deadline," and it concerned document requests, not interrogatories); *EEOC v. Big Lots Stores, Inc.*, 2009 WL 10677442, at *2, *3 (E.D. Tex. Oct. 21, 2009) (motion filed "nearly five weeks after" discovery closed, after "[d]ispositive motions ha[d] long since been filed and ruled upon," and "four weeks away" from trial); *Citro-Rey S. De R.L. De C.V. v. L&M Cos.*, 2009 WL 1227821, at *2 (S.D. Tex. May 5, 2009) (motion filed after deadline for contested motions despite six discovery extensions); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) (motion filed "two weeks after" an "extended" discovery "deadline," and it concerned document requests, not interrogatories). *Gray v. Experian Information Solutions, Inc.* has even less to do with this case: it concerned a *pro se* plaintiff's motion to compel that did not say "which of Defendant's responses were deficient, how they were deficient, and why the compelled responses would be important to Plaintiff's case." 2024 WL 4932539, at *1 (W.D. Tex. July 25, 2024).

5

the scope of Rule 26(b)(1)"). At any rate, the FTC's discontent with having to respond to RFAs has no bearing on this motion.[3] *See SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009) ("Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure. It is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action.").

> **B.     Even if the Interrogatories and Motion Were Untimely (They Were Not), The Court Should Exercise its Discretion To Consider the Motion on the Merits**

This Court typically considers eight factors to assess the timeliness of a motion to compel. *See, e.g., Ruiz v. U.S. Protect*, 2008 WL 11395490, at *2-3 (S.D. Tex. Aug. 29, 2008) (listing eight considerations for timeliness). The FTC addresses those factors solely in a conclusory footnote. *See* Opp. at 5 n.3. The Court should therefore reject the FTC's argument as waived. *See, e.g., White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020). Further, all eight factors favor USAP.

*1-2. Timeliness.* The first two factors – "[t]he length of time since the expiration of the deadline" and "the length of time that the moving party has known about the discovery," *Ruiz*, 2008 WL 11395490, at *3 – favor USAP for the reasons set forth above.

*3. Prior Extensions.* The fact that the Court "extended" the discovery deadline also supports USAP. *Id.* at *3 (citation omitted). Again, the Court granted a 30-day extension, from April 30 to May 30. *See* Dkt. No. 266 at 1. That extension reflects the Court's recognition that additional time was needed to complete discovery, which weighs against a "rigid[]" enforcement of the original deadline and supports the reasonableness of USAP's motion. *Blackboard, Inc. v. Desire2Learn, Inc.*, 2007 WL 3389968, at *3 (E.D. Tex. Nov. 14, 2007).

---

[3] The FTC erroneously asserts (at 3) that it has "fully answer[ed] each one" of USAP's RFAs. The parties are conferring about the FTC's deficient responses, and USAP reserves all rights to challenge them in a separate motion.

6

*4. Explanation.* Perhaps most importantly, the "explanation" for the motion's timing strongly supports USAP. *Ruiz*, 2008 WL 11395490, at *3 (citation omitted). Again, both the Local Rules and cases make clear that only after the parties had met, conferred, and reached impasse could USAP seek "Court intervention." *Ningde*, 2025 WL 1660378, at *1. USAP's "commendable attempt to reach an agreement [was] the only reason" it did not file the motion earlier, so the Court should find it timely. *Blackboard*, 2007 WL 3389968, at *3 ("The court will not penalize [a party] for attempting to first resolve discovery disputes without resorting to court intervention.").

*5. Dispositive Motions.* The absence of any looming "dispositive motions" deadline supports timeliness. *Ruiz*, 2008 WL 11395490, at *3 (citation omitted). The FTC notes that dispositive motions have been scheduled and expert discovery is underway. *See* Opp. at 5 n.3. But the FTC has plenty of time to answer the Second Set: dispositive motions are not due until January 5, 2026 – months away – so requiring the FTC to respond will not create any scheduling conflict. *See* Dkt. 266 at 2. In fact, doing so will promote efficiency. As courts have recognized, the purpose of contention interrogatories is not only to uncover facts but also to "determine what the adverse party contends they are, and what purpose they will serve, so that the issues may be narrowed, the trial simplified, and time and expense conserved." *Semcon IP Inc. v. MediaTek Inc.*, 2018 WL 4501871, at *4 (E.D. Tex. Feb. 28, 2018) (citation omitted).

*6. Age.* For much the same reasons set forth above, the "age" of the case does not weigh against timeliness. *Ruiz*, 2008 WL 11395490, at *3 (citation omitted). The FTC emphasizes that "this case is nearly two years old" from the date the Complaint was filed. Opp. at 5 n.3. But that is nothing unusual in cases of this complexity. Again, fact discovery has just closed, expert

7

discovery is just beginning, and dispositive motions remain six months away. Holding the FTC to its discovery obligations will not delay the case or add to its age.

    **7. *Prejudice*.** The FTC would not face any prejudice beyond the ordinary burdens of discovery. *See Ruiz*, 2008 WL 11395490, at *3. USAP seeks nothing extraordinary – just for the FTC to fulfill its standard discovery obligations by answering appropriate contention interrogatories. The Second Set includes only 18 questions. Requiring the FTC to respond after rejecting its miscount of the interrogatories imposes no unfair prejudice.

    The FTC states that it "would be substantially prejudiced by having to respond to late written discovery requests while conducting expert discovery." Opp. at 5 n.3. The FTC supplies no reason why responding to (timely served) contention interrogatories at the beginning of expert discovery would be more prejudicial than doing so a month ago, just before fact discovery closed. The information the FTC will be providing is its own – it does not face the risk of any late-breaking surprises from this discovery in the weeks before expert reports are due. At any rate, any claimed prejudice is entirely of the FTC's own making: USAP served the Second Set with ample time for the FTC to respond before fact discovery closed, and attempted to reach a compromise that would have resolved this dispute weeks ago; the FTC chose to take its chances on motion practice. That is no reason to disregard USAP's motion. If there is any prejudice here, it is to USAP from the FTC failing to respond to valid contention interrogatories in a timely manner.

    **8. *Schedule Disruption*.** Granting the motion would not disrupt the Court's schedule. *See Ruiz*, 2008 WL 11395490, at *3. No hearings, deadlines, or dispositive motions are currently at risk of being delayed. And resolving this issue now would streamline the case – not disrupt it – by clarifying the FTC's positions in advance of expert disclosures and summary

8

judgment. *See Semcon*, 2018 WL 4501871, at *4. The FTC speculates (at 5 n.3) that granting the motion "would likely disrupt the Court's schedule," but does not explain how.

For all these reasons, even if USAP's motion were late (it was not), the Court still should consider it on the merits.

## II.     USAP Has Served Interrogatories Within the 25-Interrogatory Limit

USAP's First Set contained six interrogatories; its Second Set contained 18. That makes 24 – within the 25-interrogatory limit permitted under this Court's order. USAP's motion to compel carefully counts each interrogatory it submitted; USAP stands by that analysis (and will not repeat it here).

Importantly, the FTC's numerosity objection to the First Set now is the only objection it has preserved to the Second Set. The FTC argues only that USAP's First Set "had reached the 25-interrogatory limit," while conceding that the Second Set consists of only "18 additional interrogatories." Opp. at 5; *see id.* at 7 ("USAP's proposed second set of 18 additional interrogatories therefore far exceeds the number allowed by the federal and local rules."). Further, the FTC has made no effort to substantiate any other objection to the Second Set, and so has waived any such objection. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 583 (N.D. Tex. 2018) ("Once responses, answers, and objections have been served subject to Rule 26(g), the party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel or in support of its own Federal Rule of Civil Procedure 26(c) motion for a protective order, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection.").

The FTC's remaining numerosity objections, covering only the First Set, also lack merit. The FTC largely ignores the specific interrogatories in the First Set; it does not sponsor any particular alternative number, and it even fails altogether to mention some of the interrogatories.

9

The FTC instead points generally to the "separate geographic markets" it has alleged and argues that those allegations support its attempt to inflate the number of interrogatories in the First Set. Opp. at 8-10. This multiply-by-region approach, which USAP has already addressed in detail, *see* Mot. at 7-8, remains unconvincing.

Without any appeal to authority, the FTC's core argument (at 8-9) appears to be that, because it chose to allege the same relevant product market across three geographic markets, USAP must use three times as many interrogatories to explore any aspect of the factual basis for the FTC's market-definition allegations. This is mistaken. To determine whether a subpart is part of a "full and complete answer," the Court is to compare each subpart to the primary question of the interrogatory, not to other subparts. *Dimitrijevic v. TV&C GP Holding Inc.*, 2005 WL 8164073, at *3 (S.D. Tex. Aug. 24, 2005). Here, each question USAP posed addresses one topic bearing on the FTC's market-definition allegations, and it therefore counts as one interrogatory. To be sure, there are other, more compound ways to draft interrogatories seeking overlapping facts. But that is nearly always true of contention interrogatories bearing on market definition in antitrust cases, given that topic's fact-intensive nature. *See, e.g.*, *Dexon Comp., Inc. v. Cisco Sys., Inc.*, 2023 WL 9645458, at *5 (E.D. Tex. Sept. 5, 2023) (not subdividing interrogatories about "Relevant Markets" market-by-market); Order at 2, *FTC v. Meta Platforms, Inc.*, No. 20-3590 (D.D.C. Aug. 1, 2022), Dkt. No. 165 (compelling FTC to answer interrogatory regarding whether many features of four different applications were or were not within its market definition). The FTC cannot avoid answering the First Set by imagining compound alternatives to them.

The FTC also complains that "the legal standard for counting interrogatories is imprecise." Opp. at 1. But each argument falls flat.

*First*, the FTC mischaracterizes USAP's position on subparts, suggesting that USAP believes an interrogatory can include distinct subparts only if they are separately enumerated. *See* Opp. at 10.  USAP has never denied that "subparts can be explicit or implicit." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016); *contra* Opp. at 10.  USAP's point (Mot. at 4) is that the FTC cannot manufacture subparts by artificially fragmenting a single, coherent interrogatory into multiple "*sub-answers*."

*Second*, the FTC notes that courts look on "blockbuster" interrogatories with disfavor. Opp. at 10-11.  But no interrogatory in the First Set is at all like the FTC's "what is your evidence?" strawman (*id.* at 11).  The FTC does not even try to show that any specific interrogatory is an improper "blockbuster" interrogatory.  It cannot.

*Third*, the FTC contends that USAP's interrogatories contain implicit subparts "imbedded" within an overbroad main question.  Opp. at 11 (quoting *Dimitrijevic*, 2005 WL 8164073, at *3 n.3).  But again, the FTC identifies no specific interrogatory to support this claim, relying instead on the broad assertion that USAP asks "multiple separate questions about different markets for different claims." *Id.*  Like the FTC's earlier arguments, this generalization lacks the specificity necessary to meaningfully challenge USAP's discovery requests.  USAP, by contrast, followed well-established guidance that subparts should be assessed in relation to the main question – not to each other. *See Dimitrijevic*, 2005 WL 8164073, at *3; *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) ("interrogatory subparts" are compared to "the primary question"); *United States ex rel. Gudar v. Texas Dep't of Health*, 2005 WL 8179552, at *1 (S.D. Tex. June 10, 2005) (same); *RYH Props., LLC v. West*, 2010 WL 11527428, at *5 (E.D. Tex. Oct. 14, 2010) (same).  USAP did not request overbroad primary questions.

11

*Fourth*, in a footnote, the FTC criticizes USAP for drawing on multiple judicial approaches, complaining that the result is an "incredibly broad standard." Opp. at 10 n.10. No binding authority from the Supreme Court, the Fifth Circuit, or any other Court of Appeals has resolved how subparts should be counted. That is why courts in this district have applied at least three different tests to address numerosity objections. *See Nance-Bush v. Lone Star Coll. Sys. Dist.*, 337 F.R.D. 135, 137-38 (S.D. Tex. 2021) (applying "Wright and Miller's 'common theme' test, Judge Mazzant's 'related question' test, [and] Magistrate Judge Smith's 'full and complete answer' test"). For the reasons USAP has explained, all of these standards support its motion. That the result favors USAP does not make the legal standard incorrect.

### III. In the Alternative, Leave To Exceed the 25-Interrogatory Limit Should Be Granted

The FTC fails to overcome USAP's showing that, to the extent the Court credits the FTC's numerosity objection, the Court should grant USAP leave to exceed the 25-interrogatory limit. *See* Mot. at 17-19. The FTC asserts (at 12-13) that the Second Set is duplicative of other discovery served in the case, and that answering those contention interrogatories would impose a "significant burden" on it. But the FTC supports this with two paragraphs of a declaration (Dkt. No. 272-1 ¶¶ 11-12) saying nothing about either improper duplication or undue burden. Those paragraphs recite discovery statistics that (though sizeable in absolute terms) are typical of a case of this complexity. And they make no effort to show any specific Second Set interrogatory improperly duplicative – because any such effort would fail.

The FTC also contends (at 13) that USAP should have sought leave earlier. That is incorrect for the reasons set forth above. USAP stands by its position on the First Set, and it was not until the FTC refused to accept USAP's compromise proposals that there was any dispute on the Second Set warranting this Court's attention.

### IV. An Award of Attorney's Fees to USAP Is Justified

The FTC argues (at 13-14) that USAP should not receive its attorney's fees for the motion because (it says) the FTC's "view" on numerosity was "supported by case law." But the FTC ignores that after forcing USAP to bring this motion, it dropped its assertion that the Second Set should count as 25 interrogatories and now concedes (at, e.g., 5) that it is just 18. And it cites no "case law" supporting its counting for any specific interrogatory; indeed, it does not even mention Interrogatory Nos. 3 through 6 in its brief. That the FTC could not provide authority to support any of its specific miscounts in its opposition, and did not even stand by its miscount of the Second Set, shows that its position was not substantially justified.

***

The FTC chose to bring a sprawling case spanning more than a decade and covering the most heavily populated parts of Texas. It cannot use the breadth of that case to extinguish USAP's right under Rule 26 to explore its factual basis. The Court thus should compel the FTC to answer the Second Set.

### CONCLUSION

The Court should (1) order the FTC to provide complete responses to USAP's second set of interrogatories, and (2) grant USAP all additional relief the Court finds just and proper.

| | |
|---|---|
| Dated: June 27, 2025 | Respectfully submitted, |
| | /s/ *Mark C. Hansen* |
| David J. Beck (TX Bar No. 00000070) | Mark C. Hansen (D.C. Bar No. 425930) |
| (Federal I.D. No. 16605) | (*Pro Hac Vice)* |
| Garrett S. Brawley (TX Bar No. 24095812) | Attorney-in-Charge |
| (Federal I.D. No. 3311277) | Geoffrey M. Klineberg (D.C. Bar No. 444503) |
| BECK REDDEN LLP | (*Pro Hac Vice*) |
| 1221 McKinney Street, Suite 4500 | Bradley E. Oppenheimer (D.C. Bar No. 1025006) |
| Houston, TX  77010 | (*Pro Hac Vice*) |
| Tel: (713) 951-3700 | Collin R. White (D.C. Bar No. 1031005) |
| Fax: (713) 951-3720 | (*Pro Hac Vice*) |
| dbeck@beckredden.com | Anthony R. Guttman (D.C. Bar No. 1754586) |
| gbrawley@beckredden.com | (*Pro Hac Vice*) |
| | KELLOGG, HANSEN, TODD, |
| |   FIGEL & FREDERICK, P.L.L.C. |
| | 1615 M Street N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Tel: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | mhansen@kellogghansen.com |
| | gklineberg@kellogghansen.com |
| | boppenheimer@kellogghansen.com |
| | aguttman@kellogghansen.com |

*Counsel for Defendant U.S. Anesthesia Partners, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 27, 2025, I filed the foregoing document with the Court and served it on opposing counsel through the Court's CM/ECF system.  All counsel of record are registered ECF users.

                                            /s/ *Bradley E. Oppenheimer*
                                            Bradley E. Oppenheimer